IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | |
|---|---|
| MICHAEL A. SANDERS, | ) |
| Plaintiff, | ) |
| -vs- | ) No. 09-3207 |
| ILLINOIS DEPARTMENT OF CENTRAL MANAGEMENT SERVICES, | ) |
| Defendant. | ) |

**ANSWER**

NOW COMES Defendant, the ILLINOIS DEPARTMENT OF CENTRAL MANAGEMENT SERVICES, by and through Lisa Madigan, Attorney General of the State of Illinois, and for its Answer to Plaintiff's Complaint, states as follows:

**JURISDICTION**

Defendant admits that Plaintiff purports to invoke the jurisdiction of this Court pursuant to 28 U.S.C. § 1337 and 42 U.S.C. §§ 2000e-5 and 12117(a), but denies that Plaintiff has any meritorious claims in law or in fact.

Defendant admits that venue is proper in United States District Court for the Central District of Illinois but denies the allegations contained in this paragraph to the extent they allege or suggest any actionable conduct or other violations against Plaintiff.

1. Defendant admits the allegations in paragraph 1 of Plaintiff's complaint.

2. Defendant admits the allegations in paragraph 2 of Plaintiff's complaint.

3. Defendant admits the allegations in paragraph 3 of Plaintiff's complaint.

4. Defendant admits the allegations in paragraph 4 of Plaintiff's complaint.

5. Defendant does not have sufficient knowledge to know when Plaintiff received a Notice of a Right to Sue letter from the EEOC, and, therefore, can neither

admit nor deny the same. Defendant admits the remaining allegations in paragraph 5 of Plaintiff's complaint.

6. Defendant admits the allegations in paragraph 6 of Plaintiff's complaint.

7. Defendant denies the allegations in paragraph 7 of Plaintiff's complaint.

8. Defendant admits Victor Puckett was Plaintiff's supervisor from January, 2005 through September, 2005. Defendant does not have sufficient knowledge as to what Plaintiff means by "contentious relationship," and, therefore, can neither admit nor deny the same. Defendant admits Plaintiff received a one-day disciplinary suspension on June 8, 2005 and a three-day disciplinary suspension in August, 2005, but denies that this discipline was imposed as a result of the relationship between Plaintiff and Mr. Puckett. Defendant denies that the three-day suspension began on August 8, 2005, and ended on August 12, 2005.

9. Defendant admits that on August 26, 2005, Victor Puckett had a conversation with Plaintiff about the manner in which Plaintiff corrected a computer problem, but denies that Mr. Puckett complained about Plaintiff's correction to the computer problem. Defendant admits Mr. Puckett threatened to remove Plaintiff from the building. Defendant denies the remaining allegations of paragraph 9 of Plaintiff's complaint.

10. Defendant does not have sufficient knowledge to either admit or deny the allegations in paragraph 10 of Plaintiff's complaint.

11. Defendant admits it initiated a disciplinary proceeding against Plaintiff based upon Plaintiff's conduct on August 26, 2005. Defendant denies the disciplinary proceeding was based upon Plaintiff's version of events described in paragraph 9 of Plaintiff's complaint.

12. Defendant denies that the discussion between Plaintiff and his union representative occurred after a predisciplinary conference. Defendant admits the remaining allegations in the first sentence of paragraph 12 of Plaintiff's complaint. Defendant denies the allegations in the last sentence of paragraph 12 of Plaintiff's complaint.

13. Defendant denies that Plaintiff's description of the discussion between Plaintiff and his union representative in paragraph 12 of Plaintiff's complaint constitutes the entirety of the discussion between Plaintiff and his union representative. Defendant admits the remaining allegations in paragraph 13 of Plaintiff's complaint.

14. Defendant does not have sufficient knowledge to either admit or deny whether any employee from CMS filed a complaint with the Office of the Executive Inspector General regarding the allegations contained in paragraph 14 of Plaintiff's complaint.

15. Defendant does not have sufficient knowledge to either admit or deny the allegation that the Office of the Executive Inspector General interviewed Plaintiff as part of its investigation into the complaint made against Plaintiff. Defendant admits the remaining allegations of paragraph 15.

