IN THE UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | |
|---|---|
| MICHAEL A. SANDERS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 09-3207 |
| | ) |
| ILLINOIS DEPARTMENT OF CENTRAL MANAGEMENT SERVICES, | ) |
| | ) |
| Defendant. | ) |

OPINION

The Court now considers Plaintiff Michael A. Sanders' Motion for Writ of Mandamus and Request For an Emergency Hearing. See (d/e 22). It also considers the Defendant's Motion to Dismiss Plaintiff's Amended Petition For Mandamus and Emergency Hearing. For the reasons stated below, Plaintiff's Motion for Writ of Mandamus and Request For an Emergency Hearing is STRICKEN and the Defendant's Motion to Dismiss Plaintiff's Amended Petition For Mandamus and Emergency Hearing is DENIED AS MOOT.

1

## FACTS

On August 13, 2009, Plaintiff filed a Complaint (d/e 1) seeking relief under 42 U.S.C. 2000e, et seq. ("Title VII") and 42 U.S.C. § 12112(d)(4)(A) of the Americans with Disabilities Act ("ADA"). His counsel subsequently withdrew. See Minute Entry dated October 27, 2010.

Plaintiff, acting pro se, then filed his Motion for Writ of Mandamus and Request For an Emergency Hearing ("Motion"). The memorandum which accompanied the Motion asked the Court to reinstate Plaintiff's employment; award him back pay; award him lost pay; order a non-defendant to refrain from perjury; order compliance with a memorandum of understanding; contact the Illinois Attorney Registration and Disciplinary Commission ("IARDC") regarding a non-defendant attorney's conduct; and contact law enforcement regarding a bomb threat. See Memorandum in Support of Motion for Writ of Mandamus and Request For an Emergency Hearing (d/e 23) at 16-17. Rather than responding to Plaintiff's Motion, the Defendant filed Defendant's Motion to Dismiss Plaintiff's Amended Petition For Mandamus and Emergency Hearing.

## ANALYSIS

In the federal courts, parties' pleadings, motions, and supporting memoranda are measured by their content, not their title. Cf. Bartholet v. Reishauer A.G., 953 F.2d 1073, 1078 (7th Cir.1992); Shannon v. Shannon, 965 F.2d 542, 552-52 (7th Cir. 1992). Simply put, the substance of a party's submission takes precedence over its form, "no matter what title [a party] plasters on the cover." Guyton v. United States, 453 F.3d 425, 427 (7th Cir. 2006).

Despite invoking mandamus[1], Plaintiff's Motion seeks relief which can only be granted if he prevails on his Title VII and ADA claims. Moreover, because his Motion relies on facts not contained in the Complaint, the Motion is actually a summary judgment motion.

---

[1] Plaintiff requests mandamus pursuant to 28 U.S.C. § 1651(a). See Motion at 1. Generally referred to as the All Writs Act ("Act"), § 1651(a) states that: "[t]he Supreme Court and all courts established by Act of Congress may issue all writs necessary or appropriate in aid of their respective jurisdictions and agreeable to the usages and principles of law." Id. "This writ is available in the federal courts only in extraordinary circumstances." In re Hijazi, 589 F.3d 401, 406 (7th Cir. 2009). It is only used "either 'to confine an inferior court to a lawful exercise of its prescribed jurisdiction or to compel it to exercise its authority when it is its duty to do so.'" Id., citing Allied Chemical Corp. v. Daiflon, Inc., 449 U.S. 33, 35, 101 S.Ct. 188, 66 L.Ed.2d 193 (1980). Plaintiff cites no authority to show that a writ would be appropriately entered with respect to his alleged harms.

Summary judgment is only permissible if a party satisfies Federal Rule of Civil Procedure 56(c). See Fed.R.Civ.P. 56(c)(1)(A)-(B) (reciting need to show supporting facts or absence of factual disputes as grounds for summary judgment). In this case, discovery has barely commenced. Disclosures and interrogatories are incomplete. No depositions have yet been taken. Plaintiff merely has his own version of events and, contrary to Rule 56(c)(1), the alleged facts are not supported by citations to record evidence. Moreover, Plaintiff's version of events is contested by Defendant via Defendant's Answer. See d/e 6.

While the Court could deny Plaintiff's Motion for any of the reasons stated above, his failure to comply with Rule 56(c) is the event which precedes all the others. The Court will, therefore, strike Plaintiff's Motion for violating Rule 56(c). Because the motion will be stricken, there can be no basis to conduct the emergency hearing which Plaintiff requests.[2]

Additionally, much of the relief Plaintiff seeks in the Motion is not capable of judicial relief. For instance, Plaintiff's request that the Court ask

---

[2] Plaintiff should note that while his loss of employment and income is undoubtedly a hardship, such harm does not create a need for emergency relief.

the IARDC to investigate an attorney and ask law enforcement to investigate a bomb threat are not matters for the Court. The Court has no special authority to do either of these things. Plaintiff can contact the IARDC and law enforcement himself. Similarly, the Court has no authority to order a prospective witness to refrain from perjury.[3]

Because striking the Plaintiff's Motion allows the Defendant the relief it seeks via Defendant's Motion to Dismiss Plaintiff's Amended Petition For Mandamus and Emergency Hearing, the Defendant's motion is rendered moot. However, the Defendant is advised that future motions filed by this or any other plaintiff require a response. By omitting a response and filing a motion to dismiss instead, a defendant leaves a plaintiff's motion uncontested and opens the door for a plaintiff to respond to defendant's own motion. While that course caused no difficulty here since Plaintiff's Motion is being stricken, the Defendant could have suffered considerable disadvantage as explained above.

Finally, the Court bars either party from seeking summary judgment

---

[3] However, any witness who makes a materially false statement under oath will be subject to the penalties of perjury should perjury occur.

until discovery closes. See Fed.R.Civ.P. 56(b) (allowing courts to set filing dates for summary judgment motions). The Court does this to prevent spurious and premature summary judgment motions.

CONCLUSION

THEREFORE, Plaintiff Michael A. Sanders' Motion for Writ of Mandamus and Request For an Emergency Hearing (d/e 22) is STRICKEN. In light of this, the Defendant's Motion to Dismiss Plaintiff's Motion for Writ of Mandamus and Request For an Emergency Hearing (d/e 25) is DENIED AS MOOT. Furthermore, the parties are barred from seeking summary judgment until discovery closes.

ENTERED this __1st__ day of March, 2011

s/ Michael P. McCuskey
MICHAEL P. McCUSKEY
CHIEF U.S. DISTRICT JUDGE