E-FILED
Wednesday, 13 July, 2011  01:25:33 PM
Clerk, U.S. District Court, ILCD

**IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION**

FILED

JUL 1 1 2011

CLERK OF THE COURT
U.S. DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| MICHAEL SANDERS | ) | |
| | ) | |
| PLAINTIFF | ) | |
| | ) | 09-3207 |
| v. | ) | |
| | ) | |
| ILLINOIS DEPARTMENT OF CENTRAL MANAGEMENT SERVICES | ) | |
| | ) | |
| DEFENDANT | ) | |
| | ) | |
| | ) | |
| | ) | |

**MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFFS MOTION FOR A PRE
TRIAL DETERMINATION**

Now comes the pro-se Plaintiff Michael A. Sanders and motions this court for a pre-trial determination regarding the release of documentation by Dr. Terry Killian, a psychiatrist.

**UNDISPUTED FACTS AS VERIFIED BY THE 9/5/07 LETTER FROM DR. TERRY
KILLIAN TO CMS**

Defendant caused 6 separate letters to be delivered to Plaintiff Sanders ordering Plaintiff Sanders to attend independent medical examinations (IME) with Dr. Terry Killian.  Resultant from this action, Sanders caused three letters to be delivered to Dr Terry Killian regarding the IME's.

| IME DATES AND SANDERS RESPONSE DATES | | | | | | |
|---|---|---|---|---|---|---|
| DATES OF IME'S | 10/5/05 | 10/12/05 | 4/19/06 | 1/30/07 | 6/13/07 | 9/5/07 |
| DATES OF SANDERS RESPONSE LETTERS | 4/7/06 | | 8/24/07 | | 9/5/07 | |

Each IME letter to Sanders failed to explain why the IME was necessary and contained a statement which read as follows:

"Dr. Killian will forward me the evaluation and completed physician's statement from your examination; therefore, confidentiality between doctor and patient will **NOT** be in place."

Sanders did not attend any IME with Dr. Terry Killian and instructed Dr. Terry Killian that he was not authorized to release the letters that Sanders had sent to him.   On 9/5/07 Dr. Terry Killian released all three letters that Sanders had sent to him to Defendant

### DEFENDANTS USE OF THE 3 LETTERS RELEASED BY DR. TERRY KILLIAN

- Defendant entered into evidence the 3 letters it received from Dr. Terry Killian, over the objections of Sanders legal counsel, in proceedings before the Illinois Civil Service Commission in case DA-11-08.    Federal case 09-3207 is predicated upon DA-11-08.

- Defendant entered into evidence the 3 letters it received from Dr. Terry Killian, over Sanders objections, in proceedings before the Illinois Department of Employment Security on 1/16/08.[1]

This court should note that the cover page of Dr. Terry Killians fax to CMS contains the following statement:

*"The PHI (Personal Health Information) contained in this FAX is HIGHLY CONFIDENTIAL!"*

---

[1] Sanders was subsequently denied unemployment compensation and liquidated his pension with the State of Illinois.

Furthermore, the court should note that the 2nd at the page 5th paragraph of Dr. Terry Killians fax to Defendant states, in part, as follows:

*"He requested that I confirm the immediate cancellation of the appointment in writing to him.   I did not respond to his letter, simply putting his letter into his chart and awaiting today's appointment."*

Sanders asserts that these facts establish that the three letters released by Dr. Terry Killian are indeed psychiatric records as they are maintained in a "CHART" which is type of medical file.

## PRE TRIAL DETERMINATION INTERROGATORIES

Plaintiff Sanders respectfully requests that the Court issue pre-trial determinations regarding the following interrogatories:

- Are the three letters released by Dr. Terry Killian "protected records" under any provisions HIPPA, ADA and/or the Illinois Mental Health and Developmental Disabilities Confidentiality Act (specifically 740 ILCS 110/3(a) & 10).

- Did Defendant violate Plaintiff Sanders rights under the provisions of HIPPA, ADA and/or the Illinois Mental Health and Developmental Disabilities Confidentiality Act (specifically 740 ILCS 110/3(a) & 10) by utilizing the letters in administrative proceedings at the Illinois Department of Employment Security and the Illinois Civil Service Commission against Sanders desires.

- Did Dr. Terry Killian Violate any provisions of the Illinois Medical Practices Act, 225 ILCS 60 et al, by releasing the 3 letters he received form Plaintiff Sanders to Defendant.

## PLAINTIFF SANDERS PROVIDES THE FOLLOWING CASE LAW IN SUPPORT OF THIS MOTION

In Sangirardi v. Village of Stickney, 342 Ill.App.3d 1, 793 N.E.2d 787 (1st Dist. 2003) a police officer was ordered to attend a fitness for duty examination.   In this case the

officer did see the psychiatrist but subsequently refused to release the results of the exam. This indicates that doctor-patient confidentiality was not removed from the fitness for duty examination.

