IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | |
|---|---|
| MICHAEL A. SANDERS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| -vs- ) | No. 09-3207 |
| ) | |
| ILLINOIS DEPARTMENT OF ) | |
| CENTRAL MANAGEMENT SERVICES, ) | |
| ) | |
| Defendant. ) | |

**RESPONSE TO PLAINTIFF'S MOTION FOR A PRETRIAL DETERMINATION**

NOW COMES the Defendant, the ILLINOIS DEPARTMENT OF CENTRAL MANAGEMENT SERVICES, by and through its attorney, Lisa Madigan, Attorney General of the State of Illinois, and hereby files its Response to the Plaintiff's Motion for a Pretrial Determination. In support thereof, the Defendant states as follows:

**I.    INTRODUCTION**

On August 13, 2009, Plaintiff filed a Complaint against the Illinois Department of Central Management Services ("CMS"), alleging violations of Title VII and the Americans with Disabilities Act ("ADA"). Complaint, p. 1, ¶ 25. Specifically, Plaintiff alleges CMS violated Title VII and the ADA by requiring Plaintiff to attend an independent medical examination ("IME") after Plaintiff made a statement he was going to "get" his immediate supervisor, and discharging Plaintiff for his failure to attend the IME. Complaint, ¶ 12, 16, 25. In his Complaint, Plaintiff requests monetary damages. Pursuant to a Text Order entered by the Court on June 3, 2011, discovery in this matter closes on October 1, 2011, the dispositive motion deadline is November 1, 2011, and jury trial is scheduled for March 6, 2012.

1

On July 13, 2011, Plaintiff filed a motion styled "Motion for a Pre Trial Determination" and a corresponding memorandum of law. [Doc. 41 and 42]. Since Plaintiff's motion and memorandum of law do not contain a prayer for relief, it is uncertain what relief Plaintiff seeks in his motion. In the motion and memorandum of law, Plaintiff states that CMS scheduled Plaintiff's IME with Dr. Terry Killian, a psychiatrist. [Doc. 41 and 42, p. 1]. The motion appears to concern three letters from Plaintiff to Dr. Terry Killian, relating to Plaintiff's IME that he never attended. [Doc. 42]. These letters are attached to Plaintiff's memorandum of law. [Doc. 42, p. 12-16].

Plaintiff's motion complains that Dr. Killian released the three letters to CMS, and he appears to suggest that this action was improper. [Doc. 42, p. 2-3]. Plaintiff further complains that CMS entered the three letters into evidence during two administrative hearings, and appears to suggest that this was improper, as well. [Doc. 42, p. 2-3]. In both administrative cases, Plaintiff argues that the letters were entered into evidence over his objection. [Doc. 42, p. 2]. Plaintiff identifies the administrative hearings as Illinois Civil Service Commission case number DA-11-08, and Illinois Department of Employment Security docket number 7052926A. [Doc. 42, p. 2, 21].

In his memorandum of law, Plaintiff identifies three "interrogatories" and asks the Court for a "pre-trial determination" regarding the interrogatories. [Doc. 42, p. 3]. Plaintiff asks the Court to determine the following:

1. whether the three letters written by Plaintiff to Dr. Killian are considered protected records under the Health Insurance Portability and Accountability Act of 1996 ("HIPAA"), the ADA, or the Illinois Mental Health and Developmental Disabilities Confidentiality Act;

2. whether CMS violated Plaintiff's rights under HIPAA, the ADA, or the Illinois Mental Health and Developmental Disabilities Confidentiality Act by using the letters at the above-mentioned administrative proceedings; and

  3.  whether Dr. Killian violated the Illinois Medical Practices Act by releasing the letters written by Sanders to CMS. [Doc. 42, p. 3].

