IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | |
|---|---|
| MICHAEL A. SANDERS, | ) |
| Plaintiff, | ) ) ) |
| v. | ) No. 09-CV-3207 |
| ILLINOIS DEPARTMENT OF CENTRAL MANAGEMENT SERVICES, | ) ) ) ) ) |
| Defendant. | ) ) |

**OPINION**

BYRON G. CUDMORE, U.S. MAGISTRATE JUDGE:

This matter comes before the Court on Plaintiff Michael Sanders' Motion for Pre Trial Determination (d/e 41) (Motion)[1]. For the reasons set forth below, the Court denies the Motion because most of the Motion improperly asks for advisory opinions. The remainder of the Motion is vague and does not ask for any specific relief.

The Constitution authorizes federal courts to adjudicate cases and controversies between parties. U.S. Const. art. III, § 2. Federal courts, thus, are not authorized to issue advisory opinions on matters that are not at issue between the parties. Sierra Club, 405 U.S. 727, 732 n.3 (1972).

---

[1]This motion was referred to the undersigned by the assigned U.S. District Judge.

In this case, Sanders alleges that his former employer, the Defendant Illinois Department of Central Management Services (Department), violated his rights under the Americans with Disabilities Act (ADA) by wrongfully: (1) ordering him to submit to an independent medical examination; (2) disciplining him for refusing to submit to such an examination; and (3) discharging him for refusing to submit to such an examination. Complaint (d/e 1), ¶ 25. The Department denies Sanders' allegations. Answer (d/e 6), ¶ 25. This Court, therefore, is authorized to adjudicate this case or controversy between the parties.[2] The Court is not authorized to give advisory opinions on matters unrelated to the adjudication of the case. Sierra Club v. Morton, 405 U.S. at 732 n.3.

The Motion asks for advisory opinions not related to the case and controversy. The Motion asks the Court for a pre-trial determination regarding the release of documentation by Dr. Terry Killian. The Motion asserts that Dr. Killian released information to the Department against Sanders' will and in violation of law. Motion, at 1. Sanders explains the documents at issue are three letters he wrote to Dr. Killian informing Dr. Killian that Sanders would not appear at appointments for independent medical examinations arranged by his employer, the Department.

---

[2]Sanders demanded a jury, so any trial will be by jury. Complaint at Prayer for Relief. The Court, however, rules on matters necessary to facilitate the resolution of the case as authorized by applicable rules and laws.

<u>Memorandum of Law in Support of Plaintiffs Motion for Pre Trial Determination (d/e 41) (Memorandum)</u>, attached Letters dated April 7, 2006, August 24, 2007, and September 5, 2007.[3]  The Memorandum poses three interrogatories to the Court:

> Plaintiff Sanders respectfully requests that the Court issue pre-trial determinations regarding the following interrogatories:
>
> - Are the three letters released by Dr. Terry Killian "protected records" under any provisions HIPPA, ADA and/or the Illinois Mental Health and Developmental Disabilities Confidentiality Act (specifically 740 ILCS 110/3(a) & 10).
>
> - Did Defendant violate Plaintiff Sanders rights under the provisions of HIPPA, ADA and/or the Illinois Mental Health and Developmental Disabilities Confidentiality Act (specifically 740 ILCS 110/3(a) & 10) by utilizing the letters in administrative proceedings at the Illinois Department of Employment Security and the Illinois Civil Service Commission against Sanders desires.
>
> - Did Dr. Terry Killian Violate any provisions of the Illinois Medical Practices Act, 225 ILCS 60 et al, by releasing the 3 letters he received from Plaintiff Sanders to Defendant.

<u>Memorandum</u>, at 3.  The Court understands these interrogatories to be part of the determinations sought by the Motion.

The Motion, including these interrogatories, asks the Court to opine on matters that are not relevant to the resolution of the case or controversy

---

[3]These documents are structured as memoranda rather than letters.  Sanders, however, refers to the documents as letters.  See <u>Memorandum</u>, at 3 (quoted in the body of this Opinion).

between the parties. The question of whether Dr. Killian violated the Medical Practices Act, or some other law, as set forth in the Motion and third interrogatory, is not relevant to Sanders' claims that the Department violated his rights under the ADA. Furthermore, Dr. Killian is not a party to this case, and so, has no opportunity to address Sanders' questions. The Court, therefore, will not address this issue at this point in the case.[4]

The question of whether the Department wrongfully used the documents in subsequent administrative proceedings, as set forth in the second interrogatory, is not relevant to the claims before the Court. Sanders alleges that the Department wrongfully ordered him to undergo medical examinations, and then wrongfully disciplined, and ultimately discharged, him for refusing to undergo those examinations. He does not allege claims for wrongful disclosure of information at administrative hearings. Because the alleged disclosure is not relevant to the case or controversy before the Court, the Court is not authorized to offer an advisory opinion on the matter.

The remaining interrogatory asks for a determination of whether the letters are protected under federal and state confidentiality statutes. This

---

[4]The circumstances of Dr. Killian's release of the letters to the Department might have some relevance to the foundation or admissibility of the letters, but, as discussed below, the Motion does not challenge the use of the letters as evidence. This Court, therefore, makes no comment on issues of foundation or admissibility at this time.

portion of the Motion may be related to some potentially relevant issues. For example, if the documents are statutorily protected confidential records then Sanders may possibly be entitled to a protective order in discovery. <u>See</u> Fed. R. Civ. P. 26(c). There also may be an issue about the admissibility of the documents. <u>See</u> Fed. R. Evid. 501.[5]  Sanders may also have some other purpose for the requested ruling. Sanders, however, does not tell the Court or the Department why he wants this question determined before trial, and the Court will not guess. The Court denies this portion of the Motion because Sanders does not explain the relevance or purpose of the requested determination.

WHEREFORE, Plaintiff Michael Sanders' Motion for Pre Trial Determination (d/e 41) is DENIED.

ENTER: July 28, 2011

<u>s/ Byron G. Cudmore</u>
BYRON G. CUDMORE
UNITED STATES MAGISTRATE JUDGE

---

[5]The Court expresses no opinion regarding whether Sanders would be entitled to either a protective order or an order barring the use of the letters as evidence.