| | | |
|---|---|---|
| STATE OF ILLINOIS | ) | *Sanders v. CMS* |
| | ) ss. | United States District Court, Central |
| COUNTY OF SANGAMON | ) | District of Illinois case number: 09-3207 |

## AFFIDAVIT

I, Jeff Shuck, having first been duly sworn upon oath, state that I have personal knowledge of the facts set forth herein, that I am competent to testify and if called to testify would state as follows:

1. I am employed as a Deputy General Counsel for the Illinois Department of Central Management Services (CMS). In this capacity, I provide legal advice regarding personnel matters for CMS.

2. I have been employed as a Deputy General Counsel for CMS twice. The first period was from February 1, 2005 through March 14, 2008, when I left for a position in another State agency. I rejoined CMS as Deputy General Counsel on August 3, 2009 and remain in that position to date.

3. In my position, I have access to the personnel files and records of CMS employees.

4. I have reviewed documents contained within the personnel file of Michael Sanders, as well as other records pertinent to this case.

5. On March 16, 2005, CMS' Bureau of Communication and Computer Services assumed management of data processing for all State agencies through a legislative transfer of duties.

6. As a result of the legislative transfer of duties, all employees employed in data processing positions for other State agencies became employees of CMS as of March 16, 2005.



7. On June 8, 2005, Michael Sanders served a one-day suspension for the conduct outlined in Exhibit 1.

8. From August 10, 2005, to August 13, 2005, Michael Sanders served a three-day suspension for the conduct outlined in Exhibit 2.

9. On September 9, 2005, I received a report that Plaintiff threatened to harm his immediate supervisor, Victor Puckett, the following day, a Saturday, while at work. I made a decision to place Plaintiff on paid administrative leave effective September 9, 2005.

10. Plaintiff was on paid administrative leave from September 9, 2005, to November 23, 2005.

11. On November 23, 2005, Plaintiff was discharged for insubordinate conduct for failing to attend two independent medical examinations to determine his fitness for duty, scheduled for October 5, 2005, and October 12, 2005.

12. Plaintiff appealed his November 23, 2005 discharge to the Illinois Civil Service Commission in the case captioned *Illinois Department of Central Management Services v. Michael Sanders*, case number DA-25-06.

13. CMS voluntarily reinstated Plaintiff. Plaintiff was compensated for all back wages that accrued while he was discharged, and Plaintiff was placed on paid administrative leave effective February 1, 2006.

14. Plaintiff was on paid administrative leave from February 1, 2006 to August 1, 2007.

15. From August 1, 2007, through August 30, 2007, Plaintiff served a 30-day

suspension for insubordinate conduct for failing to attend an independent medical examination to determine his fitness for duty, scheduled for June 13, 2007.

16. Upon the expiration of Plaintiff's 30-day suspension, Plaintiff was placed on paid administrative leave, effective August 31, 2007

17. Plaintiff was on paid administrative leave from August 31, 2007, to October 5, 2007.

18. On October 5, 2007, Plaintiff was placed on suspension pending discharge for insubordinate conduct for failing to attend an independent medical examination to determine his fitness for duty, scheduled for September 5, 2007.

19. On October 17, 2007, Plaintiff was discharged for insubordinate conduct for failing to attend an independent medical examinations to determine his fitness for duty, scheduled for September 5, 2007.

20. Plaintiff appealed his October 17, 2007, discharge to the Illinois Civil Service Commission, in the case captioned *Illinois Department of Central Management Services v. Michael Sanders*, case number DA-11-08.

21. On August 21, 2008, the Illinois Civil Service Commission reversed Plaintiff's discharge.

22. On September 23, 2008, CMS appealed the August 21, 2008, decision of the Illinois Civil Service Commission, reversing Plaintiff's discharge, by filing a complaint and a motion seeking to stay the decision of the Illinois Civil Service Commission in circuit court.

23. After the circuit court denied CMS' complaint for administrative review,

3

Plaintiff was reinstated to work at CMS, and was reimbursed for back wages which accrued from October 5, 2007 through October 28, 2008.

AFFIANT FURTHER SAYTH NOT

s/Jeff Shuck
JEFF SHUCK

SUBSCRIBED and SWORN to before me this _____ day of November, 2011

s/Cassie S. Dierkes
Notary Public

OFFICIAL SEAL
CASSIE J. DIERKES
NOTARY PUBLIC, STATE OF ILLINOIS
MY COMMISSION EXPIRES 4-9-2012

4

Michael Sanders
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
Data Processing Technician

Michael Sanders, currently a certified Data Processing Technician, with the Department of Central Management Services, Bureau of Communication and Computer Services, is hereby being suspended for one (1) calendar day, for the following:

- **Insubordination by Disobedience Towards a Supervisor/Misuse or Abuse of State Working Time/Violation of the Code of Ethical Standards/Conduct Unbecoming a CMS Employee**

Mr. Sanders, on Thursday, March 31, 2005, arrived at his work area at 4:08 p.m., from a retirement party, then at 4:30 p.m., left without notifying his supervisor and did not return until 4:47 p.m. When asked by his supervisor his whereabouts he failed to answer, when asked again, Mr. Sanders responded just to "write him up".

