IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | |
|---|---|
| MICHAEL A. SANDERS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| -vs- | )  No. 09-3207 |
| | ) |
| ILLINOIS DEPARTMENT OF | ) |
| CENTRAL MANAGEMENT SERVICES, | ) |
| | ) |
| Defendant. | ) |

**RESPONSE TO PLAINTIFF'S MOTION TO BAR DEFENDANT
FROM ARGUING CERTAIN DEFENSES**

NOW COMES the Defendant, the ILLINOIS DEPARTMENT OF CENTRAL MANAGEMENT SERVICES, by and through its attorney, Lisa Madigan, Attorney General of the State of Illinois, and hereby files its Response to Plaintiff's Motion to Bar Defendant from Arguing Certain Defenses. In support thereof, Defendant states as follows:

**I.   INTRODUCTION**

On August 13, 2009, Plaintiff filed a Complaint against the Illinois Department of Central Management Services ("CMS"), alleging Defendant violated the Americans with Disabilities Act ("ADA"). Specifically, Plaintiff alleges CMS violated Section 12112(d)(4)(A) of the ADA by requiring Plaintiff to attend an psychiatric fitness for duty examination after Plaintiff made a statement he was going to "get" his immediate supervisor, and discharging Plaintiff for his failure to attend the fitness for duty examination. Complaint, ¶ 12, 16, 25. In his Complaint, Plaintiff requests monetary damages. Pursuant to a Text Order entered by the Court on June 3, 2011, the

dispositive motion deadline was November 1, 2011, and jury trial is scheduled for March 6, 2012. Defendant filed a Motion for Summary Judgment on November 1, 2011.

On October 19, 2011, Plaintiff filed a motion entitled "Motion to Bar Defendant from Arguing Certain Defenses" ands a corresponding memorandum of law. [Doc. 52 and 52-1]. In the motion and memorandum of law, it appears that Plaintiff is asking this Court to bar Defendant from presenting any evidence to defend against Plaintiff's claim and/or is asking the Court for summary judgment.

## II.  ARGUMENT

At the heart of Plaintiff's motion, it appears that Plaintiff believes that either the Illinois Civil Service Commission, the Illinois Circuit Court for the Seventh Judicial Circuit, or both, have previously ruled that Defendant violated Plaintiff's rights under the ADA. Plaintiff alleges that double jeopardy precludes Defendant from raising certain defenses, and that res judicata bars the Defendant from any defense. (Memorandum of Law, p. 12, 15). Plaintiff produced no evidence supporting his belief that there is a previous ruling against Defendant on Plaintiff's ADA claims, nor has Plaintiff provided any authority that either tribunal is a court of competent jurisdiction over ADA claims.

As with other filings by Plaintiff, Plaintiff does not identify the authority under which he brings his motion. In fact, the only authority found is in the memorandum of law, wherein Plaintiff cites to Section 12112(d)(4)(A) of the ADA and cites to authority in support of his argument that federal courts must give full faith and credit to state court judgments. (Memorandum of Law, p. 14, 15). Defendant is left to guess as to the nature of the relief requested by Plaintiff.

In his memorandum of law, Plaintiff argues that his motion "seeks to bar Defendant from utilizing certain defenses in any trial, plea, motion and/or proceeding before this Court." (Memorandum of Law, p. 5). To the extent Plaintiff has filed a motion to strike Plaintiff's affirmative defenses, Plaintiff has not provided any relevant authority supporting his claim. To the extent Plaintiff has filed a motion in limine, such motion would be premature. The Local Rules for the United States District Court of the Central District of Illinois anticipate that deadlines for filing motions in limine are addressed as part of the final pretrial order. Local Rule Appendix 1.

In his memorandum of law, Plaintiff requests that "[s]hould this Court grant Sanders motions to bar Defendant from utilizing the aforementioned rationales as the basis for ordering Sanders to attend an [independent medical examination], then Sanders motions this Court to grant him Summary Judgment and requests that any trial be limited to the issue of damages." (Memorandum of Law, p. 15). To the extent Plaintiff's motion is a motion for summary judgment, Plaintiff's motion does not comply with the Local Rules, and is not supported by admissible evidence. Local Rule 7.1, Federal Rule of Civil Procedure 56(c).

Defendant is uncertain what relief Plaintiff seeks in his motion. It appears Plaintiff has filed an unsupported motion to strike, an untimely motion in limine, or has filed a motion for summary judgment. Since Defendant cannot ascertain the nature of the motion, Defendant respectfully requests that the Plaintiff's Motion to Bar Defendant from Arguing Certain Defenses be denied. Alternatively, should the Court determine that Plaintiff has filed a proper motion to strike affirmative defenses, motion in limine, motion for summary judgment, or motion for other relief, Defendant requests additional time to file a full response.

WHEREFORE, for the reasons presented above, Petitioner respectfully requests that Plaintiff's Motion to Bar Defendant from Arguing Certain Defenses be denied, or, in the alternative, that Defendant be allowed an additional twenty-one (21) days to respond to the motion should the Court determine the motion is proper.

Respectfully submitted,

ILLINOIS DEPARTMENT OF
CENTRAL MANAGEMENT SERVICES,

    Defendant,

LISA MADIGAN, Attorney General,
State of Illinois,

Amy Petry Romano, #6270427　　　　　　　　Attorney for Defendant,
Assistant Attorney General
500 South Second Street
Springfield, Illinois 62706　　　　　　　　By:　s/ Amy Petry Romano
(217)782-9056　　　　　　　　　　　　　　　　AMY PETRY ROMANO
　　Of Counsel.　　　　　　　　　　　　　　　Assistant Attorney General

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE CENTRAL DISTRICT OF ILLINOIS**
**SPRINGFIELD DIVISION**

| | |
|---|---|
| MICHAEL A. SANDERS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| -vs- ) | No. 09-3207 |
| ) | |
| ILLINOIS DEPARTMENT OF ) | |
| CENTRAL MANAGEMENT SERVICES, ) | |
| ) | |
| Defendant. ) | |

**CERTIFICATE OF SERVICE**

I hereby certify that on November 2, 2011, I electronically filed a copy of the foregoing Response to Plaintiff's Motion to Bar Defendant from Arguing certain Defenses, with the Clerk of the Court using the CM/ECF system, and I hereby certify that on the same date, I mailed by United States Postal Service, in an envelope properly addressed and with postage fully prepaid, the above-described document to the following participant:

Michael Sanders
400 East Jefferson, Apt. # 205
Springfield, IL 62701

Respectfully submitted,

  s/ Amy Petry Romano
Amy Petry Romano, #6270427
Assistant Attorney General
500 South Second Street
Springfield, IL   62706
Phone: (217) 782-9056
Fax: (217) 782-8767
E-Mail: aromano@atg.state.il.us