IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS, SPRINGFIELD DIVISION

| | |
|---|---|
| MICHAEL A. SANDERS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 09-CV-3207 |
| ) | |
| ILLINOIS DEPARTMENT OF ) | |
| CENTRAL MANAGEMENT ) | |
| SERVICES, ) | |
| ) | |
| Defendant. ) | |

## OPINION

BYRON G. CUDMORE, U.S. MAGISTRATE JUDGE:

Pending before the Court is Plaintiff's Motion to Bar Defendant from Arguing Certain Defenses (d/e 52). Pro se Plaintiff Michael Sanders alleges a claim against Defendant Central Management Services (CMS) for violation of the Americans with Disabilities Act (ADA), 42 U.S.C. § 12112(d)(4)(A), because CMS allegedly repeatedly and wrongfully ordered him to submit to independent medical examinations (IMEs) and then wrongfully disciplined and discharged him for refusing to submit to any of the illegal examinations. Complaint (d/e 1). CMS alleges as it second affirmative defense that it ordered Sanders to undergo the IMEs "to make inquiry into the ability of Plaintiff to perform job-related functions." Answer (d/e 6), at 5.

The ADA states that an employer "shall not require a medical examination and shall not make inquiries of an employee as to whether such employee is an individual with a disability or as to the nature or severity of the disability, unless such examination or inquiry is shown to be job-related and consistent with business necessity." 42 U.S.C. § 12112(d)(4)(A). The ADA further authorizes an employer to "make inquiries into the ability of an employee to perform job-related functions." 42 U.S.C. § 12112(d)(4)(B).

In this case, the Illinois Civil Service Commission reversed CMS's decision to discharge Sanders and ordered his reinstatement to his position at CMS. Motion, Collective Exhibit A16 <u>CMS v. Sanders, Case No. DA-11-08, dated August 21, 2008, adopting the Recommended Decision of the Administrative Law Judge entered August 8, 2009, (Administrative Decision)</u>. CMS sought judicial review, and the Illinois Circuit Court for Sangamon County, Illinois, affirmed the Administrative Decision. Motion, Collective Exhibit A16 <u>Illinois Department of Central Management Services v. Illinois Civil Service Commission, et al., Case No. 08-MR-551, Order entered February 24, 2009</u>.

The Court has reviewed the Motion and determined that Sanders essentially seeks partial summary judgment pursuant to Federal Rule of Civil Procedure 56(g) based on the Administrative Decision. Sanders

argues that the Administrative Decision has preclusive effect in this case. Sanders essentially argues that the Administrative Decision establishes, as a matter of res judicata or collateral estoppel, that CMS did not direct Sanders to undergo the IMEs for the purpose of determining whether he (a) was able to perform the essential functions of his job, or (b) posed a threat to the safety of others in the workplace. Motion, attached Memorandum of Law in Support of Motion to Bar Defendant from Arguing Certain Defenses (Plaintiff's Memorandum), at 5, 14-15.

CMS states that the Motion is unclear and that it does not comply with Local Rule 7.1 or Federal Rule of Civil Procedure 56(c) regarding motions for summary judgment. The Local Rule on summary judgment motions does not apply to pro se parties, such as Sanders. Local Rule 7.1(D)(6). Rule 56(c) requires Sanders to submit competent evidence to support his Motion. Sanders raises essentially a legal question of the preclusive effect of the Administrative Decision. Given that Sanders is proceeding pro se, the Court finds that the documents submitted in support of the Motion are sufficient to raise the issue of the preclusive effect of the Administrative Decision and to allow CMS to respond. If CMS has some basis to challenge the authenticity or accuracy of the Administrative Decision submitted by Sanders, it may raise that issue in its response.

CMS also asks for additional time to respond to the Motion. The request for additional time is allowed because the Motion does not formally ask for partial summary judgment, and so, CMS properly sought the guidance of the Court on the precise posture of the Motion.

WHEREFORE, the Court grants Defendant an extension of time to December 2, 2011, to respond to Plaintiff's Motion to Bar Defendant from Arguing Certain Defenses (d/e 52). Defendant is specifically directed to address whether Sanders is entitled to partial summary judgment based on his argument that Administrative Decision operates as res judicata or collateral estoppel to establish that CMS did not direct Sanders to undergo the IMEs for the purpose of determining whether he (a) was able to perform the essential functions of his job, or (b) posed a threat to the safety of others in the workplace. Sanders is given until December 16, 2011, to file any reply.

ENTER: November 10, 2011

           *s/ Byron G. Cudmore*
BYRON G. CUDMORE
UNITED STATES MAGISTRATE JUDGE