

IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

MICHAEL SANDERS )
)
PLAINTIFF )
)  09-3207
v. )
)
ILLINOIS DEPARTMENT OF CENTRAL )
MANAGEMENT SERVICES )
)
DEFENDANT )
)
)
)

**REQUEST FOR AN IN PERSON HEARING**

Now comes the pro se plaintiff, Michael A. Sanders, and requests a hearing to discuss the Defendants stated intention not to produce Dr. Terry Killian for testimony at any potential trial.  While present Plaintiff would also like to discuss the following:

1. Status of Plaintiffs "Motion to Bar Defendant from Arguing Certain Defenses".

2. Defendants "Motion for Summary Judgment".

3. Defendant's insertion of the attached stipulation into the September 20, 2011 deposition of Plaintiff without Plaintiffs consent.

4. Nature and scope of Defendants arguments.

5. Defendants Motion to compel.

Plaintiff Sanders respectfully requests that said hearing be conducted prior to 11/18/11.

## CERTIFICATE OF SERVICE

Pro se plaintiff, Michael A. Sanders, herein certifies that on November 14, 2011 he has served a copy of the foregoing instrument, VIA HAND DELIVERY, upon:

Amy Petry Romano

Illinois Attorney Generals Office

500 South 2nd Street

Springfield, Illinois 62702

---

Questions or concerns may be directed to:

Michael A. Sanders

400 E Jefferson #205

Springfield, Illinois 62701

(217)-361-2237

## Page 5

<u>STIPULATION</u>

It is stipulated and agreed, by and between the parties hereto, through their attorneys, that the deposition of **MICHAEL SANDERS** may be taken for Federal purposes before Darlene M. Niemeyer, a Notary Public and Certified Shorthand Reporter, upon oral interrogatories, on September 20, 2011, A.D., at the instance of the Defendant, commencing at 10:03 a.m. at the Sangamon County Courthouse, 200 South Ninth Street, Room 405, Springfield, Illinois;

That the oral interrogatories and the answers of the witness may be taken down in shorthand by the Reporter and afterwards transcribed;

That all requirements of the Civil Practice Act and the Rules of the Supreme Court as to dedimus are expressly waived;

That the witness does not waive signature and shall read and sign this deposition before a notary public;

That any objections as to competency, materiality or relevancy are hereby reserved, but any objection as to the form of the question is waived unless specifically noted;

That the deposition or any parts thereof may be used for any purpose for which Federal depositions are competent, by any of the parties hereto, without foundation proof;

That any party hereto may be furnished copies of the deposition at his or her own expense.

## Page 6

TRANSCRIPT OF DEPOSITION

MR. SANDERS: Today's date is September 20th of 2011. The time is 10:00 a.m., at the Sangamon County Building with Assistant Attorney General, Amy Romano and Assistant Attorney General, Bianca Chapman for the deposition of Michael Sanders.

(Whereupon the witness was sworn by the court reporter.)

**MICHAEL SANDERS**, called as a witness herein, at the instance of the Defendant, having been first duly sworn on his oath, was examined and testified as follows:

DIRECT EXAMINATION

BY MS. ROMANO:

Q. For the record, my name is Amy Romano. I'm the Assistant Attorney General assigned to this case, Michael Sanders versus CMS, the lawsuit that is filed in the United States District Court for the Central District of Illinois, Case Number 09-3207.

Just for the record, could you state your name, please.

A. **My name is Michael Sanders.**

## Page 7

Q. Have you given a deposition before?

A. **No.**

Q. I will briefly go over a couple of ground rules with you. If you don't hear a question, if you didn't hear what I said, let me know and I will rephrase it or say it louder. If you do not understand a question, let me know and I will rephrase it.

If you answer the question, we will presume that you understood what was being asked.

And please state your answers in clear terms so that the court reporter can get them down. Don't nod your head yes or no or uh-huh or huh-uh. That's not going to translate onto the record, so yes and no. Okay?

A. **Yes. You may proceed.**

Q. All right. Let's start. I would like to start by going through your employment history with the State. In your complaint you mention that you have been working -- you worked for the State since 1993, so let's start there. Where were you hired in 1993?

A. **The Illinois Board of Education.**

Q. What did you do for them?

## Page 8

A. **Several -- I was employed in several different capacities.**

Q. Let's start with the first one. What was your first job with them?

A. **Account clerk.**

Q. Account clerk. How long were you the account clerk?

A. **Approximately one year.**

Q. So 1993 to 1994?

A. **Approximately.**

Q. Okay. What were your job duties as account clerk?

A. **Budget tracking.**

Q. Was this on a computer or how did you -- what budgets were you tracking?

A. **Fiscal budgets for the adult education program.**

Q. Who was your immediate supervisor when you were the account clerk?

A. **George Palamatin (phonetic).**

Q. Do you know how to spell his last name?

A. **P-A-L-A-T-I-M or something -- some variation of that.**

Q. Okay. After you were an account clerk,