IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | |
|---|---|
| MICHAEL A. SANDERS, | ) |
| | ) |
| Plaintiff, | ) |
| -vs- | )   No. 09-3207 |
| | ) |
| ILLINOIS DEPARTMENT OF | ) |
| CENTRAL MANAGEMENT SERVICES, | ) |
| | ) |
| Defendant. | ) |

**DEFENDANT'S REPLY TO PLAINTIFF'S RESPONSE TO
DEFENDANT'S MOTION FOR SUMMARY JUDGMENT**

NOW COMES the Defendant, the ILLINOIS DEPARTMENT OF CENTRAL MANAGEMENT SERVICES, by and through its attorney, Lisa Madigan, Attorney General for the State of Illinois, and, pursuant to Federal Rule of Civil Procedure 56 and Local Rule 7.1, hereby submits its Reply to Plaintiff's Response to Defendant's Motion for Summary Judgment. In support thereof, Defendant states as follows:

**I.  RESPONSE TO ADDITIONAL MATERIAL FACTS**

Plaintiff specifies no additional material facts.

**II.  ARGUMENT**

A.  **Defendant's request that Plaintiff attend a psychiatric independent medical exam is consistent with Section 12112(d)(4)(A) of the ADA.**

While Defendant acknowledges that Plaintiff's *pro se* status exempts his response from conforming to Local Rule 7.1(D), Plaintiff's response is structured in such a way that makes it difficult to reply. Plaintiff does not offer any argument in his response. Instead, Plaintiff "defer[s]" to arguments made in three other documents, which total approximately 180 pages. The first document, attached by Plaintiff as exhibit F, is a rebuttal to proposed discipline against Plaintiff, written by one of Plaintiff's former attorneys. The four-page, single-spaced rebuttal was written in 2007 by Bradley Wilson.[1] The second document, attached by Plaintiff as exhibit G, is an undated, 40-page brief written by Mr. Wilson,

---

[1] The typewritten date on the letter is June 18, 2007. However, this date has been marked through and another date, July 18, 2007, is hand-written on the document.

1

which appears to have been drafted as part of the administrative review action challenging the Civil Service Commission's ("Commission) decision in *Illinois Department of Central Management Services v. Michael Sanders*, DA-11-08. (Defendant's Undisputed Material Facts, ¶ ¶ 104-105). The third document identified by Plaintiff as his argument is his Memorandum in Support of his Motion to Bar Defendant from Arguing Certain Defenses, a 17-page document with 136 pages of exhibits. [Doc. 52-1 - 52-3]. The primary argument made in this filing has been summarized by the Court as one of res judicata and/or collateral estoppel relating to the Commission's decision. Defendant has already addressed this argument. [Doc. 65].

In addition, although Plaintiff did not specify any additional facts, the referenced arguments purport to be supported by facts not part of the record. Further, it appears Plaintiff raises new facts in disputing the facts Defendant designated as material and undisputed, some of which are addressed in Defendant's Motion to Strike filed contemporaneously with this reply. Given the structure of Plaintiff's response, Defendant replies to Plaintiff's relevant arguments and facts below. Although Plaintiff is not required to follow Local Rule 7.1, the Defendant is so required, and Local Rule 7.1 does not anticipate a response filed in the manner Plaintiff filed his response. Should the Court determine that the facts contained in the documents referenced as his argument constitute additional facts, or that the non-ADA arguments therein have bearing on this proceeding, Defendant asks that the additional facts and arguments be clearly identified and that Defendant be afforded an opportunity to respond.

    **1.    Plaintiff has failed to establish that a psychiatric pre-screening is necessary prior to requesting an IME**.

In both the rebuttal and brief[2], Mr. Wilson cites *Sullivan v. River Valley School District*, 197 F.3d 804 (6th Cir. 1999). In *Sullivan*, an employer consulted a psychologist prior to ordering an IME for an employee. *Id.* at 809. The employee sued alleging a violation of the ADA. *Id.* at 808. The Court in *Sullivan* found that the standard in ordering a fitness for duty exam is "restricted to discovering whether the employee can continue to fulfill the essential functions of the job." *Id.* at 811-812. The Court found

---

[2] The majority of Mr. Wilson's brief does not address the ADA.

