IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | |
|---|---|
| MICHAEL A. SANDERS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| -vs- ) | No. 09-3207 |
| ) | |
| ILLINOIS DEPARTMENT OF ) | |
| CENTRAL MANAGEMENT SERVICES, ) | |
| ) | |
| Defendant. ) | |

**MEMORANDUM OF LAW TO STRIKE PORTIONS OF PLAINTIFF'S OBJECTION TO DEFENDANT'S MOTION FOR SUMMARY JUDGMENT**

NOW COMES the Defendant, the ILLINOIS DEPARTMENT OF CENTRAL MANAGEMENT SERVICES, by and through its attorney, Lisa Madigan, Attorney General for the State of Illinois, and for its Memorandum of Law in Support of its Motion to Strike Portions of Plaintiff's Objection to Defendant's Motion for Summary Judgment, states as follows:

**I.  INTRODUCTION**

Plaintiff alleges that while employed by Defendant, Defendant violated his rights under Section 12112(d)(4)(A) of the ADA by requiring him to attend a psychiatric independent medical examination ("IME") and then subjecting Plaintiff to discipline for his failure to attend. (Complaint, ¶ 25). On November 1, 2011, Defendant filed its Motion for Summary Judgment and supporting Memorandum of Law. [Doc. 53-54]. In those filings, Defendant supports its position that its request for Plaintiff to attend an IME was consistent with Section 12112(d)(4)(A) of the ADA. On December 2, 2011, Plaintiff filed his Objection to Defendant's Motion for Summary Judgment. [Doc. 64]. In his response, Plaintiff raises several new claims which do not appear in his complaint. Specifically, Plaintiff now claims Defendant retaliated and/or discriminated against Plaintiff by: 1) accusing Plaintiff of making a bomb threat to his work site on February 26, 2009; 2) initiating disciplinary proceedings against him upon his return to work; 3) subjecting Plaintiff to a layoff; 4) approving a

1

discharge against him on November 23, 2010; 5) requiring Plaintiff to attend an IME after he complained about racist conduct; and 6) allowing Steve Miller to supervise him. (Plaintiff's Objection to Defendant's Motion for Summary Judgment, p. 1-2, 8). These new claims should be disregarded by the Court.

## II. ARGUMENT

The Seventh Circuit has emphasized that there must be a point at which a plaintiff makes a commitment to the theory of its case. *Sanders v. Venture Stores, Inc.*, 56 F.3d 771, 774 (7th Cir. 1995), *quoting Johnson v. Methodist Medical Center of Illinois*, 10 F.3d 1300, 1304 (7th Cir. 1993), *cert. denied,* 511 U.S. 1107, 114 S.Ct. 2102, 128 L.Ed.2d 664 (1994). Even the liberal pleading requirements of the federal rules do not permit plaintiffs "to wait until the last minute to ascertain and refine theories on which they intend to build their case. This practice, if permitted, wastes the parties' resources, as well as judicial resources . . . and would unfairly surprise defendants, requiring the court to grant further time for discovery and continuances." *Evans v. McDonald's Corp.*, 936 F.2d 1087, 1091 (10th Cir. 1991). Consistent with this reasoning, courts have refused to consider theories that a plaintiff asserts in response to a defendant's motion for summary judgment when the plaintiff failed to assert those theories first in its complaint. *See Shanahan v. City of Chicago*, 82 F.3d 776, 781 (7th Cir. 1996), *Speer v. Rand McNallly & Co.*, 123 F.3d 658, 665 (7th Cir. 1997), *Whitaker v. T.J. Snow Co*, 151 F.3d 661, 664 (7th Cir. 1998), and *Samuels v. Wilder*, 871 F.2d 1346, 1351 (7th Cir. 1989).

In *Conner v. Illinois Department of Natural Resources*, 413 F.3d 675 (7th Cir. 2005) *cert. denied* 546 U.S. 1064, 126 S.Ct. 804, 163 L.Ed.2d 663 (2005), the plaintiff, Kimberly Conner, was an employee of the defendant Department. *Id.* at 677. Conner filed a complaint under Title VII of the Civil Rights Act alleging she was denied promotions due to race discrimination and that her supervisor retaliated against her for complaining about racial discrimination. *Id.* at 678. In her

