IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | |
|---|---|
| MICHAEL A. SANDERS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| -vs- | ) No. 09-3207 |
| | ) |
| ILLINOIS DEPARTMENT OF | ) |
| CENTRAL MANAGEMENT SERVICES, | ) |
| | ) |
| Defendant. | ) |

**MEMORANDUM OF LAW IN SUPPORT OF MOTION
TO STRIKE COMPENSATORY DAMAGES, PUNITIVE DAMAGES,
LIQUIDATED DAMAGES, AND JURY DEMAND**

NOW COMES the Defendant, Illinois Department of Central Management Services, by and through its attorney, Lisa Madigan, Attorney General of the State of Illinois, and submits this memorandum of law in support of its motion to strike Plaintiff's request for compensatory damages, punitive damages, liquidated damages, and jury demand. In support thereof, Defendant states as follows:

**I. INTRODUCTION**

Plaintiff, Michael Sanders, brings this action sounding in retaliation, alleging that the Illinois Department of Central Management Services ("CMS") violated his rights under Section 12112(d)(4)(A) of the Americans with Disabilities Act ("ADA"). Specifically, Plaintiff alleges that while employed for CMS, he was required by CMS to attend a psychiatric independent medical examination ("IME") and was disciplined by CMS for his failure to attend. Plaintiff seeks declaratory relief, compensatory damages, costs and attorney's fees, liquidated damages, and exemplary damages. Trial is scheduled to begin March 6, 2012.

1

Both parties currently have pending motions for summary judgment before this Court. Should this Court determine that Plaintiff's claims survive Defendant's motion for summary judgment, Defendant moves to strike Plaintiff's request for compensatory damages, liquidated damages, and exemplary damages. These damages are not allowed in ADA retaliation claims. Since compensatory and exemplary damages are the only damage claims granting Plaintiff the right to a trial by jury, Defendant also moves to strike Plaintiff's request for a jury demand.

## II.  ARGUMENT

In this circuit, a plaintiff is not entitled to seek punitive or compensatory damages on a retaliation claim in a case brought under the ADA. *Kramer v. Banc of America Securities, LLC,* 355 F.3d 961, 965 (7th Cir. 2004). In addition, liquidated damages do not apply to an ADA retaliation claim. Liquidated damages are a stipulated amount agreed to between two parties to a contract. *See Black's Law Dictionary* 418 (8th Ed. 1999). Even though Plaintiff in this case seeks punitive, compensatory, and liquidated damages, they are not available and should be stricken.

In *Kramer,* the Court determined that a plaintiff bringing an ADA retaliation claim is only entitled to equitable relief. *Kramer,* 355 F.3d at 966. The court noted that "[t]here is no right to a jury where the only remedies sought (or available) are equitable." *Id.* As such, Plaintiff in the instant case is not entitled to a jury trial, and his request for a jury demand should be stricken.

This request is timely. Trial is scheduled for March 6, 2012. In *Kramer,* the defendant filed a motion ten days before trial to exclude compensatory and punitive damages and to strike the jury demand. The appellate court held that this was timely, and that the request was proper even though both parties had up to that point agreed to a jury trial. *Id.* at 967 - 68 [plaintiff was entitled to have her claim of retaliation (for which she was entitled only to equitable remedies) heard by a jury only

2

if defendant consented and the district court agreed; where the district court decided there was no right to a jury trial, motion 10 days before trial was proper].

WHEREFORE, for these reasons, Defendant respectfully requests this court to strike Plaintiff's request for compensatory damages, punitive damages, liquidated damages, and jury demand.

                                              Respectfully submitted,

                                              ILLINOIS DEPARTMENT OF
                                              CENTRAL MANAGEMENT SERVICES,

                                                  Defendant,

                                              LISA MADIGAN, Attorney General,
                                              State of Illinois,

Amy Petry Romano, #6270427                 Attorney for Defendant,
Assistant Attorney General
500 South Second Street
Springfield, Illinois 62706                    By:   s/ Amy Petry Romano
(217)782-9056                                   AMY PETRY ROMANO
     Of Counsel.                                Assistant Attorney General

IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | |
|---|---|
| MICHAEL A. SANDERS, | ) |
| Plaintiff, | ) ) ) |
| -vs- | ) No. 09-3207 |
| ILLINOIS DEPARTMENT OF CENTRAL MANAGEMENT SERVICES, | ) ) ) ) |
| Defendant. | ) |

**CERTIFICATE OF SERVICE**

I hereby certify that on February 17, 2012, I electronically filed a Memorandum of Law in Support of Defendant's Motion to Strike Compensatory Damages, Punitive Damages, Liquidated Damages, and Jury Demand, with the Clerk of the Court using the CM/ECF system, and I hereby certify that on the same date, I served a copy of the foregoing by mailing same in an envelope properly addressed and with postage fully prepaid to the following non-registered participant:

Michael Sanders
400 East Jefferson, Apt. # 205
Springfield, IL 62701

Respectfully submitted,

s/ Amy Petry Romano
Amy Petry Romano, #6270427
Assistant Attorney General
500 South Second Street
Springfield, IL   62706
Phone: (217) 782-9056
Fax: (217) 782-8767
E-Mail: aromano@atg.state.il.us