IN THE UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | |
|---|---|
| MICHAEL A. SANDERS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 09-3207 |
| ) | |
| ILLINOIS DEPARTMENT OF ) | |
| CENTRAL MANAGEMENT ) | |
| SERVICES, ) | |
| ) | |
| Defendant ) | |

OPINION

SUE E. MYERSCOUGH, U.S. District Judge:

This cause is before the Court on Defendant's Motion to Stay Trial (d/e 71) and Motion to Strike Compensatory Damages, Punitive Damages, Liquidated Damages, and Jury Demand (d/e 72). For the reasons that follow, the Motions are GRANTED IN PART and DENIED IN PART.

I. ANALYSIS

In the Motion to Stay Trial, Defendant asks that the March 6, 2012 trial and all pre-trial deadlines be stayed pending resolution of the

parties' cross-motions for summary judgment. Contemporaneously with this Order, the Court has ruled on the pending motions for summary judgment, denying both of them. Therefore, the case remains set for a pretrial conference on February 27, 2012. At that hearing, the Court will extend the deadline for submitting jury instructions, set the deadline for motions in limine, and set a firm trial date.

Defendant has also filed a Motion to Strike Compensatory Damages, Punitive Damages, Liquidated Damages, and Jury Demand. Specifically, Defendant argues that Plaintiff's claim is one for retaliation, under the Americans with Disabilities Act (ADA), for which only equitable relief is an available remedy. Defendant seeks to strike the request for (1) compensatory and punitive damages, because such damages are not available for ADA retaliation claims; (2) liquidated damages, because such damages are a stipulated amount agreed to between two parties to a contract; and (3) trial by jury because the only available remedies are equitable.

Section 1981a(a)(2), pertaining to damages in cases of intentional

discrimination in employment, provides as follows:

> In an action brought by a complaining party under the powers, remedies, and procedures set forth in section 706 or 717 of the Civil Rights Act of 1964 [42 U.S.C.A. §§ 2000e-5 or 2000e-16] (as provided in section 107(a) of the Americans with Disabilities Act of 1990 (42 U.S.C. 12117(a)), and section 794a(a)(1) of Title 29, respectively) against a respondent who engaged in unlawful intentional discrimination (not an employment practice that is unlawful because of its disparate impact) under section 791 of Title 29 and the regulations implementing section 791 of Title 29, or who violated the requirements of section 791 of Title 29 or the regulations implementing section 791 of Title 29 concerning the provision of a reasonable accommodation, <u>or section 102 of the Americans with Disabilities Act of 1990 (42 U.S.C. 12112), or committed a violation of section 102(b)(5) of the Act, against an individual, the complaining party may recover compensatory and punitive damages</u> as allowed in subsection (b) of this section, in addition to any relief authorized by section 706(g) of the Civil Rights Act of 1964, from the respondent.

42 U.S.C.A. § 1981a(a)(2) (emphasis added). The Seventh Circuit has held that §1981a(a)(2) does "not contemplate compensatory or punitive damages for a retaliation claim under the ADA." <u>Kramer v. Banc of America Securities, LLC</u>, 355 F.3d 961, 965 (7th Cir. 2004).

Plaintiff brought his claim under § 12112(d)(4) of the ADA, which prohibits medical examinations and inquiries except under certain circumstances. The medical examination provisions are contained in § 12112 of the Act, which pertain to discrimination, not § 12203, which pertains to retaliation. Therefore, this Court disagrees with Defendant's characterization of Plaintiff's claim as one brought for retaliation and denies the Motion to Strike the request for compensatory and punitive damages.

Defendant does not address here, or in its motion for summary judgment, whether Plaintiff can bring his § 12112(d)(4) without demonstrating that he is a qualified individual with a disability. This Court did not decide that issue on summary judgment and does not decide it here. In any event, Defendant seeks to strike the request for compensatory and punitive damages on the basis that Plaintiff's claim is a claim of retaliation. Because Plaintiff's claim is brought under § 12112(d)(4), the discrimination section of the ADA, Defendant's request to strike the request for compensatory and punitive damages is denied.

See, e.g., U.S. E.E.O.C. v. Dillard's Inc., 2012 WL 440887 at *6 (S.D. Cal. 2012) ("A prohibited examination or inquiry under subsection (d)(4) constitutes discrimination under § 12112(a)," for which compensatory and punitive damages may be awarded). Moreover, because this Court is not striking Plaintiff's request for compensatory and punitive damages, Defendant's request that the jury demand be stricken is also denied.

However, the Court will grant Defendant's Motion to Strike to the extent it seeks to strike the request for liquidated damages. Such damages are not available in an ADA case. See Robinson v. Global Marine Drilling Co., 101 F.3d 35, 36 (5th Cir. 1996) ("Liquidated damages are not recoverable under the ADA"); Magnussen v. Casey's Marketing Co., 787 F. Supp. 2d 929, 939 n. 3 (N.D. Iowa 2011) (same).

## II. CONCLUSION

For the reasons stated, Defendant's Motion to Stay Trial (d/e 71) is GRANTED IN PART and DENIED IN PART. At the February 27, 2012 pretrial conference, the Court will extend the deadlines for the

parties to submit jury instructions and for filing motions in limine and will give the parties a firm trial date. Defendant's Motion to Strike Compensatory Damages, Punitive Damages, Liquidated Damages, and Jury Demand (d/e 72) is GRANTED IN PART and DENIED IN PART. The request for liquidated damages is stricken. The request for compensatory damages and punitive damages remains, as does the jury demand.

ENTER: February 21, 2012

FOR THE COURT:

                                            s/Sue E. Myerscough
                                            SUE E. MYERSCOUGH
                                            UNITED STATES DISTRICT JUDGE