IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

MICHAEL SANDERS    )
                   )
PLAINTIFF          )
                   )      09-3207
     v.            )
                   )
ILLINOIS DEPARTMENT OF CENTRAL  )
MANAGEMENT SERVICES             )      FILED
                   )
DEFENDANT          )      MAR 0 9 2012
                   )
                          CLERK OF THE COURT
                          U.S. DISTRICT COURT
                          CENTRAL DISTRICT OF ILLINOIS

**MOTION IN LIMINE**

Now comes the Pro Se Plaintiff, Michael A. Sanders, and motions this Court for a determination regarding the legality of Defendants removal of Doctor/Patient confidentiality from the IME's it ordered Plaintiff to attend, Plaintiff states as follows in support of said motion:

The Mental Health and Developmental Disabilities Confidentiality Act prohibits the disclosure of mental health records and communications except as provided by the Act. 740 ILCS 110/3(a); also see *Albers V. Breen*, 346 Ill.App.3d 799, 804, 806 N.E.2d 667, 672, 282 Ill.Dec 370, 375 (4th Dist. 2004)(holding "when a recipient or other person communicates something to a therapist, that communication must thereafter be kept confidential, except where the Confidentiality Act specifically allows disclosure"). The communication covered by the Confidentiality act include an communication made by a receipt or other person to a therapist.....during or in connection with providing mental

health services to a recipient. Communication includes information which indicates that a person is a recipient. 740 ILCS 110/2 (emphasis added). The records covered by the Confidentiality Act include any record kept by a therapist or agency in the course of providing mental health services to a recipient concerning the recipient and the services provided. *MgGreal v. Ostrov*, 368 F.3d 657, 688 (7th Cir. 2004)(citing110/2)

The protections of the Mental Health and Developmental Disabilities Confidentiality Act is broader than physician-patient privilege, and all communications and records generated in connection with providing mental health services to a recipient are protected unless exempt by law. *People v. Kaiser*, 239 Ill.App.3d 295, 606 N.E.2d 695, 179 Ill.Dec. 863 (2nd Dist. 1992). Except as provided in the Confidentially Act, in any civil, criminal or administrative proceeding, a recipient has the privilege to refuse to disclose and to prevent the discloser of a recipient's records or communication. 740 ILCS 110/10.

Examinations, evaluations and diagnosis made during a psychiatric "fitness for duty examination" constitute "mental health services" within the meaning of the Confidentiality Act, which generally prohibits the disclosure of mental health records kept in the course of providing mental health services. *See McGreal v. Ostrov*, 368 F.3d, 657, 688 (7th Cir. 2004). Anyone seeking the non consensual release of mental health information faces a formidable challenge and must show that the disclosure is authorized by the Act. *Norskog v. Pfiel*, 197 Ill.2d 60, 72, 755 N.E.2d 1, 10, 257 Ill.Dec. 899, 908 (2001).

The Confidentiality Act contains no disclosure exemption for performing mental health examinations to determine fitness for duty evaluation. See McGreal v. Ostrov, 368 F.3d at 688. Additionally, the Confidentiality Act and case law indicate that the recipient's expectation of privacy is dispositive in determining the disclosure of mental health information. See, McGreal v. Ostrov, 368 F.3d at 690; Sangirardi v. Village of Stickney, 342 Ill.App.3d 1, 15, 793 N.E.2d 787, 799, 276 Ill.Dec. 28, 40 (1st Dist.2003); Scott v. Edinburg, 101 F.Supp.2d 1017, 1020 (N.D.Ill.2000).

Neither Plaintiff nor any other Data Processing Technician are required to undergo psychiatric examinations when hired by Defendant. Therefore, Plaintiff had expectation that he would ever be required by Defendant to consent to the non consensual disclosure of mental health information.

Each IME order Defendant sent to Plaintiff contained the following verbiage:

"Dr. Killian will forward me the evaluation and completed physician's statement from your examination; therefore, confidentiality between doctor and patient will **NOT** be in place."

Plaintiff believes that any information generated as a result of Plaintiff actually attending an IME would have been prohibited from disclosure without the consent of Plaintiff. Furthermore, Plaintiffs decision not to attend the IME was based partly upon the fact that Defendant removed doctor patient confidentiality from the IME.

For the reasons cited above Plaintiff requests the Court to issue a determination regarding whether the IME's Defendant ordered Sanders to attend constitute a violation of the Confidentiality Act.

## CERTIFICATE OF SERVICE

Pro se plaintiff, Michael A. Sanders, herein certifies that he has served a copy of the foregoing instrument with all attachments via HAND DELIVERY on March 9, 2012 upon:

Amy Petry Romano

Illinois Attorney Generals Office

500 South 2nd Street

Springfield, Illinois 62702

---

Questions or concerns may be directed to:

Michael A. Sanders

400 E Jefferson #205

Springfield, Illinois 62701

(217)-361-2237