E-FILED
Friday, 09 March, 2012  03:16:36 PM
Clerk, U.S. District Court, ILCD

IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

MICHAEL SANDERS       )
                      )
PLAINTIFF             )
                      )          09-3207
v.                    )
                      )
ILLINOIS DEPARTMENT OF CENTRAL )
MANAGEMENT SERVICES   )          FILED
                      )
DEFENDANT             )          MAR 0 9 2012
                      )
                                 CLERK OF THE COURT
                                 U.S. DISTRICT COURT
                                 CENTRAL DISTRICT OF ILLINOIS

**PROPOSED JURY INSTRUCTIONS**

Now comes the Pro se Plaintiff, Michael A. Sanders, and submits to this Court the following proposed jury instructions:

1. The Americans with Disabilities Act (ADA) permits employers to require employees to undergo a medical examination where the medical examination is "job related and consistent with business necessity". The Defendant has the burden of proving by a preponderance of evidence the medical examination was job related and consistent with business necessity.

   A medical examination is job related and consistent with business necessity if the Defendant had a reasonable belief, based on objective evidence, that the Plaintiff's ability to perform essential job functions was impaired by a medical condition.

If you find that the Defendant has shown the medical examination was job related and consistent with business necessity, your verdict should be for the Defendant.

If you find that the plaintiffs medical examination was not job related and consistent with business necessity your verdict should be for the Plaintiff.

2. It is unlawful for a person or entity to discriminate against any individual because that individual has opposed an act or practice that he or she reasonably believes to be unlawful under the ADA or because that individual made a charge, testified, assisted, or participated in any manner in an investigation, proceeding or hearing under ADA.

Disability is not an element of a retaliation action under ADA. For the Plaintiff to establish retaliation in violation of the ADA, the Plaintiff must prove the following elements by a preponderance of evidence:

   a) Plaintiff engaged in conduct protected under the ADA;
   b) Plaintiff was subjected to an adverse employment action at the time, or after, the protected conduct occurred; and
   c) Plaintiffs protected activity was the determining factor in the defendant's adverse employment action. In other words, the Defendant would not have made the same decision but for the Plaintiffs protected activity

If you find that each of these elements, on which the Plaintiff has the burden of proof, has been proved, your verdict must be that the medical examination were not job related and consistent with business necessity.

3   The Americans with Disabilities Act (ADA) permits employers to require employees to undergo a medical examination where the medical examination is "job related and consistent with business necessity". The Defendant has the burden of proving by a preponderance of evidence the medical examination was job related and consistent with business necessity.

A medical examination is job related and consistent with business necessity if the Defendant had a reasonable belief, based on objective evidence, that the Plaintiff's ability to perform essential job functions was impaired by a medical condition.

Doctor/Patient Confidentiality is protected under State and Federal law. No exemption exists in state or Federal law for employer ordered "fitness for duty examinations".

If you find that the removal of Doctor/Patient confidentiality from the IME's Plaintiff was ordered to attend was a violation of any State or Federal law you must find that the IME was illegal and you must rule in favor of the Plaintiff.

## CERTIFICATE OF SERVICE

Pro se plaintiff, Michael A. Sanders, herein certifies that he has served a copy of the foregoing instrument with all attachments via HAND DELIVERY on March 9, 2012 upon:

Amy Petry Romano

Illinois Attorney Generals Office

500 South 2nd Street

Springfield, Illinois 62702

---

Questions or concerns may be directed to:

Michael A. Sanders

400 E Jefferson #205

Springfield, Illinois 62701

(217)-361-2237