IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION



FILED
MAR 14 2012
CLERK OF THE COURT
U.S. DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

| | |
|---|---|
| MICHAEL SANDERS )<br>)<br>PLAINTIFF )<br>)<br>v. )<br>)<br>ILLINOIS DEPARTMENT OF CENTRAL )<br>MANAGEMENT SERVICES )<br>)<br>DEFENDANT )<br>) | 09-3207 |

### OBJECTION TO DEFENDANTS MOTION IN LIMINE

Now comes the pro se plaintiff Michael A. Sanders and files his objection to Defendants "Motion in Limine. In support of said objection Plaintiff states as follows:

**A)  Defendant states in its Memorandum of Law in support of Defendants Motion of Limine that: "Plaintiff's evidence suggesting the IME violated Plaintiffs confidentiality should be barred"**

Plaintiff argues that Defendant is engaged in willful, arbitrary, capricious and malicious litigation of the matter before this Court. The Plaintiff's rights to Doctor/Patient confidentiality are protected as a matter of both State and Federal law and cannot be removed due to an employer demanded fitness for duty evaluation. See Illinois Mental Health and Developmental Disabilities Confidentiality Act 740 ILCS 110/3(a).

For that reason, The Defendant would not have been entitled to receive any psychological evaluation regarding the Plaintiff without the consent of the Plaintiff, had the Plaintiff attended any of the IME's which he was ordered to attend by the Defendant.

Thus, Plaintiff requests this Court to reject in its entirety this argument by the Defendant.

## B) Defendant states in its Memorandum of Law in support of Defendants Motion of Limine that: "The testimony of Dr. Terry Killian should be barred".

Plaintiff argues that Dr Terry Killian acted as a paid agent/proxy for Defendant, received information from the Defendant and is the only individual that can reliably testify regarding the issue of Doctor/Patient confidentiality and the Defendants rationale for ordering Plaintiff to attend the IME's.

Furthermore, Plaintiffs decision to not attend the IME's was partially based upon Defendants illegal removal of Doctor/Patient confidentiality from the IME's. Thus, Dr. Terry Killian is a material witness to the case and his full unfettered testimony should be obtained.

Thus, Plaintiff requests this Court to reject in its entirety this argument by the Defendant.

C) Defendant states in its Memorandum of Law in support of Defendants Motion of Limine that: "Plaintiff should be barred from presenting evidence beyond the scope of his EEOC charge and Federal complaint".

Plaintiffs "EEOC complaint" and "right to sue letter" identified race, retaliation and disability as the basis of the underlying complaint.

The damages Plaintiff seeks in this case are the damages Plaintiff sustained as a result of this illegal discharges by Defendant. Furthermore, Plaintiff could not have sustained any of the listed damages but for Defendants illegal discharge of Plaintiff.

Thus, Plaintiff requests this Court to reject in its entirety this argument by the Defendant.

D) Defendant states in its Memorandum of Law in support of Defendants Motion of Limine that: "The testimony of Michael Berk should be barred:

Michael Berk, while an employee of the Illinois Department of Employment Security (IDES), has effectively acted as an agent for Defendant.

Michael Berk unilaterally overturned the internal decision of special investigators of

IDES regarding Plaintiffs 2005 unemployment compensation claim. This resulted in an involuntary withholding order being placed against the Plaintiff prior to Plaintiff being discharged in 2007.

Michael Berk illegally halted Plaintiffs unemployment compensation with respect to Plaintiffs 2007 discharge from employment. The cessation of unemployment compensation was in violation of IDES policy/practice/procedure and also a violation of 820 ILCS 405/706 which prohibits such conduct.

Furthermore, the illegal cessation of Plaintiffs unemployment benefits occurred on the same day that Defendants Internal Personnel Department received Plaintiffs complaint from the Chicago District office of EEOC.

The illegal cessation of Plaintiff's 2007 unemployment compensation directly led to the liquidation of Plaintiffs State Employee Retirement System (SERS) account and effectively leaves Plaintiff without a pension after 20 years of state service. The liquidation of plaintiffs (SERS) account is a crucial part of plaintiffs claim and must not be neglected by this court.

Thus, Plaintiff believes that Defendants request to bar the testimony of Michael Berk must be stricken by this court.

E) Defendant states in its Memorandum of Law in support of Defendants Motion of Limine that: "The findings and rulings of the Illinois Civil Service Commission and its Administrative Law Judge should be barred"

Plaintiff EEOC complaint was received by the Chicago District of EEOC on November 16, 2007, well before the determination of Illinois Civil Service Commission. The Commission noted ADA implications within its order. Although, Plaintiff's legal counsel chose not to pursue an ADA argument the EEOC complaint was contained within the discovery material which Defendant released to Plaintiff.

Also, should this Court grant this request it will allow Defendant to introduce a separate and distinct rationale for its decision to odder the Plaintiff to attend an IME which will result in a manifest miscarriage of justice.

Thus Plaintiff requests that Defendants motion regarding the order of the Illinois Civil Service Commission be stricken.

F)   Defendant states in its Memorandum of Law in support of Defendants Motion of Limine that: "Evidence regarding the findings and investigation by the office of the Executive Inspector General relating to Plaintiff should be barred"

The investigation by OEIG was initiated by Defendants personnel department in an attempt to justify discharging Plaintiff. Evidence exists within the record that had the OEIG investigation resulted in a "FOUNDED" determination then that determination would have used to discharge Plaintiff.

