IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | |
|---|---|
| MICHAEL A. SANDERS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| -vs- ) | No. 09-3207 |
| ) | |
| ILLINOIS DEPARTMENT OF ) | |
| CENTRAL MANAGEMENT SERVICES, ) | |
| ) | |
| Defendant. ) | |

**RESPONSE TO PLAINTIFF'S MOTION IN LIMINE**

NOW COMES Defendant, the ILLINOIS DEPARTMENT OF CENTRAL MANAGEMENT SERVICES, by and through Lisa Madigan, Attorney General of the State of Illinois, and for its Response to Plaintiff's Motion in Limine, states as follows:

**I. INTRODUCTION**

A final pre-trial conference in this matter was held on February 27, 2012. At the conference, the Court ordered that any motions in limine must by filed by March 9, 2012. On March 9, 2012, Plaintiff filed a document entitled "Motion in Limine" [Doc. 81]. In this motion, Plaintiff does not ask the Court to bar Defendant from presenting certain evidence at trial. Instead, the motion asks the Court to determine whether Defendant violated the Mental Health and Developmental Disabilities Confidentiality Act (Act). 740 ILCS 110/1, et *seq*.

**II. ARGUMENT**

Plaintiff's motion should be denied. First, it is not a proper motion is limine. In the motion, Plaintiff requests the Court to make a finding of law. Because of this, the motion

1

is more akin to a motion for summary judgment or to a declaratory judgment action. Neither is appropriate at this stage of Plaintiff's claim.

Second, to the extent the Court determines that Plaintiff's motion is appropriately filed, Plaintiff fails to support his motion with any persuasive authority. It appears that Plaintiff is arguing that if he would have attended the IME, CMS would be in receipt of information that would violate Plaintiff's confidentiality pursuant to the Act. However, Plaintiff refused to attend the IME. As such, CMS is not in possession of any information resulting from Plaintiff's IME. The Act protects the confidentiality of recipients of mental health services. 740 ILCS 110/3, 4, 5, 6, 7, 7.1, 8, 8.1, 9, 9.1, 9.2, 10, 12, 12.2, 13. Since Plaintiff never received mental health services pursuant to the IME, he is not a recipient under the Act. 740 ILCS 110/2. As such, Plaintiff cannot claim confidentiality under this Act.

In support of his argument, Plaintiff primarily relies upon *McGreal v. Ostrov*, 368 F.3d 657 (7th Cir. 2004). In *McGreal*, the plaintiff, James McGreal, was ordered by his superiors to attend a fitness for duty evaluation with a psychologist, and filed a multi-count complaint alleging, among other things, that the evaluation amounted to retaliation by his supervisors and a violation of the confidentiality provisions under the Act. *McGreal*, 368 F.3d at 671. McGreal appealed the entry of summary judgment in favor of the Defendants. *McGreal*, 368 F.3d at 662. The Court found that McGreal was a recipient pursuant to the Act. However, unlike the instant matter, McGreal *submitted to three sessions* with the psychologist, making *McGreal* factually dissimilar to Plaintiff's case. *Id.* at 668, 687 (emphasis added). Significantly, all the cases cited by Plaintiff in support of his motion involve individuals who received mental health services, and thus would be recipients under the Act. *See People v. Kaiser,* 239 Ill. App. 3d 295 (1992); *Norskog v. Pfiel*, 314 Ill.

App. 3d 877, 879 (2000); *Sangirardi v. Village of Stickney*, 342 Ill. App. 3d 1 (2003); *Scott v. Edinburg*, 101 F.Supp.2d 1017, 1020 (N.D.Ill. 2000) (finding that the psychotherapist-patient privilege is not established when a patient has no expectation of confidentiality).

Finally, even if Plaintiff had attended the IME, the ADA contemplates that CMS would have received information from Dr. Killian regarding the IME. The ADA permits an employer to "make inquiries into the ability of an employee to perform job-related functions" and anticipates that an employer may receive information regarding "the medical condition or history of any employee..." 42 U.S.C. § 12112(d)(4)(B), (C). Plaintiff cannot establish that the IME would have violated his confidentiality under the ADA.

WHEREFORE, for the reasons presented above, Defendant respectfully requests that Plaintiff's Motion in Limine be denied.

                        Respectfully submitted,

                        ILLINOIS DEPARTMENT OF
                         CENTRAL MANAGEMENT SERVICES,

                           Defendant,

                        LISA MADIGAN, Attorney General,
                        State of Illinois,

Amy Petry Romano, #6270427          Attorney for Defendant,
Assistant Attorney General
500 South Second Street
Springfield, Illinois 62706              By:   s/ Amy Petry Romano
(217)782-9056                                  AMY PETRY ROMANO
                                                Assistant Attorney General
  Of Counsel.

**IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION**

| | |
|---|---|
| MICHAEL A. SANDERS, | ) |
| Plaintiff, | ) ) ) |
| -vs- | ) No. 09-3207 ) |
| ILLINOIS DEPARTMENT OF CENTRAL MANAGEMENT SERVICES, | ) ) ) ) |
| Defendant. | ) |

**CERTIFICATE OF SERVICE**

    I hereby certify that on March 16, 2012, I electronically filed Defendant's Response to Plaintiff's Motion in Limine, with the Clerk of the Court using the CM/ECF system, and I hereby certify that on the same date, I hand-delivered a copy of the foregoing document to the following in open court:

Michael Sanders
400 East Jefferson, Apt. # 205
Springfield, IL 62701


                                                  Respectfully submitted,


                                                    s/ Amy Petry Romano
                                                  Amy Petry Romano, #6270427
                                                  Assistant Attorney General
                                                  500 South Second Street
                                                  Springfield, IL   62706
                                                  Phone: (217) 782-9056
                                                  Fax: (217) 782-8767
                                                  E-Mail: aromano@atg.state.il.us