UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | | |
|---|---|---|
| MICHAEL A. SANDERS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 09-3207 |
| | ) | |
| THE ILLINOIS DEPARTMENT OF CENTRAL MANAGEMENT SERVICES, | ) ) | |
| | ) | |
| Defendant. | ) | |

**PLAINTIFF'S RESPONSE TO
DEFENDANT'S SECOND MOTION IN LIMINE**

NOW COMES the Plaintiff, MICHAEL A. SANDERS, by and through his attorney, KEVIN A. SHIELDS of SHIELDS LAW OFFICE, LLC, and for his Response to Defendant's Second Motion in Limine, states as follows:

**I. INTRODUCTION**

On March 26, 2012, a Text Order was entered requesting Plaintiff advise the Court whether he is proceeding under a theory that he is a "qualified individual with a disability" or on the basis that a nondisabled plaintiff can sue for a violation of §12112(d) of the Americans with Disabilities Act (ADA).  In a Status Report filed with the Court of April 1, 2012, Plaintiff advised the Court that he would proceed under the theory that he is a "qualified individual with a disability" under the ADA.  [Doc. 101].  On April 3, 2012, Defendant filed its Second Motion in Limine and supporting Memorandum of Law seeking to bar Plaintiff from presenting (A) evidence supporting allegations beyond Section 12112(d)(4)(A) of the ADA and (B) evidence that Plaintiff is a "qualified individual with a disability" under the ADA.  [Doc. 104, 105].

1

## II. ARGUMENT

**A. Defendant's request to bar Plaintiff from presenting evidence supporting allegations beyond Section 12112(d)(4)(A) of the ADA is overbroad.**

Plaintiff does not dispute that he has alleged only that Defendant has violated Section 12112(d)(4)(A) of the ADA. However, barring Plaintiff from presenting any and all evidence that may support other potential allegations beyond the Section 12112(d)(4)(A) would likely bar evidence that is also relevant to Plaintiff's allegation that Defendant violated Section 12112(d)(4)(A) of the ADA. Relevant evidence is generally admissible unless a specific rule of evidence excludes it. Fed. Rule Evid. 402. To the extent Defendant seeks to bar evidence supporting allegations beyond Section 12112(d)(4)(A) which is also wholly irrelevant to the allegation that Defendant violated Section 12112(d)(4)(A), Plaintiff does not object.

**B. Plaintiff does not object to Defendant's Request to bar Plaintiff from presenting evidence that he is a "qualified individual with a disability."**

On April 1, 2012, Plaintiff advised the Court that he would proceed under the theory that he is a "qualified individual with a disability" under the ADA. [Doc. 101]. Plaintiff does not dispute that he failed to specifically plead in his Complaint that he is a "qualified individual with a disability." To the extent Plaintiff's Complaint did not provide notice to Defendant of Plaintiff's intention of pursuing a claim of disability, Plaintiff does not object to Defendant's request to bar Plaintiff from presenting evidence that he is "qualified individual with a disability." However, in light of Plaintiff's inability to offer evidence that he is a "qualified individual with a disability," Plaintiff requests the Court allow him to proceed under the alternative theory that a nondisabled individual can bring suit under Section 12112(d) of the ADA.

WHEREFORE, Plaintiff, MICHAEL A. SANDERS, requests this Court enter an Order consistent with Plaintiff's requests herein and any other relief this Court deems proper and just.

Respectfully Submitted,

    s/ Kevin A. Shields
Kevin A. Shields, #6297617
Shields Law Office, LLC
245 NE Perry Avenue
Peoria, IL 61603
Phone: (309) 673-5004
Fax: (309) 637-5433
E-Mail: kshields@shieldslawoffice.com

UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | | |
|---|---|---|
| MICHAEL A. SANDERS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 09-3207 |
| | ) | |
| THE ILLINOIS DEPARTMENT OF | ) | |
| CENTRAL MANAGEMENT SERVICES, | ) | |
| | ) | |
| Defendant. | ) | |

**CERTIFICATE OF SERVICE**

I certify that on April 20, 2012, I electronically filed the foregoing with the Clerk of the

Court using the CMECF system which will send notification of such filing to the following:

**Amy Petry Romano**
Assistant Attorney General
500 South Second Street
Springfield, IL 62706
E-Mail: aromano@atg.state.il.us

**Kelly R. Choate**
Assistant Attorney General
500 South Second Street
Springfield, IL 62706
Email: kchoate@atg.state.il.us

                        Respectfully submitted,

                           s/ Kevin A. Shields
                        Kevin A. Shields, #6297617
                        Shields Law Office, LLC
                        245 NE Perry Avenue
                        Peoria, IL 61603
                        Phone: (309) 673-5004
                        Fax: (309) 637-5433
                        E-Mail: kshields@shieldslawoffice.com