IN THE UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

MICHAEL A. SANDERS,           )
                              )
        Plaintiff,            )
                              )
    v.                        )     No.  09-3207
                              )
ILLINOIS DEPARTMENT OF        )
CENTRAL MANAGEMENT            )
SERVICES,                     )
                              )
        Defendant             )

OPINION

SUE E. MYERSCOUGH, U.S. District Judge:

This cause is before the Court on Defendant Illinois Department of

Central Management Services' Second Motion in Limine (d/e 104).  For

the reasons that follow, the Second Motion in Limine is GRANTED IN

PART and DENIED IN PART.

I.  BACKGROUND

In August 2009, Plaintiff filed his Complaint against Defendant

alleging that Defendant violated § 12112(d)(4)(A) of the Americans with

Disabilities Act (ADA).  See 42 U.S.C. § 12112(d)(4)(A)[1].  Specifically,

Plaintiff alleged Defendant violated the ADA by requiring him to submit

to a psychological independent medical examination (IME), disciplining

him for refusing to submit to the IME, and discharging him for refusing

to submit to the IME.

Thereafter, in late 2011, Plaintiff filed a partial motion for

summary judgment and Defendant filed a motion for summary

judgment.  In February 2012, this Court denied the motions for

summary judgment, finding that genuine issues of material fact

remained.  See Opinion (d/e 74).  In that Opinion, this Court noted that

neither party had addressed whether a nondisabled Plaintiff may bring a

claim for a violation of  § 12112(d) of the ADA.  See Opinion (d/e 74),

pp. 20-21.

In March 2012, Defendant filed a proposed Pre-Trial Order (d/e

85) identifying as a question of law whether Plaintiff had standing to

---

[1] "A covered entity shall not require a medical examination and shall not make inquiries of an employee as to whether such employee is an individual with a disability or as to the nature or severity of the disability, unless such examination or inquiry is shown to be job-related and consistent with business necessity."

bring the § 12112(d)(4)(A) claim.  Thereafter, on March 20, 2012, this

Court appointed counsel to represent Plaintiff.  On March 26, 2012, this

Court directed Plaintiff's counsel to advise the Court whether he was

proceeding under the theory that Plaintiff is a "qualified individual with

a disability" or on the basis that a nondisabled plaintiff can sue for a

violation of § 12112(d).  <u>See</u> March 26, 2012 Text Order.

On April 1, 2012, in response to this Court's Text Order, Plaintiff's

counsel filed a Status Report indicating that Plaintiff was proceeding

under the theory that he is a qualified individual with a disability as

defined in § 12102[2] of the ADA.  On April 3, 2012, Defendant filed the

Second Motion <u>in</u> <u>Limine</u> at issue herein.

## II.  LEGAL STANDARD

Motions <u>in</u> <u>limine</u> are disfavored, as courts prefer to resolve

questions of admissibility as they arise.  <u>Telewizja Polska USA, Inc. v.</u>

<u>Echostar Satellite Corp.</u>, 2005 WL 289967, at *1 (N. D. Ill. 2005);

---

[2] Defining disability to include an individual with "a physical or mental impairment that substantially limits one or more major life activities of such individual", or with "a record of such an impairment", or "regarded as having such an impairment."  42 U.S.C. § 12101(1).

Hawthorn Partners v. AT&T Technologies, Inc., 831 F. Supp. 1398,

1400 (N.D. Ill. 1993).  "Only evidence that is clearly inadmissible for

any purpose should be excluded pursuant to a motion in limine[.]"

Tzoumis v. Tempel Steel Co., 168 F. Supp. 2d 871, 873 (N.D. Ill.

