**E-FILED**
Friday, 08 June, 2012  09:28:22 AM
Clerk, U.S. District Court, ILCD

**IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION**

| | | |
|---|---|---|
| MICHAEL A. SANDERS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| -vs- | ) | No. 09-3207 |
| | ) | |
| ILLINOIS DEPARTMENT OF | ) | |
| CENTRAL MANAGEMENT SERVICES, | ) | |
| | ) | |
| Defendant. | ) | |

## FINAL PRE-TRIAL ORDER

This matter comes before the Court at a Final Pre-Trial Conference held pursuant to Rule 16 of the Federal Rules of Civil Procedure and Local Rule 16.1; and Michael A. Sanders, having appeared by his attorney, Kevin A. Shields of Shields Law Office, LLC; Lisa Madigan, Attorney General of the State of Illinois, having appeared by Assistant Attorneys General Amy Petry Romano and Kelly Choate as attorneys for the Defendant, Illinois Department of Central Management Services; and the following action was taken.

## I.    NATURE OF ACTION AND JURISDICTION

This is an action brought pursuant to 42 U.S.C. § 12112(d)(4)(A) of the Americans with Disabilities Act ("ADA").   Specifically, Plaintiff alleges that while employed by Defendant, Defendant violated his rights under Section 12112(d)(4)(A) of the ADA by requiring him to attend a psychiatric independent medical examination ("IME") and then subjecting Plaintiff to discipline for his refusal to attend.   Plaintiff seeks declaratory relief and monetary damages.   Defendant admits it required Plaintiff to attend an IME, admits it disciplined Plaintiff for his refusal to attend an IME, but denies these actions violated the ADA.

1

II.    **JOINT STATEMENT**

    A.    **JURISDICTION**

        The jurisdiction of this Court is not disputed.

    B.    **UNCONTESTED ISSUES OF FACT**

        See attached Proposed Stipulation of Uncontested Facts.

    C.    **CONTESTED ISSUES OF FACT**

      1.  Whether Defendant's request for Plaintiff to attend an IME was job-related and consistent with business necessity.

      2.  Whether Defendant's request for Plaintiff to attend an IME was reasonable.

      3.  Whether Plaintiff's refusal to attend an IME is insubordination.

      4.  Whether Plaintiff's refusal to attend an IME is a misuse of state working time.

      5.  Whether Plaintiff's refusal to attend an IME is conduct unbecoming a CMS employee.

      6.  Whether discipline was appropriate for Plaintiff's refusal to attend an IME.

    D.    **CONTESTED ISSUES OF LAW**

      1.  Whether Defendant violated Plaintiff's rights pursuant to Section 12112(d)(4)(A) of the ADA.

      2.  Whether Plaintiff has standing to bring this action as a non-disabled individual.

      3.  Whether Plaintiff timely filed a charge of discrimination with the Equal Employment Opportunity Commission.

      4.  What damages are available to Plaintiff under the ADA.

      5.  Whether Plaintiff can recover attorney's fees for counsel who has not entered an appearance in this matter.

      6.  Whether Defendant is subject to liability under the theory of negligent retention.

7.  Whether Plaintiff has the right to a jury trial.

8.  Whether Defendant illegally removed physician-patient confidentiality when ordering Plaintiff to attend an IME.

### E.   JURY DEMAND

Plaintiff made a jury demand.

### III.   PLAINTIFF'S STATEMENT

See attached Itemized Statement of Damages

### IV.   EXHIBITS ATTACHED

The following are attached as Exhibits to this Order and are made a part hereof:

A.   Stipulation of Uncontested Facts
B.   Itemized Statement of Damages
C.   Plaintiff's Witness List
D.   Defendant's Witness List
E.   Plaintiff's Exhibit List
F.   Defendant's Exhibit List
G.   Proposed Jury Instructions

### V.   GENERAL ADDITIONAL

The following additional action was taken:

The testimony of the following witnesses non-parties to this action is necessary for trial. The Clerk is directed to issue trial subpoenas for the following.   The Plaintiff must provide the witness fee ($40) and mileage ($.25 per mile) to the witness, and is responsible for service of the subpoena under Federal Rules of Civil Procedure 45.

