E-FILED
Friday, 24 August, 2012  03:47:31 PM
Clerk, U.S. District Court, ILCD

IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | | |
|---|---|---|
| MICHAEL  A.  SANDERS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| -vs- | ) | No. 09-3207 |
| | ) | |
| ILLINOIS DEPARTMENT OF | ) | |
| CENTRAL MANAGEMENT SERVICES, | ) | |
| | ) | |
| Defendant. | ) | |

**MEMORANDUM OF LAW IN SUPPORT
OF DEFENDANT'S THIRD MOTION IN LIMINE**

NOW COMES Defendant, the ILLINOIS DEPARTMENT OF CENTRAL MANAGEMENT SERVICES, by and through its attorney, Lisa Madigan, Attorney General for the State of Illinois, and in support of its Third Motion in Limine submits the following memorandum of law.

**BACKGROUND**

Plaintiff has alleged in his lawsuit that the defendant violated his rights under the Americans With Disabilities Act when it instructed him to submit to an independent medical exam ("IME").  Victor Puckett was Plaintiff's immediate supervisor at Central Management Services, and has been listed as a witness on both the plaintiff's and the defendants' witness lists.  Upon information and belief, between 1978 or 1979 and 1982, when he was still a teenager, Mr. Puckett was convicted on three criminal charges[1] for which he served approximately five and one-half years in prison.  He was released from prison in 1985 and since that time has not been convicted of anything other than minor traffic ticket(s).

---

[1] Though two of the charges were felonies, it appears that the third charge was a misdemeanor for which he was sentenced to thirty-days in jail, probation and a fine.

**I.     Evidence of these convictions is barred by Fed. R. Civ. P. 609(b).**

Federal Rule of Civil Procedure 609(a)(1) generally allows evidence of conviction of a crime punishable by death or imprisonment in excess of one year[2] in order to attack the character for truthfulness of a witness.  However, 609(b) does not allow admission of such information if more than ten (10) years have passed since the witness's conviction or release from confinement, whichever comes later unless "its probative value, supported by specific facts and circumstances, substantially outweighs its prejudicial effect . . .and the proponent gives an adverse party reasonable written notice of the intent to use it so that the party has a fair opportunity to contest its use."  Fed. R. Civ. P. 609(b)(West 2012).

The Seventh Circuit has articulated a test to be applied to determine whether the probative value of a conviction outweighs its prejudicial effect.  *United States v. Montgomery*, 390 F.3d 1013, 1015 (7th Cir. 2004).  The Court should consider (1) impeachment value of the evidence; (2) the point in time of the conviction and the witness's subsequent history; (3) the similarity between the past crime and the crime charged; (4) the importance of the party's testimony, and (5) the centrality of the credibility issue.  *Id.*

In this case, there is little, if any impeachment value of the evidence since the convictions have no bearing on the subject of Mr. Puckett's testimony.  Though Mr. Puckett was Plaintiff's immediate supervisor, he was not the individual who made the decision that is at issue in this case; whether to require Plaintiff to attend an independent medical examination. Additionally, Mr. Puckett is not the only witness who is anticipated to testify to Plaintiff's actions in the workplace that lead to the decision, so Mr. Puckett's credibility is not central to the case. Finally, there is no probative value to convictions that are almost thirty years old and committed when the witness was still in his teens, especially when there is no evidence that he has been anything other than a productive citizen and employee since that time.  The prejudice to the

---

[2] Rule 609(a)(2) allows evidence of crimes involving dishonesty or false statement regardless of the punishment.  Fed. R. Civ. P. 609(a)(2).

Defendant of allowing the jury to hear of the convictions would far outweigh any possible probative value of the information.

  **II. Plaintiff has not given any notice of his intent to use evidence of the convictions.**

  Rule 609(b)(2) requires a party seeking to use evidence of convictions for impeachment to give the other party reasonable, written notice of the intent to use the convictions. *Id.* In this case, while it appears from previous comments made by Plaintiff in other proceedings that he is aware that Mr. Puckett has a criminal history, he has not advised counsel in writing or otherwise that he intends to raise the issue in these proceedings. Therefore, even if the Court were to find the probative value of the information substantially outweighed its prejudicial effect, Plaintiff should be barred from raising the convictions.

  **III. Conclusion**

  Because the convictions are over ten (10) years old, there is no probative value to allowing the information to come before the jury, and because Plaintiff has not given written notice of his intent to use the information at trial, Plaintiff should be barred from eliciting testimony about the convictions or otherwise commenting on them.

      Respectfully submitted,

      ILLINOIS DEPARTMENT OF CENTRAL
      MANAGEMENT SERVICES,

       Defendant,

      LISA MADIGAN, Attorney General,
      State of Illinois

     By: s/Kelly R. Choate
      Kelly R. Choate, #6269533
      Assistant Attorney General
      Attorney for Defendant
      500 South Second Street
      Springfield, Illinois  62706
      (217) 782-9026  Phone
      (217) 524-5091  Fax
      E-Mail: kchoate@atg.state.il.us

IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

MICHAEL  A.  SANDERS,                )
                                     )
                Plaintiff,           )
                                     )
        -vs-                         )          No. 09-3207
                                     )
ILLINOIS DEPARTMENT OF               )
CENTRAL MANAGEMENT SERVICES,         )
                                     )
                Defendant.           )

        I hereby certify that on August 24, 2012, the foregoing document, Memorandum of Law
in Support of Defendant's Third Motion in Limine, was electronically filed with the Clerk of the
Court using the CM/ECF system which will send notification of such filing(s) to the following:

        None

and I hereby certify that on August 24, 2012, a copy of the foregoing document was mailed by
United States Postal Service, the document(s) to the following non-registered participant(s):

        Michael Sanders
        Apartment 205
        400 E. Jefferson
        Springfield, Illinois  62701


                                        Respectfully Submitted,

                                         s/ Kelly R. Choate
                                        Kelly R. Choate, #6269533
                                        Assistant Attorney General
                                        Attorney for Defendants
                                        500 South Second Street
                                        Springfield, Illinois  62706
                                        (217) 782-9026  Phone
                                        (217) 524-5091  Fax
                                        E-Mail:  kchoate@atg.state.il.us