IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

MICHAEL A. SANDERS,            )
                               )
        Plaintiff,             )
                               )
    -vs-                       )   No. 09-3207
                               )
ILLINOIS DEPARTMENT OF         )
CENTRAL MANAGEMENT SERVICES,   )
                               )
        Defendant.             )

# EXHIBIT E

## PLAINTIFF'S EXHIBIT LIST

| Case Name: *Sanders v. Illinois Department of Central Management Services* | Case No.: 09-3207 | |
|---|---|---|

| No. | Description | Admit without Objection | Authentication Waived | Objection |
|---|---|---|---|---|
| 1 | Guard report accusing me of stealing documentation dated 2/8/05. | | | Not produced, Foundation, Hearsay |
| 2 | Puckett email dated 2/10/05 regarding being in work area and establishing his own ABT policy. | X | X | |
| 3 | Puckett email dated 3/3/05 detailing his attempts to dock me a day's pay. | | X | Relevance, to the extent the document discusses Chris Lael |
| 4 | Puckett email dated 3/4/05 instructing plaintiff to not have a cup of coffee on his desk. | X | X | |
| 5 | Puckett email dated 3/9/05 falsely accusing plaintiff on not monitoring schedules. | X | X | |

| | | | | |
|---|---|---|---|---|
| 6 | Puckett email dated 3/29/05 incorrectly interpreting phone usage policies. | X | X | |
| 7 | Statement written by Chris Lehl on 5/26/05 regarding Dennis Phipps 3/31/05 retirement party | | X | Foundation, Hearsay, Relevance |
| 8 | Puckett email dated 4/13/05 regarding his belief that plaintiff is trying to keep tabs on other employees. | | X | Relevance, Hearsay |
| 9 | ELA security report dated 4/29/05 falsely accusing plaintiff of entering a restricted area. | | X | Foundation, Relevance, Hearsay |
| 10 | Email by Debra Stout dated 5/17/05 detailing a plan to issue discipline against plaintiff for leaving his work area for 17 minutes. | | X | Foundation, Hearsay, Relevance |
| 11 | Report by ELA Security guard dated 5/24/05 claiming that he caught Plaintiff looking through the employee sign in book. | | | Foundation, Hearsay, Relevance, Contains Signature |
| 12 | Plaintiff's 5/26/05 AFSCME grievance response 5/26/05 regarding his 1 day suspension. | | | Not Produced, Hearsay |
| 13 | Email from Steve Petrilli describing a disciplinary meeting and indicating that Steve Miller was involved in Sanders 1 day suspension | | | Hearsay, Relevance, Subject to ¶ 3 of Defendant's first Motion in Limine, which was granted by the Court. |
| 14 | 6/12/05 Email from Jim Davis falsely accusing plaintiff of not informing Puckett of plaintiff's work activities | X | X | |
| 15 | 2 separate 6/14/05 emails between plaintiff and Jim Davis regarding Jim Davis' falsification of plaintiffs attendance records. | | | Hearsay, Relevance |
| 16 | Email from Debra Stout dated 6/14/05 refusing to meet with plaintiff regarding work place harassment. | X | X | |
| 17 | Email from Debra Stout dated 6/16/05 instructing Steve Miller to produce written instructions for plaintiff reading when he can leave his immediate work area. | X | Defendant does not waive authentication for the Supervisory File attached to Stout's email | |

