**E-FILED**
Wednesday, 05 September, 2012  09:21:19 AM
Clerk, U.S. District Court, ILCD

Attachment 1

**At the Close of the Case:**

During your deliberations, you must not communicate with or provide any information to anyone by any means about this case.  You may not use any electronic device or media, such as the telephone, a cell phone, smart phone, iPhone, Blackberry or computer, the Internet, any Internet service, any text or instant messaging service,  any Internet chat room, blog, or website such as Facebook, MySpace, LinkedIn, YouTube or Twitter, to communicate to anyone any information about this case or to conduct any research about this case until I accept your verdict. In other words, you cannot talk to anyone on the phone, correspond with anyone, or electronically communicate with anyone about this case. You can only discuss the case in the jury room with your fellow jurors during deliberations.  I expect you will inform me as soon as you become aware of another juror's violation of these instructions.

You may not use these electronic means to investigate or communicate about the case because it is important that you decide this case based solely on the evidence presented in this courtroom.  Information on the internet or available through social media might be wrong, incomplete, or inaccurate.  You are only permitted to discuss the case with your fellow jurors during deliberations because they have seen and heard the same evidence you have.  In our judicial system, it is important that you are not influenced by anything or anyone outside of this courtroom.  Otherwise, your decision may be based on information known only by you and not your fellow jurors or the parties in the case. This would unfairly and adversely impact the judicial process.

Members of the jury, you have seen and heard all the evidence and arguments of the attorneys. Now I will instruct you on the law.

You have two duties as a jury. Your first duty is to decide the facts from the evidence in the case. This is your job, and yours alone.

Your second duty is to apply the law that I give you to the facts. You must follow these instructions, even if you disagree with them. Each of the instructions is important, and you must follow all of them.

Perform these duties fairly and impartially. Do not allow sympathy to influence you.

Nothing I say now, and nothing I said or did during the trial, is meant to indicate any opinion on my part about what the facts are or about what your verdict should be.

Defendant's No. 1
7th Circuit Pattern Jury Instruction 1.01

Given _____✓_____
Given as Modified _____
Refused _____
Withdrawn _____

In this case the defendant is a State agency.  All parties are equal before the law. A State agency is entitled to the same fair consideration that you would give any individual person.

Defendant's No. 2
7th Circuit Pattern Jury Instruction 1.03 (modified)

Given ✓ _____
Given as Modified _____
Refused _____
Withdrawn _____

The evidence consists of the testimony of the witnesses, the exhibits admitted in evidence, and the stipulations.

Defendant's No. 3
7th Circuit Pattern Jury Instruction 1.04

Given _____
Given as Modified _____
Refused _____
Withdrawn _____

You must decide whether the testimony of each of the witnesses is truthful and accurate, in part, in whole, or not at all. You also must decide what weight, if any, you give to the testimony of each witness.

In evaluating the testimony of any witness, including any party to the case, you may consider, among other things:

- the ability and opportunity the witness had to see, hear, or know the things that the witness testified about;

- the witness's memory;

- any interest, bias, or prejudice the witness may have;

- the witness's intelligence;

- the manner of the witness while testifying;

- and the reasonableness of the witness's testimony in light of all the evidence in the case.

Defendant No. 4
7th Circuit Pattern Jury Instruction 1.13

Given ✓ _____
Given as Modified _____
Refused _____
Withdrawn _____

The credibility of a witness may be attacked by introducing evidence that on some former occasion the witness made a statement or acted in a manner inconsistent with the testimony of the witness in this case on a matter material to the issues. Evidence of this kind may be considered by you in connection with all the other facts and circumstances in evidence in deciding the weight to be given to the testimony of that witness.

In considering a prior inconsistent statement or conduct, you should consider whether it was simply an innocent error or an intentional falsehood and whether it concerns an important fact or an unimportant detail.

Defendant's No. 5
7th Circuit Pattern Jury Instruction 1.14 (modified)
I.P.I. No. 3.01 (1995 edition)

Given ___✓___
Given as Modified _____
Refused _____
Withdrawn _____

You have heard witnesses give opinions about matters requiring special knowledge or skill. You should judge this testimony in the same way that you judge the testimony of any other witness. The fact that such person has given an opinion does not mean that you are required to accept it. Give the testimony whatever weight you think it deserves, considering the reasons given for the opinion, the witness's qualifications, and all of the other evidence in the case.