16. Defendant denies that it took any employment action based upon Plaintiff's description of events in paragraph 12 of Plaintiff's complaint. Defendant denies that Dr. Killian conducted any independent medical examinations involving Plaintiff. Defendant admits the remaining allegations of paragraph 16 of Plaintiff's complaint.

17. Defendant denies that CMS did not attempt to interview Plaintiff concerning the incident which occurred on August 26, 2005, prior to placing Plaintiff on administrative leave and directing that he undergo an independent medical examination

by a psychiatrist.  Defendant admits the remainder of the allegations in paragraph 17 of Plaintiff's complaint.

18.     Defendant denies that Dr. Killian conducted any independent medical examinations involving Plaintiff.  Defendant admits the remaining allegations in paragraph 18 of Plaintiff's complaint, but avers that the psychiatrist's name is spelled "Killian."

19.     Defendant does not have sufficient knowledge to either admit or deny the allegations in the first sentence of paragraph 19 of Plaintiff's complaint.  Defendant denies the allegations in the second sentence of paragraph 19 of Plaintiff's complaint.

20.     Defendant admits Plaintiff refused to attend each scheduled evaluation.  Defendant does not have sufficient knowledge to either admit or deny the reason why Plaintiff refused to attend the evaluations.  Defendant denies the remaining allegations in paragraph 20 of Plaintiff's complaint.

21.     Defendant denies that Plaintiff was reinstated in February of 2006 because Plaintiff refused to subject himself to the independent medical evaluations scheduled by Defendant.  Defendant admits the employment actions alleged in paragraph 21 of Plaintiff's complaint were taken because Plaintiff refused a direct order.

22.     Defendant denies the allegations in paragraph 22 of Plaintiff's complaint.

23.     Defendant denies the allegations in paragraph 23 of Plaintiff's complaint.

24.     Defendant denies the allegations in paragraph 24 of Plaintiff's complaint.

25.     Defendant denies the allegations in paragraph 25 of Plaintiff's complaint.

26.     Defendant denies the allegations in paragraph 26 of Plaintiff's complaint, and specifically denies that Defendant's actions were unlawful.

WHEREFORE, Defendant, the ILLINOIS DEPARTMENT OF CENTRAL MANAGEMENT SERVICES, respectfully requests this honorable Court:

a)	deny each and every of Plaintiff's prayers for relief;

b)	award Defendant costs and expenses for defending this action; and

c)	for such other and further relief as the Court deems just and necessary.

## **AFFIRMATIVE DEFENSES**

1.	The Defendant's actions were job-related and consistent with business necessity.

2.	By scheduling the independent medical examinations, Defendant was attempting to make an inquiry into the ability of Plaintiff to perform job-related functions.

3.	The Court lacks jurisdiction over Plaintiff's claims because Plaintiff's claims are beyond the scope of the EEOC charge.

Respectfully submitted,

ILLINOIS DEPARTMENT OF
CENTRAL MANAGEMENT SERVICES,

Defendant,

LISA MADIGAN, Attorney General,
State of Illinois,

Attorney for Defendant,

  s/ Amy Petry Romano
Amy Petry Romano, #6270427
Assistant Attorney General
500 South Second Street
Springfield, IL   62706
Phone: (217) 782-9056
Fax: (217) 782 -8767
E-Mail: aromano@atg.state.il.us

**IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION**

| | |
|---|---|
| MICHAEL A. SANDERS, | ) |
| Plaintiff, | ) |
| -vs- | ) No. 09-3207 |
| ILLINOIS DEPARTMENT OF CENTRAL MANAGEMENT SERVICES, | ) |
| Defendant. | ) |

**CERTIFICATE OF SERVICE**

    I hereby certify that on October 30, 2009, I electronically filed an Answer, with Affirmative Defenses, on behalf of Defendant herein, with the Clerk of the Court using the CM/ECF system, which will send notice of same to the following:

James P. Baker, at e-mail address: brendabakerlaw@sbcglobal.net
Baker, Baker & Krajewski, LLC
415 South Seventh Street
Springfield, IL.  62701

    Respectfully submitted,

    s/ Amy Petry Romano
Amy Petry Romano,  #6270427
Assistant Attorney General
500 South Second Street
Springfield, IL   62706
Phone: (217) 782-9056
Fax: (217) 782-8767
E-Mail: aromano@atg.state.il.us