In McGreal V. Ostov 368 F.3d 657 (7th Cir 2004) a police officer was ordered to attend a fitness for duty examination.   In this case the court stated that the employer was not entitled to the "disclosure of anything other than the fitness for duty determination" nor could the employer "force the disclosure of the intimate and irrelevant details of McGreal's home life." McGreal 368 F.3d 657, 690.   This case establishes that Dr. Terry Killian's release of documentation to Defendant is clearly violative of established case law BECAUSE HE RELEASED SOMETHING MORE THAN A FITNESS FOR DUTY EVALUATION.

The confidentiality act contains no disclosure exception for performing mental health examinations to determine fitness for duty. See McGreal V. Ostrov, 368 F.3d 657,688 (7th Cir.2004)

The Illinois Supreme Court has noted that it is in the public interest to zealously guard against the erosion of the confidentiality provision. Norskog v. Pfiel 197 Ill.2d at 72, 755 N.E.2d at 10, 257 IllDec.at908

## CERTIFICATE OF SERVICE

Pro se plaintiff, Michael A. Sanders, herein certifies that he has served a copy of the foregoing instrument with all attachments, VIA HAND DELIVERY, on July 11 2011 upon:

Amy Petry Romano

Illinois Attorney Generals Office

500 South 2nd Street

Springfield, Illinois 62702

---------------------------------------------------------------------------------------------------------------------

The following documents are attached to this instrument:

- 6 letters Plaintiff Sanders received from CMS which ordered Plaintiff Sanders to attend IME's Appointments with Dr. Terry Killian

- 3 letters which Plaintiff Sanders sent to Dr. Terry Killian

- 1 letter which Dr. Terry Killian sent to CMS regarding Plaintiff Sanders

- Partial transcript of proceedings before the Illinois Department of Employment Security

Questions or concerns may be directed to:

Michael A. Sanders

400 E Jefferson #205

Springfield, Illinois 62701

(217)-361-2237



**ILLINOIS**          Rod R. Blagojevich, Governor
DEPARTMENT OF CENTRAL MANAGEMENT SERVICES
Paul J. Campbell, Acting Director

September 21, 2005

Mr. Michael A. Sanders
1430 Loveland Avenue
Springfield, IL 62703

Dear Mr. Sanders:

This is to advise you that this office has scheduled an appointment for an independent medical examination for you in accordance with Personnel Rule 303.145-Disability Leave, see attached Rule.

Your appointment is at 1:30 pm, Wednesday, October 5, 2005 with Dr. Terry Killian. His office is located at 1020 S. 5th Street, Suite D, Springfield, IL. Upon receipt of this letter, please call Dr. Killian's office to verify your appointment at (217) 544-3143.

Dr. Killian will forward me the evaluation and completed physician's statement from your examination; therefore, confidentiality between doctor and patient will **NOT** be in place.

If you have any questions, please feel free to contact me at (217) 782-7638.

Sincerely,

Christy Shewmaker

Christy Shewmaker, Manager
CMS Internal Personnel

cc: Personnel File

502 Stratton Office Building, 401 South Spring Street, Springfield, IL 62706
*Printed on Recycled Paper*



ILLINOIS                          Rod R. Blagojevich, Governor
DEPARTMENT OF CENTRAL MANAGEMENT SERVICES
Paul J. Campbell, Acting Director

October 6, 2005

Mr. Michael Sanders
1430 Loveland Avenue
Springfield, IL 62703

Dear Mr. Sanders:

This office was advised by Dr. Killian that you did not attend your independent medical examination scheduled Wednesday, October 5, 2005. This is to advise you that this office has scheduled a **second** appointment for an independent medical examination for you in accordance with Personnel Rule 303.145-Disability Leave, see attached Rule.

**Your appointment is at 4:00 p.m., Wednesday, October 12, 2005, with Dr. Terry Killian. His office is located at 1020 S. 5th Street, Suite D, Springfield, IL. Upon receipt of this letter, please call Dr. Killian's office to verify your appointment at (217) 544-3143. Failure to attend this appointment will be grounds for discipline, up to and including discharge.**

Dr. Killian will forward me the evaluation and completed physician's statement from your examination; therefore, confidentiality between doctor and patient will **NOT** be in place.

If you have any questions, please feel free to contact me at (217) 782-7638.

Sincerely,

Christy Shewmaker, Manager
CMS Internal Personnel

cc: Personnel File

502 Stratton Office Building, 401 South Spring Street, Springfield, IL 62706
*Printed on Recycled Paper*



**ILLINOIS**                    Rod R. Blagojevich, Governor
DEPARTMENT OF CENTRAL MANAGEMENT SERVICES
Paul J. Campbell, Director

April 3, 2006

Mr. Michael Sanders
1430 Loveland Avenue
Springfield, IL 62703

Dear Mr. Sanders:

This letter is to advise you that this office has scheduled an Independent Medical Examination for you and you are directed to attend this appointment.

Your appointment is at 3:00 pm, Wednesday, April 19, 2006, with Dr. Terry Killian.  His office is located at 1020 S. 5th Street, Springfield, IL.  Upon receipt of this letter, please call Dr. Killian's office to verify your appointment at (217) 544-3143.  Failure to confirm and attend this appointment may be grounds for discipline, up to and including discharge.