Interrogatory one requests the Court to determine whether the letters written by Sanders are protected, and, presumably, whether it was error for Dr. Killian to release the letters to CMS. Regarding interrogatory two, although Plaintiff requests the Court to determine whether CMS acted improperly in entering the letters into evidence during two administrative proceedings, Plaintiff appears to be challenging the evidentiary rulings of the administrative tribunals. Interrogatory three appears to ask the Court to determine if discipline is appropriate for Dr. Killian.

**II. ARGUMENT**

Plaintiff does not allege he was prejudiced by the entry of the letters into evidence during the administrative proceedings. Further, Plaintiff does not explain how the letters relate to his Complaint before this Court. Plaintiff's motion is vague and unclear, leaving Defendant to guess as to the nature of relief requested by Plaintiff.

To the extent Plaintiff wishes to bar the introduction of the letters into evidence during trial in the instant case, Plaintiff needs to clarify his intentions through a motion in limine. However, such motion would be premature at this time. The parties have not entered into a final pretrial order listing the exhibits each party intends to offer or use at trial. *See* Local Rule 16.1(F). The Local Rules for the United States District Court of the Central District of Illinois anticipate that deadlines for filing motions in limine are addressed as part of the final pretrial order. Local Rule Appendix 1.

To the extent Plaintiff requests this Court to determine whether Dr. Killian acted improperly by releasing the letters, Dr. Killian is a non-party to this action. There are no allegations of violation of law by Dr. Killian in Plaintiff's Complaint.

To the extent Plaintiff requests this Court to determine whether CMS acted improperly by introducing the letters into evidence at two administrative proceedings, Plaintiff complains that the letters were entered into evidence by the administrative tribunals over his objection. [Doc. 42, p. 2]. Thus, it appears that Plaintiff's actual concern is whether the Illinois Civil Service Commission and the Illinois Department of Employment Security made proper evidentiary rulings. As with Dr. Killian, neither the Illinois Civil Service Commission nor the Illinois Department of Employment Security are parties to this proceeding. There are no allegations of wrongdoing by either administrative agency in Plaintiff's Complaint.

Defendant is uncertain what relief Plaintiff seeks in his motion. It appears Plaintiff has filed an untimely motion in limine, or is requesting a ruling concerning non-parties to this case. Since Defendant cannot ascertain the nature of the motion, Defendant respectfully requests that the Plaintiff's Motion for a Pretrial Determination be denied.

WHEREFORE, for the reasons presented above, Petitioner respectfully requests that Plaintiff's Motion for a Pre Trial Determination be denied.

                                        Respectfully submitted,

                                        ILLINOIS DEPARTMENT OF CENTRAL
                                        MANAGEMENT SERVICES,

                                        Petitioner,

                                        LISA MADIGAN, Attorney General,
                                          State of Illinois,

Amy Petry Romano, #6270427              Attorney for Petitioner,
Assistant Attorney General
500 South Second Street
Springfield, Illinois 62706                     By:   s/ Amy Petry Romano
(217)782-9056                                    AMY PETRY ROMANO
  Of Counsel.                                     Assistant Attorney General

IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | | |
|---|---|---|
| MICHAEL A. SANDERS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| -vs- | ) | No. 09-3207 |
| | ) | |
| ILLINOIS DEPARTMENT OF CENTRAL MANAGEMENT SERVICES, | ) ) | |
| | ) | |
| Defendant. | ) | |

**CERTIFICATE OF SERVICE**

    I hereby certify that on July 26, 2011, I electronically filed Defendant's Response to Plaintiff's Motion for a Pretrial Determination, with the Clerk of the Court using the CM/ECF system, and I hereby certify that on the same date, I mailed by United States Postal Service, in an envelope properly addressed and with postage fully prepaid, the above-described document to the following participant:

Michael Sanders
400 East Jefferson, Apt. # 205
Springfield, IL 62701

        Respectfully submitted,

          s/ Amy Petry Romano
        Amy Petry Romano, #6270427
        Assistant Attorney General
        500 South Second Street
        Springfield, IL  62706
        Phone: (217) 782-9056
        Fax: (217) 782-8767
        E-Mail: aromano@atg.state.il.us