It was brought to management's attention on Tuesday, April 26, 2005, that Mr. Sanders had been opening carousels which is in an area that he is not authorized to be in. When questioned, he indicated that he had not opened them, but stated he was in that area.

On Friday, April 29, 2005, it had been reported that Mr. Sanders was on the second floor of the Harris Building (Harris Building II) this is a restricted area. When Mr. Sanders was questioned by the guard and informed he was in a restricted area, he failed to stop and proceeded on.

The above actions are a violation of the following:

**CMS Policy Manual, Ethical Standards,** Chapter 1, Section 1, Lawfulness, Dot Point 1,
- "obey government laws, ordinances, rules and regulation*s*"

**Rules of Conduct** Chapter 1, Section 2, #1 *"Failure to abide by CMS Rules and Regulations",* #3 *"Insubordination by disobedience to any order or directive or disrespect towards a supervisor",* #8 *"Misuse or abuse of state working time for personal gain or for any reason other than performing the employee's assigned duties"* and #17 *"Conduct unbecoming a CMS employee".*

Chapter 2, Section 3, Absenteeism/Tardiness. Tardiness, Extended Breaks, Early Departure, *"...An employee is also expected to remain at his work site throughout the shift, except during authorized rest periods or lunch breaks"....*

**EXHIBIT 1**

: 02469

A Pre-Disciplinary Meeting was held on Friday, May 20, 2005.

Prior Discipline:

| | | |
|---|---|---|
| Oral Reprimand | 05-24-04 | Failing or refusing to follow Department Policy or supervisory instructions. |
| Written Reprimand | 11-10-04 | Discourteous and disrespectful email to his supervisor and failed to follow a direct order to communicate with staff, in person and in writing, in a professional, respectful and appropriate manner at all times. |

: 02470

Michael Sanders
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
Data Processing Technician


Michael Sanders, currently a certified Data Processing Technician, with the Department of Central Management Services, Bureau of Communication and Computer Services, is hereby being suspended for three (3) calendar days, for the following:

- **Incompetency or Inefficiency in the Performance of a Duty/Insubordination by Disobedience Towards a Supervisor/Misuse or Abuse of State Working Time/Disrespect to or Maltreatment of Any Person/Conduct Unbecoming a CMS Employee**

Mr. Sanders, on Monday, June 25, 2005, left his work area at 23:00 hrs. (11:00 p.m.), one hour before the end of his shift at 00:00 hrs. (12:00 a.m.), leaving a CMS 207 form on his supervisor's desk requesting one hour vacation. The one hour vacation time was not approved prior to his departure.

On Thursday, June 30, 2005, Mr. Sanders failed to follow instructions and work procedures. While on a telephone call to a programmer that same day, Mr. Sanders became irate to his supervisor when the supervisor repeatedly requested to talk to the programmer.

On Saturday, July 2, 2005, and on Saturday 9, 2005, Mr. Sanders sent insubordinate and disrespectful emails to his supervisor.

The above actions are a violation of the following:

**CMS Policy Manual, <u>Ethical Standards,</u>** Chapter 1, Section 1, Ethical Standards, Courtesy, Dot Point 1,
- "treat all members of the public and other employees promptly, fairly, impartially and with equal dignity,"

Efficiency Dot Point 1, 2, & 3
- "perform the assigned duties to the best of their abilities,"
- "perform the duties during working hours as scheduled,"
- "cooperate with other employees in the performance of required duties,"

EXHIBIT 2

: 00765

Chapter 1, Section 2, Rules of Conduct,
#1 *"Failure to abide by CMS Rules and Regulations"*, #2, *"In competency or inefficiency in the performance of a duty or inattention to or failure to perform a duty,"* #3 *"Insubordination by disobedience to any order or directive or disrespect towards a supervisor"*, #4 *"Unauthorized absence, excessive absenteeism or tardiness, including leaving work before quitting time and overstaying breaks or lunch periods,"* #13, *"Disorderly conduct during working hours, disrespect to or maltreatment of any person, including but not limited to harassment between a supervisor and fellow employee or among employees of the office,"* and #17 *"Conduct unbecoming a CMS employee"*.

Chapter 2, Section 3, <u>Absenteeism/Tardiness</u>.
Absenteeism:
................"With the exception of sick leave or emergency personal leave, all time away from work must be approved in advance by the supervisor, or the supervisor's designee."

Tardiness, Extended Breaks, Early Departure:
   "An employee is expected to arrive at work at the designated starting time and to leave the facility at the designated quitting time. An employee is also expected to remain at the work site throughout the shift, except during authorized rest periods or lunch breaks. Tardiness, taking extended rest periods or lunch breaks, and leaving work before the end of the work shift without authorization may be cause for disciplinary action up to and including discharge."

A Pre-Disciplinary Meeting was held on Thursday, July 21, 2005.

Prior Discipline:

| | |
|---|---|
| One Day Suspension 06-08-05 | Misuse of state working time. Insubordination towards supervisor and failure to follow Department Policy |
| Oral Reprimand   05-24-04 | Failing or refusing to follow Department Policy or supervisory instructions. |
| Written Reprimand  11-10-04 | Discourteous and disrespectful email to his supervisor and failed to follow a direct order to communicate with staff, in person and in writing, in a professional, respectful and appropriate manner at all times. |

: 00766