2

that the pre-IME consultation supported the employer's claim it had a reasonable belief the employee could not meet this standard. *Id.* at 812. According to Mr. Wilson, *Sullivan* supports a finding that Defendant was not reasonable in requesting the IME, since Defendant did not have a psychologist review Plaintiff's behavior before the IME was requested. (Exhibit F, p. 2; Exhibit G, p. 24-25). However, the Court in *Sullivan* declined to rule that it is always necessary to complete such a review prior to ordering an IME. *Sullivan*, 197 F.3d at 812. Further, neither the Central District nor the Seventh Circuit require this review prior to ordering a psychiatric IME. *See Miller v. Champaign Community Unit School District*, 983 F.Supp. 1201 (1997); *Coffman v. Indianapolis Fire Department*, 578 F.3d 559 (7th Cir. 2009).

    **2.**    **Plaintiff fails to establish the IME was improper as untimely.**

In the rebuttal, Mr. Wilson suggests that the IME is improper due to the "lack of temporal proximity" between Plaintiff's conduct and the June 13, 2007 IME. (Exhibit F, p. 2). However, Defendant scheduled an IME to occur less than one month after the incident between Ms. Lebshier and Plaintiff was reported to Plaintiff's supervisory staff. (Defendant's Undisputed Material Facts, ¶ ¶ 62, 63, 73). Plaintiff failed to attend any IME scheduled by Defendant. (Defendant's Undisputed Material Facts, ¶ ¶ 75, 77, 87, 89, 91, 98). Plaintiff offers no authority suggesting an IME is no longer consistent with the ADA when an employee continually refuses to submit to the IME.

    **3.**    **Plaintiff has not presented any competent evidence to dispute his conduct and the evidence Defendant relied upon in ordering an IME.**

Plaintiff's Memorandum of Law is replete with additional facts unsupported by the record. The rebuttal and brief also contain additional, unsupported facts. These facts are not enough to overcome Defendant's summary judgment. *National Soffit & Escutcheons v. Superior Systems, Inc.*, 98 F.3d 262, 266 (7th Cir. 1996) (holding unsupported allegations do not raise an issue of fact precluding summary judgment).

In his response, Plaintiff does not dispute the majority of Defendant's undisputed material facts. Plaintiff concedes that on August 26, 2005, Plaintiff told his supervisor, Victor Puckett, that he was through listening to him while Mr. Puckett was trying to correct Plaintiff's work. (Defendant's Undisputed Material Facts, ¶ 49; Plaintiff's response, p. 3). It is undisputed that on September 9, 2005, Plaintiff attended a pre-disciplinary meeting, announced that he "had enough," and left before the meeting was over. (Undisputed

Material Facts, ¶ ¶ 55, 57; Plaintiff's response, p. 3). Upon leaving the meeting, Plaintiff spoke to his union representative, Jayme Lebshier, and became upset when talking about Victor Puckett. (Undisputed Material Facts, ¶ ¶ 56, 59, 50; Plaintiff's response, p. 3). Plaintiff does not dispute that Ms. Lebshier reported to Plaintiff's supervisors that Plaintiff was visibly upset, was shaking, and said repeatedly he was going to "get" Mr. Puckett. (Undisputed Material Facts, ¶ 62, 63; Plaintiff's response, p. 3).

These undisputed facts alone support a finding that the IME was job-related and consistent with business necessity, as required by Section 12112(d)(4)(A) of the ADA. 42 U.S.C. 12112(d)(4)(A). Plaintiff was insubordinate to his supervisor while receiving direction on how to perform his job duties. Two weeks later, Plaintiff's supervisory staff received information that Plaintiff was upset and making repeated threats to "get" his supervisor. With this information, an IME was reasonable and justified.

For the disputed facts, Plaintiff fails to support his allegations with competent evidence. Therefore, Defendant's motion is essentially unopposed. Defendant presents facts showing Plaintiff engaged in repeated insubordinate conduct (Defendant's Undisputed Material Facts, ¶ ¶ 23-26, 36, 42, 47, 49), sent several inflammatory and derogatory emails to Mr. Puckett (Defendant's Undisputed Material Facts, ¶ ¶ 29, 30, 32, 34, 35), and was disciplined for becoming "irate" at his supervisor. (Defendant's Undisputed Material Fact, ¶ 36). Defendant also presents facts showing Plaintiff's conduct was reported to supervisory staff on two separate occasions (Defendant's Undisputed Material Facts, ¶ ¶ 48-51, 62-65), and that Mr. Shuck decided Plaintiff should attend an IME after considering a variety of factors (Defendant's Undisputed Material Facts, ¶ ¶ 70-71).