response to the Department's Motion for Summary Judgment, Conner for the first time alleged the Department discriminated against her by denying her temporary assignment pay. *Id.* The Department moved to strike this new allegation. *Id.* The District Court for the Central District of Illinois granted the Department's motion. *Id.* at 677. In upholding this ruling, the Seventh Circuit noted that pleadings are "vitally important to inform the opposing party of the grounds upon which a claim rests; a complaint is adequate only if it 'fairly notifies a defendant of matters sought to be litigated'." *Id.* at 679, *citing Sunstrand Corp. v. Standard Kollsman Indus., Inc.*, 488 F.2d 807, 811 (7th Cir. 1973). The Court considered Conner's argument that the new allegation was contained within the EEOC charge attached to her complaint, but found that "appending the EEOC charges to the complaint hardly serves as notification that the plaintiff is adding an entirely new count." *Conner,* 413 F.2d at 679, *citing Wislocki-Goin v. Mears*, 831 F.2d 1374, 1377 (7th Cir. 1987) *cert. denied* 485 U.S. 936, 108 S.Ct. 1113, 99 L.Ed.2d 274 (1988). The Court also considered that Conner never sought leave to amend her complaint to add this new allegation, and found it improper to amend a complaint in this fashion. *Conner,* 413 F.2d at 679.

Like in *Conner*, Plaintiff is attempting to raise new claims in response to Defendant's Motion for Summary Judgment. These new claims appear to sound in retaliation or are additional discrimination claims. *Conner* rejected addition additional discrimination claims to an ongoing discrimination lawsuit by responding to a motion for summary judgment. In his complaint, Plaintiff claims the IME was not "job related and consistent with business necessity" as required by the ADA, and that he was improperly disciplined for failing to attend the IME. Allowing Plaintiff to advance new legal arguments, at this late stage in the proceeding, would unduly prejudice Defendant's case. Plaintiff has not sought leave of court to add additional causes of action and discovery has been completed by the parties.

Further, in his response, Plaintiff provides no evidence to support these additional claims. *See Thomas v. Christ Hospital and Medical Center*, 328 F.3d 890, 892-93 (7th Cir. 2003) ("[C]onclusory allegations alone cannot defeat a Motion for Summary Judgment."); *see also National Soffit & Escutcheons v. Superior Systems, Inc.*, 98 F.3d 262, 266 (7th Cir. 1996) (holding that unsupported allegations do not raise an issue of fact precluding summary judgment). As such, these new claims should not be considered for purposes of Defendant's Motion for Summary Judgment. However, should the Court determine that the new allegations were properly raised by Plaintiff, Defendant requests additional time to respond to these new claims.

WHEREFORE, Defendant respectfully requests the Court enter an order striking all portions of Plaintiff's responsive brief referring to the issues concerning a bomb threat to Plaintiff's work site; disciplinary proceedings against Plaintiff upon his return to work; Plaintiff's layoff; Plaintiff's discharge on November 23, 2010; requiring Plaintiff to attend an IME after he complained about racist conduct; and allowing Steve Miller to supervise Plaintiff, since these claims were not referenced in Plaintiff's Complaint. Alternatively, should the Court determine that these new claims were properly raised, Defendant requests additional time to respond to these claims.

    Respectfully submitted,

    ILLINOIS DEPARTMENT OF
    CENTRAL MANAGEMENT SERVICES,

        Defendant,

    LISA MADIGAN, Attorney General,
    State of Illinois,

Amy Petry Romano, #6270427     Attorney for Defendant,
Assistant Attorney General
500 South Second Street
Springfield, Illinois 62706     By:   s/ Amy Petry Romano
(217)782-9056     AMY PETRY ROMANO
Of Counsel.     Assistant Attorney General

IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | |
|---|---|
| MICHAEL A. SANDERS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| -vs- | ) No. 09-3207 |
| | ) |
| ILLINOIS DEPARTMENT OF | ) |
| CENTRAL MANAGEMENT SERVICES, | ) |
| | ) |
| Defendant. | ) |

**CERTIFICATE OF SERVICE**

    I hereby certify that on December 22, 2011, I electronically filed Memorandum of Law in Support of Defendant's Motion to Strike Portions of Plaintiff's Objection to Defendant's Motion for Summary Judgment, with the Clerk of the Court using the CM/ECF system, and I hereby certify that on the same date, I mailed by United States Postal Service, the document to the following non-registered participant:

Michael Sanders
400 East Jefferson, Apt. # 205
Springfield, IL 62701

Respectfully submitted,

   s/ Amy Petry Romano
Amy Petry Romano, #6270427
Assistant Attorney General
500 South Second Street
Springfield, IL  62706
Phone: (217) 782-9056
Fax: (217) 782-8767
E-Mail: aromano@atg.state.il.us