Furthermore, the Court should note that Defendant attempts to mislead this Court by suggesting that it is unaware of what was investigated by OEIG.

Thus, Plaintiff requests this Court to reject in its entirety this argument by the Defendant.

G)   Defendant states in its Memorandum of Law in support of Defendants Motion of Limine that: "Evidence regarding attorneys fees for counsel who have not entered an appearance in this case should be barred."

The law firm of Gates, Wise and Schlosser represented Plaintiff at the Illinois Civil Service Commission with respected to both Paltiffs 2005 & 2007 discharge from

employment. That law firm also periodically represents Dr. Terry Killian in various legal matters. This fact creates a conflict of interest in that said law firm could not and would not take an adversarial posture toward Dr. Terry Killian. Thus, Plaintiff retained attorney James Baker who ultimately refused to compel testimony from Dr. Terry Killian and was removed as Plaintiffs legal counsel.

Plaintiffs, complaint requests damages for all expenses that Plaintiff sustained as result of Defendant requiring him to submit to an IME and specifically referenced this litigation and past litigation. Defendant has raised no objection regarding this matter in the past and should not be allowed to do so now. Defendants refusal to make Plaintiff whole by accepting responsibility for the financial debt which Plaintiff accrued in order to defend against Defendants nefarious employment actions are part and parcel of what motivates the matter presently before the Court.

Thus, Plaintiff requests this Court to reject in its entirety this argument by the Defendant.

**H) Defendant states in its Memorandum of Law in support of Defendants Motion of Limine that: "Evidence regarding back pay should be barred."**

Upon Plaintiffs 20007 discharge from employment the office of the Illinois Attorney General made demands regarding the scheduling of a hearing before the Illinois Civil

Service Commission which Plaintiffs legal counsel was unable to meet due to other legal matters that his law firm was involved in. Thus, Plaintiffs legal counsel requested a continuance.

Plaintiff believes that the circumstances he has been subjected to are highly unusual and not the "normal" circumstances which Defendants cites at 80 Ill Admin Code 1.210(d). Furthermore, Plaintiff asserts that a manifest injustice is created by allowing this Defendant to engage in blatant, deliberate, and intentional unlawful employment practices which result in significant financial costs for the Plaintiff.

Thus, Plaintiff requests this Court to reject in its entirety this argument by the Defendant.

**I)   Defendant states in its Memorandum of Law in support of Defendants Motion of Limine that: "Evidence regarding undisclosed damages should be barred."**

Plaintiff was unable to assess a dollar amount for certain damages and leaves those damages to the Court to evaluate.

What Plaintiff does assess is that all of his former co-workers were promoted during the four years which Defendant ordered Plaintiff to remain on involuntary Administrative Leave of Absence with pay in a fraudulent attempt to assess his "fitness for duty".

Plaintiff also assesses that he would not have been considered for any promotional vacancy within state government during the four years that Defendant placed Plaintiff on involuntary Administrative Leave of absence with pay due to Defendant erroneous concerns regarding Plaintiffs mental health status.

As a former DPS III supervisor, Plaintiff asserts that Defendants actions in discharging Plaintiff on 3 separate occasions and forcing Plaintiff onto involuntary Administrative Leave of absence with pay for four years have adversely effected his career with the State of Illinois.

In so far as the other damages are concerned Plaintiff sufficiently identified the number hours of compensable time which Plaintiff was entitled to , via the AFSCME contract, and which Defendant "stole" or refused to award.

Plaintiff cannot be expected to provide a dollar figure regarding damages which he cannot calculate.

Thus, Plaintiff requests this Court to reject in its entirety this argument by the Defendant.

K)    Defendant states in its Memorandum of Law in support of Defendants Motion of Limine that: "Plaintiff's damages for alleged personal injuries should be barred."

The $200,000.00 in personal injuries claimed by Plaintiff, includes but is not limited to, being compelled to see a physician in 2010 for what was diagnosed as work related stress resulting in inability to sleep for days at a time

Defendant feigns ignorance of the fact that its actions have adversely, and in some instances irreparably, impacted Plaintiffs psyche, reputation, character, and his career. Defendant's actions have poisoned Plaintiffs working relationship with individuals Plaintiffs has known for years.

Defendant's actions have harmed Plaintiffs relationships with his family and friends and Plaintiff has become stigmatized within the African American Community and the community at large.

As a prime example I cite the fraudulent February 26, 2009 "bomb threat" which occurred well after Plaintiff had been reinstated to employment and the refusal of local law enforcement to prosecute such a racist, callous, dangerous, criminal, cowardly and discriminatory act.

The Court should consider why Plaintiff was the only individual investigated even though Plaintiff had not reported to work in a four year period of time. The effects of Defendants discriminatory employment actions reverberate to this day.

Thus, Plaintiff requests this Court to reject in its entirety this argument by the Defendant.

## CERTIFICATE OF SERVICE

Pro se plaintiff, Michael A. Sanders, herein certifies that on March 14, 2012 he has served a copy of the foregoing instrument with all attachments, VIA HAND DELIVERY, upon:

Amy Petry Romano

Illinois Attorney Generals Office

500 South 2nd Street

Springfield, Illinois 62702

---

Questions or concerns may be directed to:

Michael A. Sanders

400 E Jefferson #205

Springfield, Illinois 62701

(217)-361-2237