2001).  Denial of a motion in limine does not mean that the evidence

will be admitted at trial but means only that the court could not

determine admissibility in advance of trial.  United States v. Connelly,

874 F.2d 412, 416 (7th Cir. 1989).

## III.  ANALYSIS

In the Second Motion in Limine, Defendant interprets Plaintiff's

Status Report as an indication that Plaintiff intended to expand his

claim beyond a claim for a violation of § 12112(d)(4)(A).  Defendant

objects to Plaintiff's attempt to do so on the basis that (1) the only

allegation raised in the Complaint was that Defendant violated §

12112(d)(4)(A); and (2) Plaintiff did not indicate an expansion of his

claim beyond § 12112(d)(4)(A) in his initial disclosures or the discovery

process.

Defendant also objects to Plaintiff's attempt to introduce evidence that he was a qualified individual with a disability.  Defendant asserts that Plaintiff's Complaint did not give any notice that Plaintiff was going to pursue a claim of disability.  Defendant further argues that, given the lack of disclosure to Defendant, it is unclear whether Plaintiff has established a viable claim as a qualified individual with a disability.  According to Defendant, to allow Plaintiff to pursue such claim at this late date would prejudice Defendant.

Plaintiff, in his response to the Second Motion in Limine (d/e 109)[3], first asserts that the request to bar Plaintiff from presenting evidence supporting allegations beyond § 12112(d)(4)(A) of the ADA is overly broad.  Plaintiff admits that he only alleged that Defendant violated § 12112(d)(4)(A) of the ADA.  Plaintiff argues, however, that barring Plaintiff from presenting any and all evidence that may support other potential allegations beyond  § 12112(d)(4)(A) would likely bar evidence that is also relevant to Plaintiff's allegation that Defendant

---

[3] This Court notes that although Defendant was granted until April 30, 2012 to file a reply, Defendant did not do so.

violated § 12112(d)(4)(A).  Plaintiff states, however, that to the extent

Defendant seeks to bar evidence supporting allegations beyond §

12112(d)(4)(A) that is also wholly irrelevant to the allegation that

Defendant violated § 12112(d)(4)(A), Plaintiff does not object.

Plaintiff also states that he does not object to Defendant's request

to bar Plaintiff from presenting evidence that he is a "qualified individual

with a disability."  Plaintiff does not dispute that he failed to specifically

plead in his Complaint that he was a "qualified individual with a

disability."  To the extent that Plaintiff's Complaint did not provide

Defendant notice of Plaintiff's intention to pursue a claim of disability,

Plaintiff does not object to Defendant's request to bar Plaintiff from

presenting evidence that he is a qualified individual with a disability.

Plaintiff requests, however, that the Court allow him to proceed under

the alternative theory that a nondisabled individual can bring suit under

§ 12112(d) of the ADA.

The Court accepts Plaintiff's concessions.  Plaintiff only alleged in

his Complaint a violation of  § 12112(d)(4)(A) of the ADA.  Therefore,

Plaintiff is not entitled, at this late date, to change the nature of his claim to a claim of disability discrimination or any other claim beyond that which he alleged in his Complaint.  However, this Court cannot determine at this point in the litigation whether all evidence that would support a claim other than a claim under § 12112(d)(4)(A) should be barred, as such evidence might also be relevant to Plaintiff's § 12112(d)(4)(A) claim.  Therefore, this Court does not, at this time, bar all such evidence but will make that determination at trial.

This Court also accepts Plaintiff's concession that Plaintiff be barred from presenting evidence that he is a qualified individual with a disability.  Moreover, Plaintiff is allowed to proceed under the alternative theory that a nondisabled individual can bring suit under § 12112(d) of the ADA.  Nonetheless, the parties have never briefed the issue of whether a nondisabled individual can bring suit under § 12112(d) of the ADA, and this Court is not deciding whether such claim is viable.  The Court is simply allowing Plaintiff to amend his Status Report to indicate that he is proceeding under the theory that a

nondisabled individual can bring suit under § 12112(d) of the ADA.

IV.  CONCLUSION

For the reasons stated, Defendant's Second Motion in Limine (d/e

104) is GRANTED IN PART and DENIED IN PART.

ENTER: May 2, 2012

FOR THE COURT:

s/Sue E. Myerscough

SUE E. MYERSCOUGH
UNITED STATES DISTRICT JUDGE