By agreement of the parties, and by order of the Court, trial will proceed on a bifurcated basis, with liability tried first, and, if the jury finds for Plaintiff on the issue of liability, trial will proceed immediately on the issue of damages.

IT IS FURTHER UNDERSTOOD BY THE PARTIES THAT:

Any Trial Briefs or Motions in Limine shall be submitted no later than fourteen (14) days prior to the commencement of that trial.

3

A party may supplement a list of witnesses or exhibits only upon good cause shown in a motion filed and served upon the other parties prior to trial; except that, upon the development of testimony fairly shown to be unexpected, any party may, with leave of court, call such contrary witnesses or use such exhibits as may be necessary to counter the unexpected evidence, although not previously listed, and without prior notice of any other party.

It is mutually estimated that the length of trial will not exceed three (3) full days.   The case will be listed on the trial calendar to be tried when reached.

This pre-trial order may be modified at the trial of the action, or prior thereto, to prevent manifest injustice. Such modification may be made either on motion of counsel for any party or on the Court's own motion.

Any additional proposed jury instructions shall be submitted to the Court within five days before the commencement of the trial, but there is reserved to counsel for the respective parties the right to submit supplemental proposals for instructions during the course of the trial or at the conclusion of the evidence on matters that could not reasonably have been anticipated.

ENTERED: _____, 2012.


s/ Sue E. Myerscough
JUDGE


APPROVED:

s/ Michael A. Sanders

Kevin A. Shields
Attorney for Plaintiff

s/ Kelly R. Choate

Kelly Choate
Assistant Attorney General
Attorney for Defendant

4

## EXHIBIT A

## STIPULATION OF UNCONTESTED FACTS AND ISSUES OF LAW

Pursuant to Local Rule 16.1 of the United States District Court for the Central District of Illinois, Michael Sanders, Plaintiff, and Illinois Department of Central Management Services, Defendant, hereby submits the following Stipulation of Uncontested Facts.

## UNCONTESTED FACTS

1. At all times relevant to this complaint, Plaintiff was employed by the State of Illinois.

2. Jeff Shuck made the decision on behalf of Defendant to require Plaintiff to attend an independent medical examination.

3. Defendant scheduled an independent medical examination (IME) for Plaintiff to occur on the following dates:   October 5, 2005; October 12, 2005; April 19, 2006; January 30, 2007; June 13, 2007; and September 5, 2007.

4. Plaintiff did not attend any of the IMEs scheduled by Defendant.

The joint stipulation is agreed to and respectfully submitted by:

s/ Michael A. Sanders                                      s/ Kelly R. Choate

Kevin A. Shields                          Kelly R. Choate
Attorney for Plaintiff                    Assistant Attorney General
                                          Attorney for Defendant

5

## EXHIBIT B

### ITEMIZED STATEMENT OF DAMAGES

| AMOUNT | DESCRIPTION |
|---|---|
| $3,387.00 | Defendant suspended Sanders from 8/1/07-8/30/07 for refusing to attend an IME. Despite the finding that Defendant underlying order was not valid, Defendant has refused to reimburse Sanders for this suspension. |
| $10,236.00 | Plaintiff Sanders legal counsel requested a continuance at the Illinois Civil Service Commission regarding Sanders 10/17/07 termination of employment. |
| $6,196.51 | Sanders asserts that Defendant liquidated 39.5 days of vacation time after Sanders reinstatement on 10/28/08. |
| To be calculated | Sanders was entitled to comp time for all official state holidays. Accumulated leave statement shows Sanders was not paid for 45.35 hours upon his 10/17/07 termination. Defendant failed to award and/or liquidated an additional 165 hours of comp time upon his return to work in June 2009.<br><br>Thus, Sanders is due 45.35 hours plus 165.00 hours = 210.35 hours of comp time. |
| To be calculated | Sanders is entitled to personal days for each calendar year. Defendant failed to award and/or liquidated 82.50 hours of personal time upon Sanders return to work in June 2009.<br><br>Thus, Sanders is due 82.50 hours of personal time. |
| $3,777.86 | The Illinois Department of Employment Security enacted involuntary withholding orders against Sanders which were contrary to the internal determinations of that agency. Thus, Sanders asserts he is entitled to a refund of these monies. |
| $841.36 | Defendant engaged in unlawful involuntary withholding from Sanders payroll related to radically increased Group Insurance premiums which Sanders was not legally obligated to pay. |
| $16,980.20 | The unlawful denial of Sanders unemployment benefits related to his unlawful 10/17/07 termination of employment forced Sanders to liquidate his SERS pension fund. |