| | | | | |
|---|---|---|---|---|
| 18 | Email from plaintiff dated 6/24/05 informing management that Puckett had left his work facility for about three hours while reporting that he had been present. | | X | Hearsay, Relevance |
| 19 | 2 separate statements from Puckett and James Davis, each dated 7/12/05, informing management that plaintiff did not receive prior approval before leaving work 1 hour early on 6/25/05. | X | X | |
| 20 | Email exchange dated 6/28/05 between plaintiff and Davis regarding plaintiff being disapproved 1 hour of vacation time. | | X | Hearsay as to Plaintiff's statements contained in this exhibit |
| 21 | 6/24/05 email from Puckett complaining that Plaintiff had left the work area unattended. | | X | Hearsay as to Plaintiff's statements contained in this exhibit |
| 22 | Email from Puckett dated 6/28/05 falsely accusing plaintiff of performing a "backout." | | X | Hearsay |
| 23 | 6/28/05 email from Puckett complaining that plaintiff used the wrong men's room at the work site. | X | X | |
| 24 | 6/30/05 email from Puckett instructing plaintiff to not repair programs that had broken down. | | | Hearsay as to Plaintiff's statements contained in this exhibit |
| 25 | 7/1/05 email from Steve Miller complaining that plaintiff used the wrong type of "cart." | X | X | |
| 26 | 7/1/05 email from James Davis complaining that plaintiff did not tell supervisors of his job actions. | X | X | |
| 27 | 7/2/05 email from Puckett complaining that the is "teed off" at being called a bigot. | X | X | |
| 28 | 7/5/05 email by Debby Cowan indicating that she has questions regarding plaintiff's "mental" abilities. | X | X | |
| 29 | 7/8/05 email from Deb Stout requesting they send plaintiff to IME | X | X | |
| 30 | 7/9/05 email from Puckett falsely complaining that plaintiff had not monitored the schedules. | | X | Hearsay as to Plaintiff's statements contained in this exhibit |

| | | | | |
|---|---|---|---|---|
| 31 | 7/10/05 email from Jim Davis attempting to dismiss plaintiff's accusation of harassment and disparate treatment. | | X | Hearsay as to Plaintiff's statements contained in this exhibit |
| 32 | 7/12/05 email chain indicating that the CMS EEO Director can attend plaintiff's disciplinary hearing but not participate. | | X | Hearsay as to statements of Sherry Pittman and Plaintiff contained in this exhibit |
| 33 | 7/26/05 Written AFSCME grievance response to plaintiff's 3 days suspension. | | | Hearsay |
| 34 | 8/3/05 email from Veronica Tozer indicating that plaintiff's 3 day suspension should be in the middle of Plaintiff's work week. | | X | Relevance |
| 35 | 8/16/05 email from Debby Cowan indicating that she is "getting tired" of the "racial" angle. | | X | Hearsay as to Plaintiff's statements contained in this exhibit |
| 36 | 8/9/05 email from Puckett instructing plaintiff not to contact other units of the agency. | | X | Hearsay as to Plaintiff's statements contained in this exhibit |
| 37 | 8/9/05 email from James Davis indicating he believes Plaintiff's email regarding network services is insubordinate. | | X | Hearsay as to Plaintiff's statements contained in this exhibit |
| 38 | 8/16/05 email from Jim Davis contemplating barring plaintiff from entering the work site after hours. | X | X | |
| 39 | 8/15/05 ELA guard report regarding plaintiff entering the building after hours. | | X | Foundation, Hearsay, Relevance, Contains signature |
| 40 | 8/16/05 email by Debby Cowan indicating that Plaintiff intended to "do something" when he entered the work site after hours. | X | X | |

| | | | | |
|---|---|---|---|---|
| 41 | 8/13/15 email from plaintiff to Cowan complaining of racially disparate treatment by Puckett | | X | Hearsay, Relevance, Subject to ¶ 3 of Defendant's first Motion in Limine, which was granted by the Court |
| 42 | 8/26/05 email from Puckett requesting to prevent plaintiff from performing JCL corrections. Email regarding symbolic and generation numbers. | X | X | |
| 43 | 8/27/05 email from Debby Cowan falsely stating that she had issued an order that plaintiff was not permitted to do JCL changes. | X | X | |
| 44 | Statement of Chris Lehl regarding 8/26/05 incident. | | X | Hearsay, Relevance, Foundation |
| 45 | 8/27/05 email from Victor Puckett describing the incident of 8/26/05 as "NO BIGGIE." | | X | Hearsay, Relevance |
| 46 | Falsely dated 8/25/05 and 8/26/05 statements of Puckett regarding the incident of 8/26/05 | X | X | |
| 47 | 8/29/05 email from Veronica Tozer initiating an OEIG investigation of plaintiff. | | X | Hearsay; Confidential pursuant to 5 ILCS 430/20-90, disclosed in error; Subject to ¶ 6 of Defendant's first Motion in Limine, which was granted by the Court |
| 48 | 9/8/05 email from plaintiff complaining that he was being wrongfully docked for an absence on 9/7/05. | | X | Hearsay |
| 49 | 9/13/05 AFSCME grievance response to disciplinary measures for the events of 8/26/05 | | | Hearsay |