Defendant's No. 6
7th Circuit Pattern Jury Instruction 1.21

Given ✓_____
Given as Modified _____
Refused _____
Withdrawn _____

Certain things are not to be considered as evidence. I will list them for you:

First, if I told you to disregard any testimony or exhibits or struck any testimony or exhibits from the record, such testimony or exhibits are not evidence and must not be considered.

Second, anything that you may have seen or heard outside the courtroom is not evidence and must be entirely disregarded.

Third, questions and objections or comments by the lawyers are not evidence. Lawyers have a duty to object when they believe a question is improper. You should not be influenced by any objection, and you should not infer from my rulings that I have any view as to how you should decide the case.

Fourth, the lawyers' opening statements and closing arguments to you are not evidence. Their purpose is to discuss the issues and the evidence. If the evidence as you remember it differs from what the lawyers said, your memory is what counts.

Defendant No. 8
7th Circuit Pattern Jury Instruction 1.06

Given ✓_____
Given as Modified _____
Refused _____
Withdrawn _____

Any notes you have taken during this trial are only aids to your memory. The notes are not evidence. If you have not taken notes, you should rely on your independent recollection of the evidence and not be unduly influenced by the notes of other jurors. Notes are not entitled to any greater weight than the recollections or impressions of each juror about the testimony.

Defendant No. 9
7th Circuit Pattern Jury Instruction 1.07

Given _____
Given as Modified _____
Refused _____
Withdrawn _____

In determining whether any fact has been proved, you should consider all of the evidence bearing on the question regardless    who introduced it.

Defendant No. 10
7th Circuit Pattern Jury Instruction 1.08

Given ____✓____
Given as Modified _____
Refused _____
Withdrawn _____

You will recall that during the course of this trial I instructed you that I admitted certain evidence for a limited purpose. You must consider this evidence only for the limited purpose for which it was admitted.

Defendant No. 11
7th Circuit Pattern Jury Instruction 1.09

Given _____
Given as Modified _____
Refused _____
Withdrawn _____

You should use common sense in weighing the evidence and consider the evidence in light of your own observations in life.

In our lives, we often look at one fact and conclude from it that another fact exists. In law we call this "inference." A jury is allowed to make reasonable inferences. Any inference you make must be reasonable and must be based on the evidence in the case.

Defendant No. 12
7th Circuit Pattern Jury Instruction 1.11

Given ____
Given as Modified ____
Refused ____
Withdrawn ____

You may have heard the phrases "direct evidence" and "circumstantial evidence." Direct evidence is proof that does not require an inference, such as the testimony of someone who claims to have personal knowledge of a fact.

Circumstantial evidence is proof of a fact, or a series of facts, that tends to show that some other fact is true.

As an example, direct evidence that it is raining is testimony from the witness who says, "I was outside a minute ago and I saw it raining." Circumstantial evidence that it is raining is the observation of someone entering a room carrying a wet umbrella.

The law makes no distinction between the weight to be given to either direct or circumstantial evidence. You should decide how much weight to give to any evidence. In reaching your verdict, you should consider all the evidence in the case, including the circumstantial evidence.

Defendant No. 13
7th Circuit Pattern Jury Instruction 1.12

Given _____
Given as Modified _____
Refused _____
Withdrawn _____

It is proper for a lawyer to meet with any witness in preparation for trial.

Defendant No. 14
7th Circuit Pattern Jury Instruction  1.16

Given _____
Given as Modified _____
Refused _____
Withdrawn _____

You may find the testimony of one witness or a few witnesses more persuasive than the testimony of a larger number.  You need not accept the testimony of the larger number of witnesses.

Defendant No. 15
7th Circuit Pattern Jury Instruction 1.17

Given _____
Given as Modified _____
Refused _____
Withdrawn _____

The law does not require any party to call as a witness every person who might have knowledge of the facts related to this trial. Similarly, the law does not require any party to present as exhibits all papers and things mentioned during this trial.