Dr. Killian will forward me the evaluation and completed physician's statement from your examination; therefore, confidentiality between doctor and patient will **NOT** be in place.

If you have any questions, please feel free to contact me at (217) 782-7638.

Sincerely,

*Christy Shewmaker*

Christy Shewmaker
Human Resource Director
CMS Internal Personnel

cc: Personnel File



ILLINOIS                    Rod R. Blagojevich, Governor
DEPARTMENT OF CENTRAL MANAGEMENT SERVICES
Paul J. Campbell, Director

January 19, 2007

Mr. Michael Sanders
1430 Loveland Avenue
Springfield, IL 62703

Dear Mr. Sanders:

This letter is to advise you that this office has scheduled an Independent Medical Examination for you and you are directed to attend this appointment. The Office of Executive Inspector General (OEIG) has completed their investigation and has determined the outcome as "unfounded".

Your appointment is at 4:00 pm, Tuesday, January 30, 2007, with Dr. Terry Killian. His office is located at 1020 S. 5th Street, Springfield, IL. Upon receipt of this letter, please call Dr. Killian's office to verify your appointment at (217) 544-3143. Failure to confirm and attend this appointment may be grounds for discipline, up to and including discharge.

Dr. Killian will forward me the evaluation and completed physician's statement from your examination; therefore, confidentiality between doctor and patient will **NOT** be in place.

If you have any questions, please feel free to contact me at (217) 782-7638.

Sincerely,

Missy Riggins
Acting Human Resource Director
CMS Internal Personnel

cc: Personnel File

505 Stratton Office Building, 401 South Spring Street, Springfield, IL 62706
*Printed on Recycled Paper*

01471



ILLINOIS                    Rod R. Blagojevich, Governor
DEPARTMENT OF CENTRAL MANAGEMENT SERVICES
Maureen T. O'Donnell, Acting Director

May 23, 2007

Mr. Michael Sanders
1430 Loveland Avenue
Springfield, IL 62703

Dear Mr. Sanders:

This letter is to advise you that this office has scheduled an Independent
Medical Examination for you on Wednesday, June 13, 2007 at 3:00 pm,
with Dr. Terry Killian.  Dr. Killian's office is located at 1020 S. 5th Street,
Springfield, IL.  Upon receipt of this letter, please call Dr. Killian's office to
verify your appointment at (217) 544-3143.  Failure to confirm and attend
this appointment may be grounds for discipline, up to and including
discharge.

Dr. Killian will forward me the evaluation and completed physician's
statement from your examination; therefore, confidentiality between doctor
and patient will **NOT** be in place.


If you have any questions, please feel free to contact me at
(217) 782-7638.


Sincerely,

Missy Riggins
Acting Human Resource Director
CMS Internal Personnel

cc: Personnel File



505 Stratton Office Building, 401 South Spring Street, Springfield, IL  62706
*Printed on Recycled Paper*



**I L L I N O I S**                          Rod R. Blagojevich, Governor
DEPARTMENT OF CENTRAL MANAGEMENT SERVICES
Maureen T. O'Donnell, Acting Director

August 23, 2007

Mr. Michael Sanders
1430 Loveland Avenue
Springfield, IL 62703

Dear Mr. Sanders:

This letter is to advise you that this office has scheduled an Independent
Medical Examination for you on Wednesday, September 5, 2007 at 3:00
pm, with Dr. Terry Killian.  Dr. Killian's office is located at 1020 S. 5th Street,
Springfield, IL.  Upon receipt of this letter, please call Dr. Killian's office to
verify your appointment at (217) 544-3143.  Failure to confirm and attend
this appointment may be grounds for discipline, up to and including
discharge.

Dr. Killian will forward me the evaluation and completed physician's
statement from your examination; therefore, confidentiality between doctor
and patient will **NOT** be in place.


If you have any questions, please feel free to contact me at
(217) 782-7638.



Sincerely,

*Missy Riggins*

Missy Riggins
Acting Human Resource Director
CMS Internal Personnel


cc: Personnel File

# MEMORANDUM

**DATE:  APRIL 07, 2006**

**FROM:**     MR. MICHAEL A. SANDERS

**TO:**         DR. TERRY KILLIAN

**RE:**         APPOINTMENTS SCHEDULED BY YOUR OFFICE

Your office, at the request of Central Management Services, scheduled appointments for me on the following dates:

- October 05, 2005
- October 12, 2005
- April 19, 2006

Be advised that the scheduling of these appointments is not in accordance with State and/or Federal Law. Therefore, I am requesting that your office schedule no further appointments for me unless and until you verify that the appointments are in accordance with State and/or Federal Law.