Plaintiff disputes these facts with faulty evidentiary support. Plaintiff alleges several of the facts are immaterial since they are not referenced in his charges for discharge, and otherwise evidence harassment. (Plaintiff's response, ¶ ¶ 23-26, 29, 30, 32, 34, 35, 36). Plaintiff offers no authority suggesting Defendant should be bound to Plaintiff's charges for discharge in defending against his ADA claim. Further, Plaintiff offers no evidence to support his claim of harassment. *See Thomas v. Christ Hospital and Medical Center*, 328 F.3d 890, 892-93 (7th Cir. 2003) ("[c]onclusory allegations alone cannot defeat a Motion for Summary Judgment."). Plaintiff disputes the contents of the reports submitted to his supervisors regarding his

4

conduct, arguing that they were "designed to mimic and ape" Plaintiff. (Plaintiff's response, ¶¶ 50-51, 65). Plaintiff cites to no evidence to support these allegations. *Drake v. Minnesota Min. & Mfg. Co.,* 134 F.3d 878, 887 (7th Cir. 1998) ("Rule 56 demands something more specific than the bald assertion of the general truth of a particular matter, rather, it requires affidavits that cite specific concrete facts establishing the existence of the truth of the matter asserted."). Plaintiff disputes some facts by citing to evidence that does not support his allegation (Plaintiff's response, ¶¶ 42, 47, 50-51, 64, 65), citing generally to lengthy exhibits (Plaintiff's response, ¶¶ 36, 71), or citing to other documents for which no foundation has been laid for their admissibility (Plaintiff's response, ¶¶ 36, 50-51, 71). *See Ammons v. Aramark Uniform Services, Inc.*, 368 F.3d 809, 818 (7th Cir. 2004) ("[a] court should not be expected to review a lengthy record for facts that a party could have easily identified with greater particularity."); *Woods v. City of Chicago,* 234 F.3d 979, 988 (7th Cir. 2000) (documents considered for purposes of summary judgment must be properly authenticated and otherwise admissible evidence).

Defendant's evidence establishes over a seven-month time period, Plaintiff was insubordinate, sent hostile emails to his supervisor, became aggressive toward his supervisor, and repeatedly threatened to "get" his supervisor. Plaintiff's only claim is that Defendant violated his rights under Section 12112(d)(4)(A) of the ADA, which allows employers to require an IME if it is "job-related and consistent with business necessity." 42 U.S.C. § 12112(d)(4)(A). Defendant has established that its decision was consistent with Section 12112(d)(4)(A) of the ADA. Plaintiff failed to present any competent evidence in his response to create a material issue of fact.

Respectfully submitted,

ILLINOIS DEPARTMENT OF
CENTRAL MANAGEMENT SERVICES,

Defendant,

LISA MADIGAN, Attorney General,
State of Illinois,

Attorney for Defendant,

Amy Petry Romano, #6270427
Assistant Attorney General
500 South Second Street
Springfield, Illinois 62706   By:   s/ Amy Petry Romano
(217)782-9056                     AMY PETRY ROMANO
Of Counsel.                       Assistant Attorney General

5

IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | |  |
|---|---|---|
| MICHAEL A. SANDERS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| -vs- | ) | No. 09-3207 |
| | ) | |
| ILLINOIS DEPARTMENT OF | ) | |
| CENTRAL MANAGEMENT SERVICES, | ) | |
| | ) | |
| Defendant. | ) | |

**CERTIFICATE OF SERVICE**

I hereby certify that on December 22, 2011, I electronically filed Defendant's Reply to Plaintiff's Response to Defendant's Motion for Summary Judgment, with the Clerk of the Court using the CM/ECF system, and I hereby certify that on the same date, I mailed by United States Postal Service, the document to the following non-registered participant:

Michael Sanders
400 East Jefferson, Apt. # 205
Springfield, IL 62701

Respectfully submitted,

  s/ Amy Petry Romano
Amy Petry Romano,  #6270427
Assistant Attorney General
500 South Second Street
Springfield, IL   62706
Phone: (217) 782-9056
Fax: (217) 782-8767
E-Mail: aromano@atg.state.il.us