6

| | |
|---|---|
| | *The court should note SERS calculations indicate that, absent illegal terminations, Sanders SERS contributions would total $22, 502.07 through March 2011. |
| $3,353.56 | Tax on SERS Pension and early withdrawal free on SERS Pension for tax year 2008 (Each calculated at 10%).<br><br>Includes IRS penalties and interest totaling $677.56.<br><br>Tax preparation fee will be submitted later. |
| $828.00 | Tax on SERS Pension and early withdrawal fee on SERS Pension for tax year 2009 (Each calculated at 10%). |
| $200,000.00 | Emotional distress caused by Defendant illegal 10/17/07 termination. |
| $15,120.00 | Defendant placed Sanders into a dissimilar position upon his June 26, 2009 reinstatement to employment.   This position was illegally subjected to layoff which resulted in Sanders losing shift differential pay of $105.00 per month.   $105.00 per month multiplied by 12 years (age of retirement) = $15,120.00 |
| $549,360.00 | Defendant placed Sanders into a dissimilar position upon his June 26, 2009 reinstatement to employment.   This position was illegally subjected to layoff which ultimately resulted in Sanders termination of 11/23/10.<br><br>$3,815.00 (monthly salary) * 12 months * 12 years = $549,360.00<br><br>*Note: Sanders will also seek compensation for HFS suspensions of 7/19-8/8/10 and 11/1-23-10 not included here. |
| $60,000.00 | Defendant placed Sanders into a dissimilar position upon his June 26, 2009 reinstatement to employment.   This position was illegally subjected to layoff which resulted in Sanders loss of meaningful access to overtime pay.<br><br>Calculated at $5,000.00 per year * 12 years. |
| To be calculated | Sanders was placed on involuntary Adminstrative Leave of Absence (from 9/9/05-6/26/09) due to Defendants alleged concerns regarding Sanders. |
| $360.78 | Fee to copy and serve documents upon the IDES Board of Review pertaining to illegal denial of unemployment benefits for 10/17/07 termination of employment. |
| $8,020.00 | Legal fees paid to Baker, Baker and Krajewski. |

7

DUE TO PRIVACY ISSUES THE WITNESS

LISTS HAVE BEEN REMOVED FROM THE

FINAL PRETRIAL ORDER


THE WITNESS LISTS WILL BE MAILED

CONVENTIONALLY TO ATTORNEYS OF

RECORD AND/OR PRO SE PARTIES

## EXHIBIT E

## PLAINTIFF'S EXHIBIT LIST

| Case Name: Sanders v. Illinois Department of Central Management Services | Case No.: 09-3207 | Page 1 of 2 |
|---|---|---|