| # | Description | | | | Objections |
|---|---|---|---|---|---|
| 50 | 9/2/05 disciplinary package written for the events of 8/26/05. | | | | Not produced, Relevance, Vague, Hearsay as to Plaintiff's statements that may be contained in this exhibit |
| 51 | 9/21/05 email from John Woolrifge forwarding OEIG investigation umber to Tozer. | | | X | Hearsay; Confidential pursuant to 5 ILCS 430/20-90, disclosed in error; Subject to ¶ 6 of Defendant's first Motion in Limine, which was granted by the Court |
| 52 | 10/27/05 letter from plaintiff protesting usage of personnel rule 303.145. | | | X | Relevance; Hearsay; Subject to ¶ 3 of Defendant's first Motion in Limine, which was granted by the Court |
| 53 | 11/10/05 email from Veronica Tozer stating that in case we get plaintiff back we have something to fall back on (OEIG investigation). | | | X | Hearsay; Confidential pursuant to 5 ILCS 430/20-90, disclosed in error; Subject to ¶ 6 of Defendant's first Motion in Limine, which was granted by the Court |

| | | | | |
|---|---|---|---|---|
| 54 | Findings of Civil Service Commission in DA-25-06 and DA-11-08. | | X | Relevance; Hearsay; Subject to ¶ 5 of Defendant's first Motion in Limine, which was granted by the Court |
| 55 | 6 letters sent to Plaintiff by CMS scheduling IME's. The letters are dated 9/21/05, 10/6/05, 4/3/06, 1/19/07, 5/23/07, 8/23/07 | | X | Objection to the extent that the 1/19/07 letter contains reference to the OEIG's findings. This evidence is subject to ¶ 6 of Defendant's first Motion in Limine, which was granted by the Court |
| 56 | 1/4/07 OEIG letter concluding its investigation of plaintiff | | | Relevance; Foundation; Subject to ¶ 6 of Defendant's first Motion in Limine, which was granted by the Court |
| 57 | Schematic of production program indicating steps and return codes | | | Not produced; Relevance; Foundation; Vague |
| 58 | List of steps necessary to correct a broken production program | | | Not produced; Relevance; Foundation; Vague |
| 59 | All CMS 2's produced by CMS between 2005-2010 which are regarding plaintiff. | | X | Plaintiff has not produced all documents identified in this exhibit; Relevance; Overly broad; Vague |

| | | | | |
|---|---|---|---|---|
| 60 | All letters sent to plaintiff by CMS, from 2005-2010 either placing plaintiff on involuntary Administrative Leave or taking plaintiff off involuntary Administrative Leave | | | Plaintiff has not produced all documents identified in this exhibit; Relevance; Overly broad |
| 61 | December 23, 1998 Determination letter from EEOC regarding EEOC complaint 210981145 | | | Relevance; Foundation; Subject to ¶ 3 of Defendant's first Motion in Limine, which was granted by the Court |
| 62 | March 13, 1998 letter from the Veterans Administration Hospital providing medical diagnosis. | | | Relevance; Hearsay; Contains signature; Subject to ¶ B of Defendant's Second Motion in Limine, which was granted by the Court |
| 63 | May 17, 1996 letter from St. Johns Hospital to Illinois Board of Education providing medical diagnosis. | | | Relevance; Hearsay; Contains signature; Foundation; Subject to ¶ B of Defendant's Second Motion in Limine, which was granted by the Court |
| 64 | Email chain began on September 25, 2009 and responded to by Veronica Tozer regarding plaintiff's layoff. | | X | Relevance; Subject to ¶ 3 of Defendant's first Motion in Limine, which the Court has granted |