Defendant No. 16
7th Circuit Pattern Jury Instruction 1.18

Given _____
Given as Modified _____
Refused _____
Withdrawn _____

Plaintiff has one claim brought under a federal law called the Americans with Disabilities Act, which is often referred to by its initials, "ADA." Under the ADA, it is illegal for an employer to require an employee to attend a medical examination unless it is "job-related and consistent with business necessity."

Plaintiff claims the Defendant violated his rights under the ADA and that he sustained damages when he was required to attend a psychiatric examination and discharged from his job when he refused to attend the examination.

Defendant admits it required Plaintiff to undergo the psychiatric examination, admits Plaintiff was discharged for insubordination for his failure to attend the psychiatric examination, but denies its actions violated any of Plaintiff's rights

As you listen to these instructions, please keep in mind that many of the terms I will use have a special meaning under the law. So please remember to consider the specific definitions I give you, rather than using your own opinion as to what these terms mean.

Defendant's No. 17
7th Circuit Pattern Jury Instruction 4.01 modified
42 U.S.C. § 12112(d)(4)(A)

Given ✓ as modif

Given as Modified_____

Refused_____

Withdrawn_____

Employer-requested psychiatric examinations may be permissible when the employer requests the psychiatric examination due to legitimate concerns for the safety of employees and the public at large.

Defendant's No. 22
*Coffman v. Indianapolis Fire Department*, 578 F.3d 559, 565 (7th Cir. 2009)
*Krocka v. City of Chicago*, 203 F.3d 507, 515 (7th Cir. 2000)
*Conroy v. N.Y. State Dept of Corr. Servs.,* 333 F.3d 88, 99 (2d Cir. 2003).

Given_____✓_____
Given as Modified_____
Refused_____
Withdrawn_____

In this case, Plaintiff claims that Defendant unlawfully required him to attend a psychiatric examination.  To succeed on his ADA claim, Plaintiff must prove, by a preponderance of the evidence, that the psychiatric examination required by Defendant was not job-related or consistent with business necessity.

If you find that Plaintiff has proved this by a preponderance of the evidence you should enter a verdict for Plaintiff on liability.  If you find that Plaintiff has failed to prove this by a preponderance of the evidence, your verdict should be for Defendant on Plaintiff's ADA claim.

IS  18  AS modified  by  the court.

Under the ADA, an employer may require an employee to attend a medical examination if such examination is shown to be job-related and consistent with business necessity.  For purposes of the ADA,  a psychiatric examination is considered a medical examination.

Defendant's No. 19                                          Given_____✓_____
42 U.S.C. § 12112(d)(4)(A)                      Given as Modified_____
*Coffman v. Indianapolis Fire*                              Refused_____
*Department, et al.*, 578 f.3d 559, 565 (2009)       Withdrawn_____

Under the ADA, an employer may inquire into the ability of an employee to perform job-related functions.

Defendant's No. 20                                  Given_____✓_____
42 U.S.C. § 12112(d)(4)(A)                  Given as Modified_____
*Coffman v. Indianapolis Fire*                         Refused_____
*Department, et al.*, 578 f.3d 559, 565 (2009)    Withdrawn_____

An employer-requested psychiatric examination is considered job-related and consistent with a business necessity when an employer has a reasonable belief based on objective evidence that a medical or mental condition will impair an employee's ability to perform essential job function or that the employee will pose a *direct* threat due to a medical or mental condition.

Defendant's No. 21
*Coffman v. Indianapolis Fire Department*, 578 F.3d 559, 565 (7th Cir. 2009)
 29 C.F.R. § 1630 app.
*Karraker v. Rent-A-Center, Inc.*, 411 F.3d 831 (2005)

Given_____
Given as Modified____✓_____
Refused_____
Withdrawn_____

Upon retiring to the jury room, you must select a presiding juror. The presiding juror will preside over your deliberations and will be your representative here in court. Forms of verdict have been prepared for you.

Take these forms to the jury room, and when you have reached unanimous agreement on the verdict, your presiding juror will fill in and date the appropriate form, and all of you will sign it.