Your failure to comply with this request will result in a complaint being made against your office with the appropriate licensing agency.  The scheduling of any additional appointment that is not in accordance with State and/or Federal Law will trigger this complaint.  **No action will be taken against your office until an additional appointment is scheduled which is not in compliance with State and/or Federal Law.**

# MEMORANDUM

AUGUST 24, 2007

TO:         DR. TERRY KILLIAN

FROM:       MR. MICHAEL SANDERS

RE:         SEPTEMBER 5, 2007 APPOINTMENT


I request that you immediately cancel the September 5, 2007 appointment that your office has made for me at the request of CMS (an agency of the State of Illinois). State and Federal civil rights complaints, as well as potential criminal complaints, will be made against you and the State of Illinois if this appointment is not immediately cancelled. Further, I will seek a severe disciplinary action against your professional license if this appointment is not cancelled. Please confirm the immediate cancellation of this appointment to me, in writing, at the address below:

Mr. Michael A. Sanders
1430 Loveland Avenue
Springfield, Illinois 62703


Sincerely your,


Mr. Michael A. Sanders

REC'D AUG 2 4 2007.

Dr. Killian/Killian & Associates S.C.

# MEMORANDUM

RECD SEP 0 5 2007

Dr. Killian/Killian & Associates S.C.

DATE: SEPTEMBER 5, 2007

FROM:      MR. MICHAEL A. SANDERS

TO:        DR. TERRY KILLIAN

RE:        SEPTEMBER 5, 2007 PSYCHIATRIC EXAMINATION

Your office, at the request of the Illinois Department of Central Management Services (CMS), has scheduled several appointments for me. The purpose of these appointments has been for you to perform a psychiatric examination of me. These appointments have been made without my consent and with no form of input and/or consultation from me.

The results of your psychiatric examination, by agreement between CMS and your office, and without my input and/or consultation and/or consent, are to be delivered to CMS.

The dates of the appointments that your office scheduled for me, at the request of CMS and without my input and/or consultation and/or consent, are as follows:

> October 5, 2005
> October 12, 2005
> April 19, 2006
> January 30, 2007
> June 13, 2007
> September 5, 2007

Shortly after my refusal to attend the October 5, 2005 and October 12, 2005 psychiatric examination(s) scheduled by your office, at the request of CMS, I was terminated from employment with the State of Illinois. I received a 30-day suspension shortly after my refusal to attend the June 13, 2007 psychiatric appointment scheduled by your office at the request of CMS.

As you know (and as you have communicated to CMS), I have not attended any of the appointments that have been scheduled by your office, at the request of CMS, as each of these appointments have been scheduled without my input and/or consultation and/or consent. In

addition, a conflict of interest exists regarding the scheduling of these appointments with your office...........as I am certain that you are aware of.

On April 7, 2006 I faxed a letter to your office and requested that you not schedule any further psychiatric appointments for me due to the manner in which your office and CMS arranged these appointments.

On August 24, 2007 I hand delivered a memorandum to your office, which was stamped as received by your office, regarding the September 5, 2007 psychiatric examination that your office had scheduled for me at the request of CMS.

The August 24, 2007 memorandum requested that your office cancel the September 5, 2007 psychiatric appointment that your office had scheduled for me, at the request of CMS, and notify me in writing that this psychiatric appointment had been cancelled. CMS made this appointment with your office without my input and/or consultation and/or consent. You failed to do so!

Obviously, a written contractual agreement exists between CMS and your office which strips me of my right to medical confidentiality and which has authorized you to receive payments from the State of Illinois based upon my refusal to attend the psychiatric examinations requested by CMS and scheduled by your office and which were made without my input and/or consultation and/or consent.

Your conduct in this matter, in failing to cancel the September 5, 2007 psychiatric examination (upon my request) which you have scheduled for me, at the request of CMS, and which was made without my input and/or consultation and/or consent is unethical and illegal and demands redress by law enforcement agencies and the appropriate agencies that regulate your professional medical license.

Equally abhorrent is the conduct of CMS, in scheduling these psychiatric examinations without my input and/or consultation and/or consent.

As a matter of record, this memorandum was delivered to your office prior to 3:00 P.M. on September 5, 2007. Your office is again requested to cancel the psychiatric examination that you have scheduled for me on September 5, 2007 at 3:00 P.M.

This matter will be referred to law enforcement, and the agencies that regulate your professional medical license, on September 5, 2007 if your office does not cancel this psychiatric appointment that was made at the request of CMS and scheduled by your office without my input and/or consultation and/or consent. Once this matter is referred to law enforcement I will make every effort to ensure that you are a party to any potential criminal and/or ethical charges.

In addition, I will certainly seek the publication of this matter in the print, radio and television media. I will relocate from this city (in order to remove myself from the harmful influences of this employer, etc.), however, this matter will not remain concealed within the files of CMS or

the files of your office. CMS **will** conduct itself in an adult manner, by establishing contact

with its employee and resolving the current employment issue, or this matter will become known to the public at large.

Further, I claim doctor-patient confidentiality with respect to whether or not I attend the September 5, 2007 psychiatric examination, scheduled by CMS without my consent and/or input and/or consultation. You are NOT AUTHORIZED to disclose, orally or in writing, whether or not I attended the September 5, 2007 psychiatric examination that was scheduled by CMS, without my input and/or consultation and/or consent, with CMS or any other entity.

Lastly, I claim doctor-patient confidentiality with respect to this memorandum and it's contents. You are NOT AUTHORIZED to release this memorandum to CMS or to discuss the contents of this memorandum with CMS or any other entity.