| No. | Description | Admit without Objection | Authentication Waived | Objection |
|---|---|---|---|---|
| 1 | Guard report accusing me of stealing documentation dated 2/8/05. | | | |
| 2 | Puckett email dated 2/10/05 regarding being in work area and establishing his own ABT policy. | | | |
| 3 | Puckett email dated 3/3/05 detailing his attempts to dock me a day's pay. | | | |
| 4 | Puckett email dated 3/4/05 instructing plaintiff to not have a cup of coffee on his desk. | | | |
| 5 | Puckett email dated 3/9/05 falsely accusing plaintiff on not monitoring schedules. | | | |
| 6 | Puckett email dated 3/29/05 incorrectly interpreting phone usage policies. | | | |
| 7 | Statement written by Chris Lehl on 5/26/05 regarding Dennis Phipps 3/31/05 retirement party | | | |
| 8 | Puckett email dated 4/13/05 regarding his belief that plaintiff is trying to keep tabs on other employees. | | | |
| 9 | ELA security report dated 4/29/05 falsely accusing plaintiff of entering a restricted area. | | | |
| 10 | Email by Debra Stout dated 5/17/05 detailing a plan to issue discipline against plaintiff for leaving his work area for 17 minutes. | | | |
| 11 | Report by ELA Security guard dated 5/24/05 claiming that he caught Plaintiff looking through the employee sign in book. | | | |
| 12 | Plaintiff's 5/26/05 AFSCME grievance response 5/26/05 regarding his 1 day suspension. | | | |
| 13 | Email from Steve Petrilli describing a disciplinary meeting and indicating that Steve Miller was involved in Sanders 1 day suspension | | | |
| 14 | 6/12/05 Email from Jim Davis falsely accusing | | | |

12

| | | | | |
|---|---|---|---|---|
| | plaintiff of not informing Puckett of plaintiffs work activities. | | | |
| 15 | 2 separate 6/14/05 emails between plaintiff and Jim Davis regarding Jim Davis' falsification of plaintiffs attendance records. | | | |
| 16 | Email from Debra Stout dated 6/14/05 regusing to meet with plaintiff regarding work place harassment. | | | |
| 17 | Email from Debra Stout dated 6/16/05 instructing Steve Miller to produce written instructions for plaintiff reading when he can leave his immediate work area. | | | |
| 18 | Email from plaintiff dated 6/24/05 informing management that Puckett had left his work facility for about three hours while reporting that he had been present. | | | |
| 19 | 2 separate statements from Puckett and James Davis, each dated 7/12/05, informing management that plaintiff did not receive prior approval before leaving work 1 hour early on 6/25/05. | | | |
| 20 | Email exchange dated 6/28/05 between plaintiff and Davis regarding plaintiff being disapproved 1 hour of vacation time. | | | |
| 21 | 6/24/05 email from Puckett complaining that Plaintiff had left the work area unattended. | | | |
| 22 | Email from Puckett dated 6/28/05 falsely accusing plaintiff of performing a "backout." | | | |
| 23 | 6/28/05 email from Puckett complainingg that plaintiff used the wrong men's room at the work site. | | | |
| 24 | 6/30/05 email from Puckett instructing plaintiff to not repair programs that had broken down. | | | |
| 25 | 7/1/05 email from Steve Miller complaining that plaintiff used the wrong type of "cart." | | | |
| 26 | 7/1/05 email from James Davis complaining that plaintiff did not tell supervisors of his job actions. | | | |
| 27 | 7/2/05 email from Puckett complaining that he is "teed off" at being call a bigot. | | | |
| 28 | 7/5/05 email by Debby Cowan indicating that she has questions regarding plaintiff's "mental" abilities. | | | |
| 29 | 7/8/05 email from Deb Stout requesting the send plaintiff to IME | | | |