| | | | | |
|---|---|---|---|---|
| 65 | March 14, 2007, email from Missy Riggins detailing the efforts of Erin Davis to find a reason to force plaintiff to attend an IME | | X | Attorney-client privilege, work product, was disclosed in error |
| 66 | March 14, 2007, and July 31, 2007, letters from Jeff Shuck to Brad Wilson. | X | X | |
| 67 | 4/7/06 and 7/18/07 letters from Brad Wilson to Jeff Shuck | | X | Hearsay |
| 68 | 7/11/07 fax from Jeff Shuck to Brad Wilson along with Lebshier statements | X | X | |
| 69 | All emails from Amy Petry Romano to Brad Wilson from 2005-2010. | | X | Hearsay, Relevance, Foundation |
| 70 | 10/25/07 Motion to amend charges filed with the Illinois Civil Service Commission by Amy Petry Romano. | | X | Not produced; Relevance; Subject to ¶ 5 of Defendant's first Motion in Limine, which was granted by the Court; Not listed as exhibit in discovery |
| 71 | Sanders 10/17/07 notice of discharge | X | X | |
| 72 | The AFSCME union contract | | X | Relevance; Overly broad; Vague; Subject to ¶ 3 of Defendant's first Motion in Limine, which was granted by the Court; Not listed as exhibit in discovery |
| 73 | EEOC complaint 846-2008-04199 | | X | Hearsay |
| 74 | Group Insurance Billing statements | | X | Vague; Relevance, would address damages only |

| | | | | |
|---|---|---|---|---|
| 75 | All determinations made by the Illinois Department of Employment Security regarding plaintiff's 2007 unemployment insurance claim. | | X | Relevance, would address damages only; Foundation; Subject to ¶ 3 of Defendant's first Motion in Limine, which was granted by the Court |
| 76 | 10/1/07 letter from plaintiff to Pineda clarifying what the Plaintiff's "mental" state was. | | X | Hearsay; Relevance, would address damages only |
| 77 | 10/30/08 & 2/24/09 orders from Sangamon County Circuit Court judge Patrick Kelly. | | X | Not produced; Relevance, would address damages only; Foundation; Vague; may be subject to ¶ 5 of Defendant's first Motion in Limine, which was granted by the Court |
| 78 | 9/18/06 email from Steve Petrilli stating that it would promote an unsafe work environment if plaintiff were allowed to return to work. | X | X | |
| 79 | 9/20/07 email from Steve Petrilli accusing Plaintiff of making false statements and attempting to intimidate him and CMS. | | X | Relevance |
| 80 | 9/5/07 letter from Dr. Terry Killian to Missy Riggins detailing his involvement. | X | X | |
| 81 | 10/03/08 email from Christy Shewmaker informing payroll and administrative staff that they are not to answer any questions which I make of them but rather forward the inquiry to her. Email was sent to 20 individuals. | | X | Relevance, would address damages only |
| 82 | Plaintiff's 2004 annual evaluation indicating he was rated exceeds expectations in job knowledge and productivity. Prior to working with Puckett. | X | X | |
| 83 | State Holiday Schedule for years 2005, 2006, 2007, 2008, 2009, 2010 | | X | Relevance, would address damages only |

| | | | | |
|---|---|---|---|---|
| 84 | CMS "Certification of Accumulated Leave Upon Separation from State Service" for plaintiff's 11/23/05 and 10/17/07 discharges. | | | Relevance, would address damages only |
| 85 | CMS "Employee Balance Inquiry" indicating plaintiff's ABY balances upon reinstatement on 6/1/09 | | | Relevance, would address damages only |
| 86 | 2/4/11 statement from Illinois Comptroller detailing dates and amounts of involuntary holdings placed against plaintiff. | | | Relevance, would address damages only; incomplete document produced by Plaintiff |
| 87 | Statement from shared Services indicating withholding from Sanders wages due to continuance at the Civil Service Commission. | | | Relevance, would address damages only; Foundation; Subject to ¶ 8 of Defendant's first Motion in Limine, which was granted by the Court |
| 88 | Plaintiff's 2008 and 2009 Federal Tax returns | | | Relevance, would address damages only; incomplete documents produced by Plaintiff |
| 89 | All privilege logs released by Defendant at the Illinois Civil Service Commission in DA 11-08 and in connection with Fed case 09-3207 | | X | Relevance |
| 90 | Time line of material cited in this Exhibit | | | Not produced; Relevance; Foundation; Hearsay; Vague, Not listed as an exhibit in discovery |
| 91 | Orders issued by HFS in response to Item 1 of Defendant's Exhibit List | X | X | |