Defendant's No. 28
7th Circuit Pattern Jury Instruction 1.32

Given ✓ _____
Given as Modified _____
Refused _____
Withdrawn _____

I do not anticipate that you will need to communicate with me. If you do need to communicate with me, the only proper way is in writing. The writing must be signed by the presiding juror, or, if he or she is unwilling to do so, by some other juror. The writing should be given to the marshal, who will give it to me. I will respond either in writing or by having you return to the courtroom so that I can respond orally.

If you do communicate with me, you should not indicate in your note what your numerical division is, if any.

Defendant's No. 29
7th Circuit Pattern Jury Instruction 1.33

Given _____✓_____
Given as Modified _____
Refused _____
Withdrawn _____

## **VERDICT FORM A**

On Plaintiff's claim that the Defendant violated his rights under the Americans With Disabilities Act, we, the jury, find in favor of plaintiff, Michael Sanders, and against the defendant, the Illinois Department of Central Management Services.


_____     _____

Foreperson


_____     _____



_____     _____



_____     _____

## VERDICT FORM B

On Plaintiff's claim that the Defendant violated his rights under the Americans With Disabilities Act, we, the jury, find in favor of the Defendant, Illinois Department of Central Management Services, and against the plaintiff.

_____

Foreperson

_____          _____

_____          _____

_____          _____

_____

# FJI COMPANION HANDBOOK

## Instruction No. 8.

## Medical Examinations of Employees
## Under the Americans with Disabilities Act

The Americans with Disabilities Act ("ADA") permits employers to require employees to undergo a medical examination where the medical examination is "job-related and consistent with business necessity." The defendant has the burden of proving by a preponderance of the evidence the medical examination was job-related and consistent with business necessity.

A medical examination is job-related and consistent with business necessity if the defendant had a reasonable belief, based on objective evidence, that the plaintiff's ability to perform essential job functions was impaired by a medical condition.

If you find that defendant has shown the medical examination was job-related and consistent with business necessity, your verdict should be for the defendant. If you find plaintiff's medical examination was not job-related and consistent with business necessity, your verdict should be for the plaintiff.

AUTHORITIES: 42 U.S.C.A. § 12112(d)(4); EEOC, Compliance Manual 902:0185 (2002); *see Yin v. State of California*, 95 F.3d 864, 867-68 (9th Cir. 1996).

*rejected*

## FJI COMPANION HANDBOOK

### Instruction No. 8.

### Medical Examinations of Employees
### Under the Americans with Disabilities Act

The Americans with Disabilities Act ("ADA") permits employers to require employees to undergo a medical examination where the medical examination is "job-related and consistent with business necessity." The defendant has the burden of proving by a preponderance of the evidence the medical examination was job-related and consistent with business necessity.

A medical examination is job-related and consistent with business necessity if the defendant had a reasonable belief, based on objective evidence, that the plaintiff's ability to perform essential job functions was impaired by a medical condition.

If you find that defendant has shown the medical examination was job-related and consistent with business necessity, your verdict should be for the defendant. If you find plaintiff's medical examination was not job-related and consistent with business necessity, your verdict should be for the plaintiff.

AUTHORITIES: 42 U.S.C.A. § 12112(d)(4); EEOC, Compliance Manual 902:0185 (2002); *see Yin v. State of California*, 95 F.3d 864, 867-68 (9th Cir. 1996).

In deciding Plaintiff's claim, you should not concern yourselves with whether Defendant's actions were wise, reasonable, or fair.  Rather, your concern is only whether Plaintiff has proved that Defendant violated his rights under the ADA by requiring him to undergo a psychiatric evaluation and discharging Plaintiff when he refused to undergo the evaluation.

Defendant's No. 24
7th Circuit Pattern Jury Instruction 3.07

Given _____
Given as Modified _____
Refused _____
Withdrawn _____

During the trial, certain testimony was presented to you by the reading of a deposition and video of a deposition.  You should give this testimony the same consideration you would give it had the witnesses appeared and testified here in court.

Defendant's No. 7
7th Circuit Pattern Jury Instruction 1.05

Given _____
Given as Modified _____
Refused _____
Withdrawn ___✓___