Sincerely yours,

Mr. Michael A. Sanders

K 2

FAX TO:     _Missy Riggins_     782-3366

FROM:       Killian and Associates
            1020 South Fifth Street
            Springfield, IL 62703
            Phone:  (217) 544-3143
            Fax:    (217) 544-4436

# Of Pages:         7

The PHI (Personal Health Information) contained in this FAX is HIGHLY
CONFIDENTIAL! It is intended for the exclusive use of the addressee. It is to be used
only to aid in providing specific healthcare services to this patient. Any other use is a
violation of Federal Law (HIPPA) and will be reported as such. If you have received this
document in error, please notify us immediately by phone to arrange for return of this
document.

Re: Michael Sanders

Thanks!
Vickie

# Killian and Associates, S.C.

Wm. Arthur Forsyth, M.D.
Patrick G. O'Donnell, M.D.
J. Ewing Harris, Ph.D.
Steven Fritz, Psy.D.
Tami Skaggs-Braidwood, LCSW
Bethanie Drake, LMFT
P. Jean Follin, LCPC
Virginia Thompson, LCSW

0 South Fifth Street • Telephone (217) 544-3143
Springfield, Illinois 62703 • Fax (217) 544-4436

Ms. Missy Riggins
Acting Human Resource Director
Central Management Services Internal Personnel
Illinois Department of Central Management Services

Wednesday, 09/05/2007

Re: Michael Sanders

Dear Ms. Riggins:

I'm writing this letter at your request to document the events of the last two years with regard to your employee, Michael Sanders. As you know, CMS has referred Mr. Sanders to me on six different occasions for an independent medical examination for fitness for duty in the last two years, but Mr. Sanders has not kept any of those appointments. In the following paragraphs, I will describe in detail my involvement in this case during the last two years, and will describe in detail all of the contact I have had with Mr. Sanders during that time. There are some documents that CMS sent to me regarding Mr. Sanders which I will only briefly mention in passing, because you already have those documents which describe some of the problems that had occurred in the workplace which led to Mr. Sanders being placed on administrative leave of absence and referred for fitness for duty exams.

********************************

10/05/2005 APPOINTMENT: CMS contacted me on 09/19/2005 with regard to scheduling an IME, which was scheduled for 10/05/2007. I received a cover letter that gave a brief description of problems in the workplace, including aggressive behavior on the job site. He was placed on administrative leave effective 09/09/2005. He failed to keep the appointment with me, so I called CMS it was rescheduled for the following week.

10/12/2005 APPOINTMENT: This was a rescheduled appointment from the previous week, when Mr. Sanders failed to keep the previous appointment. He also failed to keep the 10/12/2005 appointment. I did not hear from Mr. Sanders prior to the 10/05/2005 appointment or the 10/12/2005 appointment.

04/19/2006 APPOINTMENT: I was contacted in early April regarding scheduling this appointment, and received a cover letter from Christy Shewmaker and copies of two documents describing Mr. Sanders' behavior in the workplace. I received a brief memo from Mr. Sanders dated 04/07/2006, warning me that I should "be advised that the scheduling of these appointments is not in accordance with state and/or federal law. Therefore, I am requesting that your office schedule no further appointments for me unless you verify that the appointments are in accordance with state and/or federal law." He threatened legal action against me if I were to schedule another appointment. He did not keep the appointment.

01/30/2007 APPOINTMENT: I was contacted by CMS on 01/19/2007, and another IME was scheduled for 01/30/2007, but Mr. Sanders again failed to keep this appointment. He did not contact prior to this appointment.

06/13/2007 APPOINTMENT: I was contacted by CMS on 05/23/2007 for a fifth appointment, which was scheduled on 06/13/2007. Mr. Sanders did not show up for that appointment, and I did not hear from him prior to the appointment.

TODAY'S APPOINTMENT: I was contacted again by CMS on 08/21/2007 for the purpose of scheduling a sixth appointment, which was scheduled for today, Wednesday, 09/05/2007 at 3 p.m. I received another cover letter from CMS. On 08/24/2007, Mr. Sanders hand-delivered a one paragraph memo, requesting that I cancel the appointment scheduled for 09/05/2007, and threatening "state and federal civil rights complaints, as well as potential criminal complaints" against me if I did not immediately canceled the appointment. He also threatened "severe disciplinary action against your professional license". He requested that I confirm the immediate cancellation of the appointment in writing to him. I did not respond to his letter, simply putting his letter into his chart and awaiting today's appointment.

As I told you by telephone today, about an hour prior to today's scheduled appointment, Mr. Sanders walked into my office and handed a three-page memo to one of my secretaries, requesting that she date stamp the memo, which requested again that I cancel the appointment, which I did not do. Mr. Sanders did not, of course, show up for the 3 p.m. appointment. I did wait in my office until past 3:30 p.m. on the off chance that he might show up.