| | | | | |
|---|---|---|---|---|
| 30 | 7/9/05 email from Puckett falsely complaining that plaintiff had not monitored the schedules. | | | |
| 31 | 7/10/05 email from Jim Davis attempting to dismiss plaintiff's accusation of harassment and disparate treatment. | | | |
| 32 | 7/12/05 email chain indicating that the CMS EEO Director can attend plaintiff's disciplinary hearing but not participate | | | |
| 33 | 7/26/05 Written AFSCME grievance response to plaintiff's 3 days suspension. | | | |
| 34 | 8/3/05 email from Veronica Tozer indicating that plaintiff's 3 day suspension should be in the middle of Plaintiff's work week. | | | |
| 35 | 8/16/05 email from Debby Cowan indicating that she is "getting tired" of the "racial" angle. | | | |
| 36 | 8/9/05 email from Puckett instructing plaintiff not to contact other units of the agency. | | | |
| 37 | 8/9/05 email from James Davis indicating he believes Plaintiff's email regarding network services is insubordinate. | | | |
| 38 | 8/16/05 email from Jim Davis contemplating barring plaintiff from entering the work site after hours. | | | |
| 39 | 8/15/05 ELA guard report regarding plaintiff entering the building after hours. | | | |
| 40 | 8/16/05 email by Debby Cowan indicating that Plaintiff intended to "do something" when he entered the work site after hours. | | | |
| 41 | 8/13/05 email from plaintiff to Cowan complaining of racially disparate treatment by Puckett | | | |
| 42 | 8/26/05 email from Puckett requesting to prevent plaintiff from performing JCL corrections.  Email regarding symbolic and generation numbers. | | | |
| 43 | 8/27/05 email from Debby Cowan falsely stating that she had issued an order that plaintiff was not permitted to do JCL changes. | | | |
| 44 | Statement of Chris Lehl regarding 8/26/05 incident. | | | |
| 45 | 8/27/05 email from Victor Puckett describing the incident of 8/26/05 as "NO BIGGIE." | | | |
| 46 | Falsely dated 8/25/05 and 8/26/05 statements of Puckett regarding the incident of 8/26/05 | | | |

14

| | | | | |
|---|---|---|---|---|
| 47 | 8/29/05 email from Veronica Tozer initiating an OEIG investigation of plaintiff. | | | |
| 48 | 9/8/05 email from plaintiff complaining that he was being wrongfully docked for an absence on 9/7/05. | | | |
| 49 | 9/13/05 AFSCME grievance response to disciplinary measures for the events of 8/26/05 | | | |
| 50 | 9/2/05 disciplinary package written for the events of 8/26/05. | | | |
| 51 | 9/21/05 email from John Woolrifge forwarding OEIG investigation number to Tozer. | | | |
| 52 | 10/27/05 letter from plaintiff protesting usage of personnel rule 303.145. | | | |
| 53 | 11/10/05 email from Veronica Tozer stating that in case we get plaintiff back we have something to fall back on (OEIG investigation). | | | |
| 54 | Findings of Civil Service Commission in DA-25-06 and DA-11-08 | | | |
| 55 | 6 letters sent to Plaintiff by CMS scheduling IME's. The letters are dated 9/21/05, 10/6/05, 4/3/06, 1/19/07, 5/23/07, 8/23/07 | | | |
| 56 | 1/4/07 OEIG letter concluding its investigation of plaintiff | | | |
| 57 | Schematic of production program indicating steps and return codes | | | |
| 58 | List of steps necessary to correct a broken production program | | | |
| 59 | All CMS 2's produced by CMS between 2005-2010 which are regarding plaintiff. | | | |
| 60 | All letters sent to plaintiff by CMS, from 2005-2010 either placing plaintiff on involuntary Administrative Leave or taking plaintiff off involuntary Administrative Leave. | | | |
| 61 | December 23, 1998 Determiniation letter from EEOC regarding EEOC complaint 210981145 | | | |
| 62 | March 13, 1998 letter from the Veterans Administration Hospital providing medical diagnosis. | | | |
| 63 | May 17, 1996 letter from St. Johns Hospital to Illinois Board of Education providing medical diagnosis. | | | |