| | | | | |
|---|---|---|---|---|
| 92 | Email exchange between Veronica Tozer and Jayme Lebshier regarding Tozer's attempt to persuade Lebshier to represent Plaintiff at 7/11/2007 pre-D meeting | X | X | |
| 93 | Display of the various rationales used by Jeff Shuck as the basis for the IMEs | | | Not produced; Relevance; Foundation; Hearsay; Vague; Not listed as an exhibit in discovery |
| 94 | Select songs of 2Pac Shakur and Biggie Smalls | | | Not produced; Relevance; Foundation; Hearsay; Vague; Not listed as an exhibit in discovery |
| 95 | Select scene from the movie "Soldier's Story" | | | Not produced; Relevance; Foundation; Hearsay; Vague; Not listed as an exhibit in discovery |
| 96 | Defendants response interrogatories | | | Relevance; Foundation; Vague |
| 97 | 9/18/06 email from Petrilli stating that plaintiff is dangerous | X | X | |
| 98 | 6/29/07 email between Tozer and Lebshir regarding July 2007 pre-D meeting. | | X | Relevance, Hearsay |

| # | Description | | | Reason |
|---|---|---|---|---|
| 99 | Privacy in the Work Place Act 820 ILCS 55/5 | | X | Relevance; Subject to ¶ 3 of Defendant's first Motion in Limine, which was granted by the Court; Not listed as an exhibit in discovery |
| 100 | 1/20/06 letter from Jeff Shuck to Amy Romano confirming reinstatement | | X | Attorney-Client privilege, disclosed in error; Relevance, would address damages only |
| 101 | Mental Health and Developmental Disabilities Act | | X | Relevance; Subject to ¶ 1 of Defendant's first Motion in Limine, which was granted by the Court |
| 102 | Springfield Police Report of 2/26/09 "Bomb Threat" | | X | Relevance; Subject to ¶ 3 of Defendant's first Motion in Limine, which was granted by the Court |
| 103 | Verified Responses filed by Veronica Tozer with Human Rights Department and Human Rights Commission | | | Not produced; Relevance; Vague; Subject to ¶ 3 of Defendant's first Motion in Limine, which was granted by the Court |

| | | | | |
|---|---|---|---|---|
| 104 | 9/3/04 Medical statement from SIU School of Medicine & Capital Healthcare to Public Aid | | | Relevance; Subject to ¶ B of Defendant's Second Motion in Limine, which was granted by the Court |
| 105 | Protest letters and emails with regard to "waiver" regarding back pay | | | Relevance, would address damages only; Subject to ¶ 8 of Defendant's first Motion in Limine, which was granted by the Court |
| 106 | Illinois Supreme Court Rules | | X | Relevance, Not listed as an exhibit in discovery |
| 107 | All attestations of affidavits made by Jeff Shuck | | | Not produced, Hearsay, Vague, Overly broad |

Plaintiff reserves the right to introduce any exhibits listed on Defendant's exhibit list at trial.

IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | |
|---|---|
| MICHAEL A. SANDERS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| -vs- ) | No. 09-3207 |
| ) | |
| ILLINOIS DEPARTMENT OF ) | |
| CENTRAL MANAGEMENT SERVICES, ) | |
| ) | |
| Defendant. ) | |

## CERTIFICATE OF SERVICE

I hereby certify that on August 27, 2012, the foregoing document, Supplemental Objection to Plaintiff's Exhibit E of the Final Pretrial Order, was electronically filed with the Clerk of the Court using the CM/ECF system which will send notification of such filing(s) to the following:

None

and I hereby certify that on August 27, 2012, a copy of the foregoing document was mailed by United States Postal Service, to the following non-registered participant(s):

Michael Sanders
Apartment 205
400 E. Jefferson
Springfield, Illinois  62701

and on August 28, 2012, a copy will be hand delivered to Plaintiff at trial.

Respectfully Submitted,

 s/ Kelly R. Choate
Kelly R. Choate, #6269533
Assistant Attorney General
Attorney for Defendants
500 South Second Street
Springfield, Illinois  62706
(217) 782-9026  Phone
(217) 524-5091  Fax
E-Mail:  kchoate@atg.state.il.us