I am forwarding to you a copy of the two memos Mr. Sanders wrote to me in the last month. As you can see from today's memo, he repeatedly states that these appointments were made "without my input and/or consultation and/or consent." He stated that my behavior in failing to cancel today's appointment is "unethical and illegal and demands redress by law enforcement agencies and the appropriate agencies that regulate your professional medical license." He stated that he intends to refer to this matter to law enforcement and the Department of Professional Regulation, as well as contacting the print, radio and television media. He claimed doctor-patient confidentiality with respect to whether or not he attended

Michael Sanders – IME letter – 09/05/2007 – Page #2

today's appointment, and with regard to the memo he sent to me. As I'm sure you are aware, there is no doctor patient relationship between me and Mr. Sanders, and his claims of doctor-patient confidentiality are groundless.

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

I hope that the above information is helpful to you. If you need further information, please do not hesitate to contact me, though I will emphasize that I don't have much additional information than what I already included in this letter. Thank you for the opportunity to be involved in this interesting case.

Respectfully submitted,

Terry M. Killian, M.D.
1020 South Fifth Street, Springfield, IL 62703
Clinical Associate Professor of Psychiatry, Southern Illinois University School of Medicine

TMK: dictated on Dragon NaturallySpeaking

Attachments: two memos written by Mr. Sanders

Michael Sanders – IME letter – 09/05/2007 – Page #3

STATE OF ILLINOIS
DEPARTMENT OF EMPLOYMENT SECURITY
APPEALS DIVISION


MICHAEL A. SANDERS        )
CLAIMANT                  )        HEARING TRANSCRIPT
                         )        DOCKET NO. 7052926A
                         )
ILLINOIS DEPARTMENT OF    )
CENTRAL MANAGEMENT        )
SERVICES                  )
EMPLOYER                  )


HEARING DATE:  January 16, 2008
       TIME:  3:00 p.m.
   LOCATION:  Springfield, Illinois
    REFEREE:  Jay Watts


PARTICIPANTS


    CLAIMANT: Michael A. Sanders

    EMPLOYER: Erin Davis, Employer Attorney
              Joe Ashcraft, Employer Witness
              Tricia Pineda, Employer Witness
              Julie Moscardelli, Employer Witness
              Melinda Young, Employer Witness
              Jayme Lebshier, Employer Witness



1  you know, I think that my attorney can probably speak better for
2  himself than Ms. Davis could.

3  R: Alright.  Well then he should have been here today.  That's the
4  bottom line, Mr. Sanders.  I'm not asking for any, uh, attorney
5  client discussions here.  I'm simply asking her what he told her.
6  Alright?  So he could have been here to refute or testify what
7  she's going to tell me here.  But I'm asking Ms. Davis what your
8  attorney told her about your refusal and whether he thought that
9  was legal or illegal.  So I'll note your objection.

10 CL: Okay.  And, obviously, he thinks it's not legal because we have
11 a hearing next week for it.

12 R: Well, unfortunately, I'm not a party to that hearing next week
13 and I can't hold off my decision, uh, until next week,
14 unless...unless...I mean, as long you want to proceed with your
15 unemployment hearing, we...we're going to do the hearing today.
16 Okay?

17 CL: You may proceed.

18 R: Alright.  Go ahead, Ms. Davis.

19 ERATTY: Mr. Wilson did not directly concede the point.  However, he
20 did acknowledge, uh, the body of law that were citing and stated
21 that he understood our position and he said that he was obligated
22 to write the letter on behalf of his client.

23 R: Alright, but nonetheless, Mr. Sanders continued to refuse to
24 appear for the IME's, is that correct?

25 ERATTY: That is correct.  Although he did appear at the doctor's
26 office and handed the doctor, uh, on various occasions several
27 notes, which I have in front of me.

1    R: What...what...what do those notes say?

2    ERATTY: There's one from Mr. Sanders dated August 24, 2007.  It

3    says at the top: Memorandum; To: Doctor Terry Killian; From: Mr.

4    Michael

5    Sanders; Regarding: September 5, 2007 appointment. And Mr. Sanders

6    has written: I request that you immediately cancel the September

7    25, 200...or excuse me, September 5, 2007 appointment that your

8    office has made for me at the request of CMS, an agency of the

9    State of Illinois.  State and Federal civil rights complaints, as

10   well as potential criminal complaints will be made against you and

11   the State of Illinois if this appointment is not immediately

12   cancelled.   Further, I will seek a severe disciplinary action

13   against your professional license if this appointment is not

14   cancelled.   Please confirm the immediate cancellation of this

15   appointment to me in writing at the address below. And then it has

16   his address and it says sincerely your, Mr. Michael San...A.

17   Sanders.   That's one memo that he handed to, uh, somebody in Dr.

18   Killian's office.  I have another memo, uh, dated...it looks like

19   September 5th, 2007 from Mr. Sanders to Doctor Killian regarding the

20   September 5, 2007 psychiatric examination.  And I can...I can read

21   that one into the record if you'd like.