| | | | | |
|---|---|---|---|---|
| 64 | Email chain began on September 25, 2009 and responded to by Veronica Tozer regarding plaintiff's layoff. | | | |
| 65 | March 14, 2007, email from Missy Riggins detailing the efforts of Erin Davis to find a reason to force plaintiff to attend an IME | | | |
| 66 | March 14, 2007, and July 31, 2007, letters from Jeff Shuck to Brad Wilson. | | | |
| 67 | 4/7/06 and 7/18/07 letters from Brad Wilson to Jeff Shuck | | | |
| 68 | 7/11/07 fax from Jeff Shuck to Brad Wilson along with Lebshier statements | | | |
| 69 | All emails from Amy Petry Romano to Brad Wilson from 2005-2010. | | | |
| 70 | 10/25/07 Motion to amend charges filed with the Illinois Civil Service Commission by Amy Petry Romano. | | | |
| 71 | Sanders 10/17/07 notice of discharge | | | |
| 72 | The AFSCME union contract | | | |
| 73 | EEOC complaint 846-2008-04199 | | | |
| 74 | Group Insurance Billing statements | | | |
| 75 | All determinations made by the Illinois Department of Employment Security regarding plaintiff's 2007 unemployment insurance claim. | | | |
| 76 | 10/1/07 letter from plaintiff to Pineda clarifying what the Plaintiff's "mental" state was. | | | |
| 77 | 10/30/08 & 2/24/09 orders from Sangamon County Circuit Court judge Patrick Kelly. | | | |
| 78 | 9/18/06 email from Steve Petrilli stating that it would promote an unsafe work environment if plaintiff were allowed to return to work. | | | |
| 79 | 9/20/07 email from Steve Petrilli accusing Plaintiff of making false statements and attempting to intimidate him and CMS. | | | |
| 80 | 9/5/07 letter from Dr. Terry Killian to Missy Riggins detailing his involvement. | | | |
| 81 | 10/03/08 email from Christy Shewmaker informing payroll and administrative staff that they are not to answer any questions which I make of them but rather forward the inquiry to her.   Email was sent to | | | |

| | | | | |
|---|---|---|---|---|
| | 20 individuals. | | | |
| 82 | Plaintiff's 2004 annual evaluation indicating he was rated exceeds expectations in job knowledge and productivity.   Prior to working with Puckett. | | | |
| 83 | State Holiday Schedule for years 2005, 2006, 2007, 2008, 2009, 2010. | | | |
| 84 | CMS "Certification of Accumulated Leave Upon Separation from State Service" for plaintiff's 11/23/05 and 10/17/07 discharges. | | | |
| 85 | CMS "Employee Balance Inquiry" indicating plaintiff's ABY balances upon reinstatement on 6/1/09 | | | |
| 86 | 2/4/11 statement from Illinois Comptroller detailing dates and amounts of involuntary holdings placed against plaintiff. | | | |
| 87 | Statement from shared Services indicating withholding from Sanders wages due to continuance at the Civil Service Commission. | | | |
| 88 | Plaintiff's 2008 and 2009 Federal Tax returns | | | |
| 89 | All privilege logs released by Defendant at the Illinois Civil Service Commission in DA 11-08 and in connection with Fed case 09-3207 | | | |
| 90 | Time line of material cited in this Exhibit | | | |
| 91 | Orders issued by HFS in response to Item 1 of Defendant's Exhibit List | | | |
| 92 | Email exchange between Veronica Tozer and Jayme Lebshier regarding Tozer's attempt to persuade Lebshier to represent Plaintiff at 7/11/2007 pre-D meeting | | | |
| 93 | Display of the various rationales used by Jeff Shuck as the basis for the IMEs | | | |
| 94 | Select songs of 2Pac Shakur and Biggie Smalls | | | |
| 95 | Select scene from the movie "Soldier's Story" | | | |
| 96 | Defendants response interrogatories | | | |
| 97 | 9/18/06 email from Petrilli stating that plaintiff is dangerous | | | |
| 98 | 6/29/07 email between Tozer and Lebshier regarding July 2007 pre-D meeting. | | | |
| 99 | Privacy in the Work Place Act 820 ILCS 55/5 | | | |

17

| | | | | |
|---|---|---|---|---|
| 100 | 1/20/06 letter from Jeff Shuck to Amy Romano confirming reinstatement | | | |
| 101 | Mental Health and Developmental Disabilities Act | | | |
| 102 | Springfield Police Report of 2/26/09 "Bomb Threat" | | | |
| 103 | Verified Responses filed by Veronica Tozer with Human Rights Department and Human Rights Commission | | | |
| 104 | 9/3/04 Medical statement from SIU School of Medicine & Capital Healthcare to Public Aid | | | |
| 105 | Protest letters and emails with regard to "waiver" regarding back pay | | | |
| 106 | Illinois Supreme Court Rules | | | |
| 107 | All attestations and affidavits made by Jeff Shuck | | | |

Plaintiff reserves the right to introduce any exhibits listed on Defendant's exhibit list at trial.