22   R: Do they all say roughly the same thing?

23   ERATTY: This one says a little bit more.

24   R: Alright.  Well, read me the little bit more if you would please.

25   ERATTY: Okay.  It says your office, at the request of the Illinois

26   Department of Central Management Services, CMS, has scheduled

27   several appointments for me.  The purpose of these appointments has

1  been for you to perform a psychiatric examination of me.  These
2  appointments have been made without my consent and with no form of
3  input in or consult to the...excuse me, consultation from me.  The
4  results of your psychiatric examination, by agreement between CMS
5  and your office, and without my input and/or consultation and/or
6  consent, are to be delivered to CMS.  The dates of the appointments
7  that your office scheduled for me at the request of CMS and without
8  my input and/or consultation and/or consent are as follows: October
9  5, 2005; October 12, 2005; April 29, 2006; January 30, 2007; June
10  13, 2007; September 5, 2007.  Shortly after my refusal to attend
11  the October 5, 2005 and October 12, 2005 psychiatric examinations
12  scheduled by your office, at the request of CMS, I was terminated
13  from employment with the State of Illinois.  I received a thirty
14  day suspension shortly after my refusal to attend the June 13, 2007
15  psychiatric appointment scheduled by your office at the request of
16  CMS.  As you know, and as you have communicated to CMS, I have not
17  attended any of the appointments that have been scheduled by your
18  office at the request of CMS as each of these appointments have
19  been scheduled without my input and/or consultation and/or consent.
20  In addition, a conflict of interest exists regarding the scheduling
21  of these appointments with your office, as I am certain that you
22  are aware of.  On April 7, 2006, I faxed a letter to your office
23  and  requested  that  you  not  schedule  any  further  psychiatric
24  appointments for me due to the manner in which your office and CMS
25  arranged these appointments.  On August 24, 2007, I hand delivered
26  a memorandum to your office, which was stamped as received by your
27  office,  regarding  the  September  5,  2007  psychiatric  examination

1    that your office had scheduled for me at the request of CMS.  The

2    August 24, 2007 memorandum requested that your office cancel the

3    September 5, 2007 psychiatric appointment that your office had

4    scheduled for me at the request of CMS and notify me in writing

5    that the psychiatric appointment has been scheduled.  CMS made this

6    appointment with your office without my input and/or consultation

7    and/or consent.   You failed to do so.   Obviously, a written

8    contractual agreement exists between CMS and your office, which

9    strips me of my right to medical confidentiality and which has

10   authorized you to receive payments from the State of Illinois based

11   upon my refusal to attend the psychiatric examinations requested by

12   CMS and scheduled by your office and which were made without my

13   input and/or consultation and/or consent.  Your conduct in this

14   manner in failing to cancel the September 5, 2007 psychiatric

15   examination upon my request, which you have scheduled for me at the

16   request of CMS and which was made without my input and/or

17   consultation and/or consent, is unethical and illegal and demand

18   redress by law enforcement agencies and the appropriate agencies

19   that regulate your professional medical license. Equally abhorrent

20   is the conduct of CMS in scheduling these psychiatric examinations

21   without my input and/or consultation and/or consent.  As a matter

22   of record, this memorandum was delivered to your office prior to

23   the 3:00 p.m. on September 5, 2007.  Your office is again requested

24   to cancel the psychiatric examination that you have scheduled for

25   me on September 5, 2007 at 3:00 p.m.  This matter will be referred

26   to law enforcement and the agencies that regulate your professional

27   medical license on September 5, 2007 if your office does not cancel

1  this psychiatric appointment that was made at the request of CMS

2  and scheduled by your office without my input and/or consultation

3  and/or consent.  Once this matter is referred to law enforcement,

4  I will make every effort to ensure that you are a party to any

5  potential criminal and/or ethical charges.  In addition, I will

6  certainly seek the publication of this matter in the print, radio,

7  and television media.  I will relocate from the city in order to

8  remove myself from the harmful influences of this Employer,

9  etcetera, however, this matter will not remain concealed within the

10  files of CMS or the files of your office.  CMS will conduct itself

11  in an adult manner by establishing contact with its employee and

12  resolving the current employment issue or this matter will become

13  known to the public at large.  Further, I claim doctor patient

14  confidentiality with respect to whether or not I attend the

15  September 5, 2007 psychiatric examination scheduled by CMS without

16  my consent and/or input and/or consultation.  You are not

17  authorized to disclose orally or in writing whether or not I

18  attended the September 5, 2007 psychiatric examination that was

19  scheduled by CMS without my input and/or consultation and/or

20  consent with CMS or any other entity.  Lastly, I claim doctor

21  patient confidentiality with respect to this memorandum and its

22  contents.  You are not authorized to release this memorandum to CMS

23  or to discuss the contents of this memorandum with CMS or any other

24  entity.  Sincerely yours, Michael A. Sanders.

25  R: Alright.  Is that the last of those?

26  ERATTY: Excuse me?

27  R: Is that the last of those memorandums, so to speak?

1   ERATTY: That's the last that I have.

2   R: Alright.  Um...

3   ERATTY: I do have written statements though from Jayme Lebshier,

4   who is the, uh, union steward, who...to whom these threats were

5   made.  I have multiple statements by her.

6   R: Has Mr. Sanders or his attorney ever been specifically informed

7   of what the content of those statements are?