18

## EXHIBIT F

## DEFENDANTS' EXHIBIT LIST

| Case Name: Sanders v. Illinois Department of Central Management Services | Case No.: 09-3207 | Page 1 of 2 |
|---|---|---|

| No. | Description | Admit Without Objection | Authentication Waived | Objection |
|---|---|---|---|---|
| 1 | Oral reprimand dated May 25, 2004 | | | |
| 2 | Written reprimand dated November 10, 2004 | | | |
| 3 | Employee evaluation dated 2003-2004 | | | |
| 4 | Email between Plaintiff and James Davis dated 6/14/2005 (Bates 889) | | | |
| 5 | Email from Victor Puckett to Debra Stout dated May 17, 2005 | | | |
| 6 | Email from Plaintiff to Jayme Lebshier dated May 21, 2005 | | | |
| Grp 7 | Incident reports by Victor Puckett (Bates 830, 708, 1801, 14, 275, and 276) | | | |
| 8 | Notice of pre-disciplinary hearing dated September 2, 2005 | | | |
| 9 | Incident reports by Jayme Lebshier | | | |
| 10 | Letters from Jeff Shuck to Bradley Wilson | | | |
| 11 | Charges for one-day suspension served by Plaintiff on June 8, 2005 | | | |
| 12 | Charges for three-day suspension served by Plaintiff from August 10, 2005 to August 13, 2005 | | | |

19

| No. | Description | Admit Without Objection | Authentication Waived | Objection |
|-----|-------------|-------------------------|-----------------------|-----------|
| 13 | Letters from Plaintiff to Dr. Killian | | | |
| 14 | Charges for discharge dated November 23, 2005 | | | |
| 15 | Charges for 30-day suspension dated August 1, 2007 | | | |
| 16 | Charges for discharge dated October 17, 2007 | | | |
| 17 | Statement from Jayme Lebshier regarding telephone call with Plaintiff on June 13, 2006 | | | |
| 18 | Memo from Plaintiff to Tricia Pineda dated October 1, 2007 | | | |
| *19 | Group Insurance Program Insurance Premium Billing Statements | | | |
| *20 | Incorrect Payroll Deduction sheets | | | |
| *21 | Salary Earnings Statements | | | |
| *22 | Certification of Accumulated Leave Upon Separation from State Service | | | |
| *23 | Time and Attendance Employee Balance Inquiries | | | |
| *24 | Time and Attendance Lump Sum Adjustment forms | | | |
| *25 | Outstanding Involuntary Withholding Inquiries | | | |
| *26 | Waiver of Posting between Defendant and AFSCME for position Plaintiff assumed upon reinstatement | | | |
| *27 | Plaintiff's claims for back wages | | | |
| *28 | Back wage worksheets | | | |
| *29 | Letters from Kathleen Davlin to Plaintiff | | | |
| *30 | Waiver of back wages dated September 9, 2009 | | | |
| *31 | Invoice Voucher for interest on back wages | | | |