8   ERATTY: Yes, they've received copies on several occasions, the

9   latest of which, uh, is in reference to the hearing coming up on

10  the 23rd.  They've received all of the statements.

11  R: How many statements are there from Ms. Lebshier?

12  ERATTY: Either two or three.

13  R: Alright.  I have one statement, uh, by her, although I don't see

14  that it's specifically dated, but it makes reference to on June 13th

15  at approximately 8:00 p.m. I received a call from Mr. Michael

16  Sanders.

17  ERATTY: That's the second one, I believe.

18  R: Alright.  If you will, uh, forward the other statement to me

19  from Ms. Lebshier and we're going to mark that as an exhibit at

20  some point in the hearing.

21  ERATTY: Okay.

22  R: The number is 524-1163.

23  ERATTY: Okay.

24  R: Alright.  And, all of this started as a result of...of what, Ms.

25  Davis?  In other words, why was the...why was pre-disciplinary

26  meeting scheduled in, uh, I believe you said in September of 2005?

27  ERATTY: It was as a result of in...direct insubordination against

1   LEBSHIER:...and then I'll retreat.

2   R: Go ahead, Ms. Lebshier.

3   LEBSHIER: I felt concerned for Mr. Sanders psychological balance

4   when he informed me that the state police told him specifically

5   that if he called any time he called they would come and put Mr.

6   Puckett and whomever in handcuffs, all he had do was call.

7   That...that caused me to step back, because up until that point he

8   was reasonable. But when he informed me that the state police told

9   him, and him alone, that all he had to was call them and they would

10  come and put whoever he said was doing something wrong in handcuffs

11  and take them away.

12  CL: That's because I explained the situation to the state police.

13  The state police knew what the deal was. He seemed to understand

14  it quite clearly.

15  R: Alright.

16  CL: And I was informed, you know, if this happens again, call us

17  back and that is what I will do. If you consider it to be a

18  threat, then you don't need to be in the union, and you people

19  sitting in that room, that, you know, you...you say that

20  you're...you're, you know, management, you know...

21  LEBSHIER: I'm not management, sir.

22  CL:...I have right under the law for equal protection. I'm not

23  going to give up that right just to keep a job with you. If I get

24  threatened again, I will call the police again. I'm going to make

25  trouble.

26  R: Alright. Mr. Sanders, do you have any objection to my admission

27  of Exhibit 3 into the record? Uh, that is the notice concerning

1   your pre-disciplinary hearing back in September of `05, along with

2   the statements from the witnesses.

3   CL: Um, yes I do.  I don't think anything from `05 should be put

4   in...

5   R: Alright.  I'll note your objection.  Ms. Davis, any objection?

6   ERATTY: None.

7   R: We will admit Exhibit 3.  Do you have any objection to my

8   admission of Exhibit 4 into the record, which are the statements

9   that, uh, Ms. Lebshier gave?

10  CL: Yes I do.

11  R: Alright.  I'll note those.  She's testified here today so they

12  are cumulative, but we're going to admit them into the record.  Any

13  objection, Ms. Davis?

14  ERATTY: None.

15  R: We will admit Exhibit 4.  Any objection to my admission of

16  Exhibit 5, um, Mr. Sanders, which is the letter and attachments

17  written to your attorney in May, 2007?

18  CL: No, those you can put in.

19  R: Alright.  Any objection, Ms. Davis?

20  ERATTY: None.

21  R: We will admit those.  Any objection to Exhibit 6, uh, which are

22  the two letters of...of, uh, I don't know how many total there

23  were, but they're two letters that make reference to the

24  independent medical examinations that were scheduled, uh, for you

25  on September 5th and January 30th of `07.  Any objection to my

26  admission of those into the record as Exhibit 6, Mr. Sanders?

27  CL: No, you can include those.

1   R: Any objection, Ms...Ms. Davis?

2   ERATTY: None.

3   R: We will admit those.  And, Exhibit 7 is the...what I will call
4   the notice of termination.  Mr. Sanders, any objection to my
5   admission of that into the record?

6   CL: Now, which...which...which notice is (inaudible).

7   R: This is, um, it...it indicates at the top Michael Sanders, has
8   your Social Security Number, data processing technician, and it
9   reads...I'm not going to read the whole letter, but it says in
10  accordance with personnel rule 302.720, discharge of certified
11  employee, Mr. Sanders, is being discharged for the following:
12  bullet point, insubordination by disobedience, mis-use of state
13  working time, conduct unbecoming a CMS employee.

14  CL: I file an objection to that because that's not the reason I was
15  fired.  I was fired simply for one reason and one reason only is my
16  refusal to attend...

17  R: Okay.  Alright.

18  CL:...an appointment and...

19  R: I'll note that.

20  CL: The way that they're phrasing this when they talk about
21  insubordination, it is all linked to whether or not I attend that
22  appointment.  And I don't feel that that charge of insubordination
23  has any...it doesn't have any place.  And those other three
24  categories you mentioned, they have no place here either.  The
25  simple question is whether or not they have the authority to
26  schedule those appointments.  You know, I...I...I do object to
27  that.  I mean, at least the way that, I mean, at least you could