| No. | Description | Admit Without Objection | Authentication Waived | Objection |
|---|---|---|---|---|
| 32 | Incident reports by James Davis | | | |
| 33 | Plaintiff's EEOC Complaint and right to sue letter | | | |
| 34 | Position Description | | | |
| 35 | E-mail dated 3/31/05 from Puckett to Cowan (Bates 814) | | | |
| 36 | Memorandum dated 5/3/05 from Plaintiff to Cowan (initial disc. p. 2) | | | |
| 37 | E-mail from Jim Davis to Veronica Tozer dated 5/4/05 (Bates 2567) | | | |
| 38 | E-mail from Davis to Puckett dated 5/12/05 (Bates 869) | | | |
| 39 | E-mail chain Jim Davis/Steve Petrilli dated 5/24/05-5/25/05 (Bates 880-881) | | | |
| 40 | E-mail chain 6/25/05-6/28/05 between Puckett/Petrilli/Cowan and Stout (Bates 800-801) | | | |
| 41 | E-mail chain 7/1/05 between Davis/Stout/Green/Tozer/Shewmaker (Bates 805-806) | | | |
| 42 | E-mail from Sanders to Puckett/Stout/Petrilli/Davis/Cowan/Lebshier dated 7/2/05 and Davis forward (Bates 785) | | | |
| 43 | E-mail from Cowan to Stout/Davis/Miller/Petrilli dated 7/5/05 (Bates 666). | | | |

21

| No. | Description | Admit Without Objection | Authentication Waived | Objection |
|---|---|---|---|---|
| 44 | E-mail chain between Puckett/Sanders/Davis/Cowan/Stout et. al. Dated 7/9/05-7/11/05 (Bates 558-560) | | | |
| 45 | Forward to Steve Petrilli of 6/12/05 E-mail from Davis to Sanders (Bates 782) | | | |
| 46 | E-mail exchange between Puckett/Sanders/Davis/Cowan dated 8/9/05 (Bates 1057-1058) | | | |
| 47 | E-mail exchange between Cowan and Stout referencing e-mail exchange between Sanders/Puckett dated 8/9/05 (Bates 685-686) | | | |
| 48 | E-mail between Cowan and Stout referencing an 8/16/05 e-mail of Jim Davis (Bates 689) | | | |
| 49 | E-mail exchange between Cowan/Stout/Petrilli/Puckett dated 9/9/05 (Bates 691) | | | |
| 50 | E-mail exchange between Victor Puckett and Sanders et al, dated 2/10/05 9Bates 429) | | | |
| 51 | E-mail exchange between Vicktor Puckett and Michael Sanders dated 2/11/05 (bates 1900-1901) | | | |
| 52 | E-mail exchange between Victor Puckett and Michael Sanders dated 3/9/05 (Bates 453) | | | |
| 53 | E-mail from Victor Puckett to Michael Sanders dated 2/10/05 (Bates 2587) | | | |
| 54 | E-mail from Jim Davis to Michael Sanders dated 6/12/05 (Bates 885) | | | |

| No. | Description | Admit Without Objection | Authentication Waived | Objection |
|---|---|---|---|---|
| 55 | E-mail exchange between Steve Petrilli, Michael Sanders, and Victor Puckett dated 6/10/05 - 6/13/05) | | | |
| 56 | E-mail exchange between Michael Sanders and Jim Davis dated 6/12/-5-6/14/05 (Bates 891) | | | |
| 57 | E-mail exchange between Victor Puckett and Michael Sanders dated 6/24/05 (Bates 803-804). | | | |
| 58 | E-mail exchange between Victor Puckett and Michael Sanders dated 6/30/05 (Bates 321) | | | |
| 59 | E-mail exchange between Michael Sanders and Victor Puckett dated 6/30/05 - 7/2/05 (Bates 1013)(Same with additional note as #42) | | | |
| 60 | E-mail exchange between Victor Puckett and Michael Sanders dated 7/2/05 (Bates 948) | | | |
| 61 | E-mail from Victor Puckett to Michael Sanders dated 5/12/05 (Bates 784) | | | |
| 62 | E-mail exchange between Davis and Sanders dated 8/9/05 - 8/13/05 (Bates 1059) | | | |
| 63 | E-mail from Michael Sanders to Debbie Cowan dated 9/8/05 (Bates 693) | | | |
| | | | | |

*Exhibits 19-31 will be only be offered in the damages part of trial.

Defendant reserves the right to introduce any exhibits listed on Plaintiff's exhibit list at trial.

## EXHIBIT G

### PROPOSED JURY INSTRUCTIONS

The parties tendered proposed jury instructions on March 9, 2012.